Leslie L. Lewis, Esq.
Alan L. Fuchsberg, Esq.
The Jacob D. Fuchsberg Law Firm, LLP
500 Fifth Avenue, 45th Floor
New York, New York 10110-0393
(212) 869-3500

Paul M. Schmidt, Esq.
Zarwin Baum DeVito Kaplan Schaer
 Toddy, P.C.
1818 Market Street, 13th Floor
Philadelphia, Pennsylvania 19103
(215) 569-2800

Richard J. Lippes and Associates
11089 Delaware Avenue
Buffalo, New York 14209
(716) 884-4800

***Attorneys for Plaintiffs***

Richard W. Hosking, Esq.
Mark D. Feczko, Esq.
James C. Swetz, Esq.

K&L Gates LLP
Henry W. Oliver Building
535 Smithfield Street
Pittsburgh, Pennsylvania 15222
Telephone:  (412) 355-6500
Fax: (412) 355-6501

***Attorneys for Defendants***

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

**NORMA J. FIORENTINO, et al.,**

        **Plaintiffs,**

        v.

**CABOT OIL & GAS CORPORATION, et al.,**

        **Defendants.**

Case No. 3:09-cv-2284

Hon. Thomas I. Vanaskie

## JOINT CASE MANAGEMENT PLAN

Having complied with the meet and confer requirements set forth in the LOCAL RULES, or with any orders specifically modifying their application in the above-captioned matter, the parties hereby submit the following Joint Case Management Plan.

**1. Principal Issues**

    1.1    Separately for each party, please give a statement summarizing this case:

    By plaintiff(s):

Plaintiffs complain, inter alia, of environmental contamination and polluting events caused by the conduct and activities of the Defendants, who caused the releases, spills, and discharges of combustible gases, hazardous chemicals, and industrial wastes from its various oil and gas drilling facilities. These releases, spills and discharges caused the Plaintiffs and their property to be exposed to such hazardous gases, chemicals, and industrial wastes caused damage to the natural resources of the environment in and around the Plaintiffs' properties, and caused Plaintiffs to incur health injuries, loss of use and enjoyment of their property, loss of quality of life, emotional distress, and other damages. Moreover, the Defendants failed to fulfill their contractual obligations with the Plaintiffs and engaged in fraudulent conduct in entering into gas lease contracts with Plaintiffs.

    By defendant(s):

This is an action to recover damages for injuries and property damage allegedly suffered by Plaintiffs as a result of Defendants' operation of natural gas wells in Dimock Township, Susquehanna County, Pennsylvania. However, Plaintiffs' causes of action

fail as a matter of law.  First, as discussed more fully in Defendants' Motion to Dismiss and Memorandum of Law in Support thereof filed on January 29, 2010, Plaintiffs' claims pursuant to the Hazardous Sites Cleanup Act, 35 P.S. §§ 602.101, et seq. ("HSCA") and for strict liability, fraudulent misrepresentation, medical monitoring trust funds, and gross negligence fail as a matter of law because the allegations of the Complaint afford no legally cognizable basis for relief on any of these theories.  Second, as discussed more fully in Defendants' Motion to Strike and Memorandum of Law in Support thereof, filed on January 29, 2010, Plaintiffs are not entitled to punitive damages, emotional distress damages, attorneys' fees and litigation costs or recovery on a negligence *per se* theory.  Third, Defendants deny liability based on Plaintiffs' remaining causes of action for negligence, private nuisance, and breach of contract and will seek dismissal of these causes of action at the appropriate time.

  1.2 The facts the parties dispute are as follows:

Defendants dispute all of the material factual allegations in Plaintiffs' Complaint, and reserve the right to dispute any additional facts not yet alleged or asserted.

  agree upon are as follows:

At this time, the Parties do not agree on any of the factual assertions in the Complaint.

  1.3 The legal issues the parties dispute are as follows:

As stated in their Motion to Dismiss, Motion to Strike and Memoranda in Support thereof, Defendants dispute that they are liable on Plaintiffs' First, Fourth, Sixth, Seventh and Eighth Causes of Action.  Specifically, Defendants dispute that Plaintiffs have stated a claim pursuant to the HSCA, and Defendants also dispute that Plaintiffs' strict liability, medical monitoring trust fund, fraud, and gross negligence causes of action have any legal basis.  Furthermore, Defendants dispute that they are liable based on any of the causes of action asserted in Plaintiffs' Complaint.

Defendants respectfully refer the Court to their Motion to Dismiss, Motion to Strike, and Memoranda of Law in Support thereof for a more comprehensive discussion of the disputed legal issues in this case.

  agree upon are as follows:

Defendants do not agree with Plaintiffs on any of the legal issues arising from their causes of action in this case.

  1.4 Identify any unresolved issues as to service of process, personal jurisdiction, subject matter jurisdiction, or venue:

There are no unresolved issues of this type.

1.5     Identify any named parties that have not yet been served:

There are no named parties not yet served.

1.6     Identify any additional parties that:

plaintiff(s) intends to join:

Plaintiffs intend to join additional plaintiffs, who are still to be determined.

defendant(s) intends to join:

At this time, Defendants do not intend to join any additional parties in this action, but reserve the right to do so upon further investigation.

1.7     Identify any additional claims that:

plaintiff(s) intends to add:

At this time, Plaintiffs do not intend to add any additional claims, but reserve the right to do so upon further investigation.

defendant(s) intends to add:

At this time, Defendants do not intend to add any additional claims, but reserve the right to do so upon further investigation.

**2.0     Disclosures**

The undersigned counsel certify that they have made the initial disclosures required by Federal Rule of Civil Procedure 26(a)(1) or that they will do so within the time provided by that rule.

2.1     Separately for each party, list by <u>name and title/position</u> each person whose identity has been disclosed.

The Parties have met and discussed initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1), and are in the process of gathering the required information. The Parties expect to complete such disclosures by March 1, 2010**.**

Disclosed by Plaintiffs:

    <u>Name</u>                      <u>Title/Position</u>

    <u>All Plaintiffs</u>

    <u>To be determined</u>

Disclosed by Cabot Oil & Gas Corporation:

    <u>Name</u>                      <u>Title/Position</u>

    <u>To be determined</u>

Disclosed by GasSearch Drilling Services Corporation:

    <u>Name</u>                      <u>Title/Position</u>

    <u>To be determined</u>

**3.0 Early Motions**

Identify any motion(s) whose early resolution would <u>likely</u> have a significant effect either on the scope of discovery or other aspects of the litigation:

| <u>Nature of Motion</u> | <u>Moving Party and Filing Date</u> |
|---|---|
| Motion to Dismiss | Defendants, filed January 29, 2010 |
| Motion to Strike | Defendants, filed January 29, 2010 |
| Responses to both Motions: | Plaintiffs, filed March 5, 2010 |

**4.0 Discovery**

    4.1    Briefly describe any discovery that has been completed or is in progress:

    By plaintiff(s):

Plaintiffs will complete initial disclosures by March 1, 2010.

    By defendant(s):

Defendants will complete initial disclosures by March 1, 2010.

4.2    Describe any <u>discovery</u> that all <u>parties agree</u> should be conducted, indicating for each discovery undertaking its purpose or what kinds of information will be developed through it (e.g., "plaintiff will depose Mr. Jones, defendant's controller, to learn what defendant's revenue recognition policies were and how they were applied to the kinds of contracts in this case"):

Plaintiffs seek to depose various employees, subcontractors, and agents of Defendants to learn what they have documented and determined regarding releases and spills; contaminants in Plaintiffs' domestic wells; geology; hydrology; gas well construction; contaminants in groundwater, surface water, and soil; gas well practices, materials, products, and events; and other discoverable factual issues.

Defendants seek to depose all Plaintiffs, Plaintiffs' alleged experts, and any additional individuals with discoverable information relating to the alleged factual basis for Plaintiffs' claims.

4.3    Describe any <u>discovery</u> that one or more parties want(s) to conduct but <u>to which another party objects</u>, indicating for each such discovery undertaking its purpose or what kinds of information would be developed through it:

The Parties are not aware of any such discovery at this time.

4.4    Identify any <u>subject area limitations on discovery</u> that one or more parties would like imposed, at the first stage of or throughout the litigation:

The Parties are not aware of any such discovery limitations at this time.

4.5    For each of the following discovery tools, <u>recommend the per-party or per-side limitation</u> (specify a number) that should be fixed, subject to later modification by stipulation or court order on an appropriate showing (where the parties cannot agree, set forth separately the limits recommended by plaintiff(s) and by defendant(s)):

4.5.1 depositions (excluding experts) to be taken by:

plaintiff(s): __15__          defendant(s): _50_

4.5.2 interrogatories to be served by:

<u>Recommended by Plaintiffs:</u>

plaintiff(s): _200_          defendant(s): _50_

Recommended by Defendants:

    plaintiff(s): 50        defendant(s): 50

4.5.3 document production requests to be served by:

    plaintiff(s): 50        defendant(s): 50

4.5.4 requests for admission to be served by:

    plaintiff(s): 50        defendant(s): 50

4.6    Discovery of Electronically Stored Information

Counsel certify that they have conferred about the matters addressed in M.D. Pa. L.R. 26.1 and that they are in agreement about how those matters will be addressed in discovery.

The parties agreed to address electronic discovery issues as they arise in the course of litigation. Nonetheless, the parties agree to preserve all sources of electronically stored information arguably relevant to the present case, including but not limited to Information stored on: (1) desktop and laptop computers, (2) server computers, (3) backup and disaster recovery systems, tapes, disks, drives, cartridges, (4) portable hard drives, (5) memory cards, (6) "thumb drives," (7) personal digital assistants (PDAs), (8) mobile telephones, (9) smartphones, and (10) other storage media.

**5.0    Protective Order**

5.1    If entry of a protective order is sought, attach to this statement a copy of the proposed order. Include a statement justifying the propriety of such a protective order under existing Third Circuit precedent.

    Because initial disclosures have not yet been made and discovery has not yet begun, the Parties have not identified specific information that should be the subject of a protective order. However, the parties anticipate that a protective order will be required for certain information during discovery, and the parties intend and reserve the right to seek a protective order at the appropriate time based upon further investigation.

5.2    If there is a dispute about whether a protective order should be entered, or about certain terms of the proposed order, briefly summarize each party's position below:

    N/A

**6.0  Scheduling**

   6.1   Final date for joining additional parties:

   __3/19/2010__  Plaintiff(s)

   __3/19/2010__  Defendants(s)

   6.2   Final date for amending pleadings:

   __3/19/2010__  Plaintiff(s)

   __3/19/2010__  Defendants(s)

   6.3   All fact discovery commenced in time to be completed by: __11/15/2010__

   6.4   All potentially dispositive motions should be filed by: <u>Plaintiffs propose 3/25/2011; Defendants propose 4/15/2011</u>

   6.5   Reports from retained experts due:

   from plaintiff(s) by __12/17/2010__

   from defendant(s) by __1/17/2011__

   6.6   Supplementations due: <u>Plaintiffs propose 2/11/2011; Defendants propose 2/18/2011</u>

   6.7   All expert discovery commenced in time to be completed by: <u>Plaintiffs propose 2/25/2011; Defendants propose 3/18/2011</u>

   6.8   This case may be appropriate for trial in approximately:

   <u>Plaintiffs propose 610 days</u> from the filing of the action in this court
   <u>Defendants propose 670 days</u> from the filing of the action in this court

   6.9   Suggested Date for the final Pretrial Conference:

   <u>Plaintiffs propose 5/2011</u> (month/year)
   <u>Defendants propose 6/2011</u> (month/year)

   6.10  Trial

   6.10.1 Suggested Date for Trial:

<u>Plaintiffs propose 7/2011</u> (month/year)
<u>Defendants propose 9/2011</u> (month/year)

## 7.0 Certification of Settlement Authority (All Parties Shall Complete the Certification)

I hereby certify that the following individual(s) have settlement authority.

FOR PLAINTIFFS:

<u>s/Paul M. Schmidt (*by permission*)</u>
Leslie L. Lewis, Esq.
Alan L. Fuchsberg, Esq.
The Jacob D. Fuchsberg Law Firm, LLP
500 Fifth Avenue, 45th Floor
New York, New York 10110-0393
(212) 869-3500

Paul M. Schmidt, Esq.
Zarwin Baum DeVito Kaplan Schaer
 Toddy, P.C.
1818 Market Street, 13th Floor
Philadelphia, Pennsylvania 19103
(215) 569-2800

Richard J. Lippes and Associates
11089 Delaware Avenue
Buffalo, New York 14209
(716) 884-4800

*Attorneys for Plaintiffs*

FOR DEFENDANTS:

    <u>s/Richard W. Hosking, Esq.</u>
    Richard W. Hosking, Esq.
    Mark D. Feczko, Esq.

    K&L Gates LLP
    Henry W. Oliver Building
    535 Smithfield Street
    Pittsburgh, Pennsylvania 15222
    Telephone: (412) 355-6500
    Fax: (412) 355-6501

    *Attorneys for Defendants*

**8.0   Alternative Dispute Resolution ("ADR")**

    8.1   Identify any ADR procedure to which this case already has been assigned or which the parties have agreed to use.

        No ADR procedure has been assigned at this time.

    8.2   If the parties have been unable to agree on an ADR procedure, but one or more parties believes that the case is appropriate for such a procedure, identify the party or parties that recommend ADR and the specific ADR process recommended:

        None at this time.

    8.3   If all parties share the view that no ADR procedure should be used in this case, set forth the basis for that view:

        None at this time.

**9.0   Consent to Jurisdiction by a Magistrate Judge**

Indicate whether all parties agree, pursuant to 28 U.S.C. § 636(c)(1), to have a magistrate judge preside as the judge of the case with appeal lying to the United States Court of Appeals for the Third Circuit:

All parties agree to jurisdiction by a magistrate judge of this court: __ Y _X_ N.

If parties agree to proceed before a magistrate judge, please indicate below which location is desired for the proceedings:

        ___ Scranton/Wilkes-Barre

___ Harrisburg

**10.0  Other Matters**

Make any other suggestions for the case development process, settlement, or trial that may be useful or necessary to the efficient and just resolution of the dispute.

None at this time.

**11.0  Identification of Counsel**

Counsel shall be registered users of the court's Electronic Case Files System (ECF) and shall file documents electronically in accordance with the Local Rules of Court and the Standing Order RE: Electronic Case Filing Policies and Procedures.  Electronic filing is required unless good cause is shown to the Chief Judge why counsel cannot comply with this policy.  Any request for waiver of electronic filing must be filed with the Clerk's Office prior to the case management conference.  The Chief Judge may grant or deny such request.

Identify by name, address, and telephone number lead counsel for each party.  Also please indicate ECF User status below.

        s/Paul M. Schmidt (*by permission*)
        Leslie L. Lewis, Esq.
        Alan L. Fuchsberg, Esq.
        The Jacob D. Fuchsberg Law Firm, LLP
        500 Fifth Avenue, 45th Floor
        New York, New York 10110-0393
        (212) 869-3500

        Paul M. Schmidt, Esq.
        Zarwin Baum DeVito Kaplan Schaer
         Toddy, P.C.
        1818 Market Street, 13th Floor
        Philadelphia, Pennsylvania 19103
        (215) 569-2800

        Richard J. Lippes and Associates
        11089 Delaware Avenue
        Buffalo, New York 14209
        (716) 884-4800

        ***Attorneys for Plaintiffs***

Dated: February 8, 2010

     Attorney(s) for Plaintiff(s)
_√_ ECF User(s)
___ Waiver requested (as separate document)
___ Fed.R.Civ.P.7.1 (statement filed if necessary)*


s/Richard W. Hosking, Esq.
Richard W. Hosking, Esq.
richard.hosking@klgates.com
Mark D. Feczko, Esq.
mark.feczko@klgates.com
James C. Swetz, Esq.
james.swetz@klgates.com

K&L Gates LLP
Henry W. Oliver Building
535 Smithfield Street
Pittsburgh, Pennsylvania 15222
Telephone: (412) 355-6500
Fax: (412) 355-6501

***Attorneys for Defendants***

Dated: February 8, 2010

     Attorneys(s) for Defendant(s)
_√_ ECF User(s)
___ Waiver requested (as separate document)
_√_ Fed.R.Civ.P.7.1 (statement filed if necessary)*

* Fed.R.Civ.P.7.1 requires a nongovernmental corporate party to file a statement with the initial pleading, first entry of appearance, etc., that identifies any parent corporation and any publicly held corporation that owns 10% or more of its stock, or state there is no such corporation.