# K&L|GATES

K&L Gates LLP
K&L Gates Center
210 Sixth Avenue
Pittsburgh, PA 15222-2613

T 412.355.6500      www.klgates.com

September 27, 2010

Richard W. Hosking
D 412.355.8612
F 412.355.6501
richard.hosking@klgates.com

**VIA ECF SYSTEM**

Honorable John E. Jones, III
United States District Court Judge
United States District Court
Federal Building & U.S. Courthouse
228 Walnut Street. P.O. Box 983
Harrisburg, PA 17108

> RE: Fiorentino, *et al.* v. Cabot Oil & Gas Corp., *et al.*; 3:09-cv-02284-TIV
> **Emergency Letter Motion Seeking Telephone Conference**

Dear Judge Jones:

At the direction of your chambers this morning, we are filing this letter seeking an emergency telephone conference to address the plaintiffs' last-minute attempt to derail long-scheduled site inspections of their properties and premises in this case.

Throughout their Second Amended Complaint, the plaintiffs have alleged that Defendants have contaminated certain water supplies, contaminated their properties, caused them to suffer medical ailments, and have caused numerous other damages – all as a result of the Defendants' oil and gas operations in Susquehanna County. Defendants deny the allegations but have filed Motions to Strike and Dismiss, which motions have been fully briefed and are pending resolution.

However, less than 24 hours before long-scheduled site inspections of the plaintiffs' properties and premises were scheduled to begin, Ms. Lewis, who now purports to be the only counsel for plaintiffs, sent an e-mail to the undersigned stating that the plaintiffs now object to the inspections and will not permit them to go forward without a court order.

In her e-mail, Ms. Lewis justifies her request for a delay on two grounds: a need to effectuate the transfer of the case to her and an objection by the plaintiffs to the scope of the inspections. Both are specious, at best, and the request should be denied.

First, Ms. Lewis has been involved with this case from the very beginning – including her hosting of a "press conference" on November 19, 2009 to announce the commencement of the litigation and her signing the initial complaint. For Ms. Lewis to now claim to need 45 days to "fully effect the transfer and substitution" of counsel is disingenuous given her extensive involvement in this matter from day one. For the Court's convenience, we have attached a list detailing only some of Ms. Lewis' extensive involvement in this matter.

PI-2441947 v1

K&L|GATES

Honorable John E. Jones, III
September 27, 2010
Page 2

Second, Ms. Lewis now claims the plaintiffs object to the properly-noticed site inspections. Those objections, even if in good faith, are untimely and ineffective. Defendants served discovery requests on Ms. Lewis, and her partner Mr. Fuchsberg, on August 18, 2010. Those discovery requests, which were directed to each plaintiff, included a request to enter each plaintiff's "property and/or premises to inspect, measure, survey, photograph, test, and/or sample the property and/or premises" on a date certain, more than 30 days after the date of the requests.

Additionally, defense counsel participated in a telephone conference with both Ms. Lewis and Mr. Fuchsberg on August 18, 2010 to alert them to the impending service of the discovery requests and specifically advise them of the inclusion of the request to enter and inspect, the dates of which were summarized in a chronological chart also being sent to the plaintiffs' counsel. Defense counsel expressed to both Ms. Lewis and Mr. Fuchsberg a desire to move forward on the inspections as quickly as possible due to the fact that the change of seasons was approaching and the hours of available daylight, along with snow-free days, were decreasing rapidly. During that telephone conference, Ms. Lewis and Mr. Fuchsberg agreed with the need to move quickly given weather and daylight issues; neither expressed any opposition to the requests to enter.

Counsel for plaintiffs received the discovery requests on August 19, 2010 according to FedEx delivery records. However, no objection was noted by any of the lawyers at the three law firms representing the plaintiffs, which includes Ms. Lewis, during the allotted 30 days for such objections. *See* FED.R.CIV.P. 34(b)(2)(A). This failure to object to the site investigations cannot be explained by mere oversight or neglect by Ms. Lewis, who has been actively involved in all aspects of this lawsuit since its inception, or any of her other partners as defense counsel provided them with numerous reminders of the site inspections throughout the month of September. Although not required to do so, defense counsel provided these updates in the event plaintiffs' counsel desired to discuss the inspections beforehand or to have their experts on hand to participate in the inspections. In fact when counsel for plaintiffs did raise an untimely concern, only as to the use of videotaping during the inspections, defense counsel responded immediately and invited counsel to call to discuss the issue. No such response was forthcoming.

As such, plaintiffs' last minute attempt to derail these long-scheduled inspections is untimely under the Federal Rules and, as such, is of no effect. Moreover, the last minute nature of the objection leaves Defendants in the position of having expended significant resources and time coordinating the schedules of its counsel and multiple engineering and environmental consultants, renting and moving to the area specialized equipment to conduct the testing/sampling, retaining photography and other specialized services for the inspections, and incurring costs, including for lodging and transportation, for those persons and its

# K&L|GATES

Honorable John E. Jones, III
September 27, 2010
Page 3

counsel. Indeed, several of the persons required for the site visit and much of the equipment is already en-route to the Dimock/Springville Township area to be ready for the first inspection, which is scheduled to begin at 7:00 a.m. Tuesday, September 28, 2010.

More importantly, the requested extension will prejudice the Defendants by severely impairing and impeding their ability to defend themselves in this matter as it will provide the plaintiffs additional time to remediate or alter their properties prior to the site inspections. Based upon personal observations, at least one plaintiff has already engaged in spoliation of evidence by extensively cleaning up and removing items from his property -- items that could be contributing to the alleged water contamination being suffered by him and surrounding plaintiffs. Faced with these realities, the Defendants believe that this current request has nothing to do with delay associated with a good-faith change of counsel and everything to do with providing the plaintiffs more time to clean up their properties and homes in advance of these site inspections.

The plaintiffs' requested delay will require extensive rescheduling efforts of a large number of persons and services, making it likely that the weather will have changed such that it would be questionable whether any of the inspections could be completed this year -- necessitating a lengthy discovery extension into the spring or summer months of 2011, providing the plaintiffs with even more time to remediate or clean-up their properties and remove any potential contamination sources.

The eleventh-hour objections by plaintiffs to the site investigations are legally deficient and can only be characterized as an attempt to prevent the Defendants from obtaining evidence to defend this case. As such, Defendants request an emergency telephone conference with the Court to resolve this issue. A form Order scheduling the telephone conference is attached.

Sincerely,

Richard W. Hosking

RWH:nb
Attachments
cc:   Leslie Lewis, Esq. (w/attachs., *via e-mail & ECF*)
      Alan Fuchsberg, Esq. (w/attachs., *via e-mail*)
      Paul Schmidt, Esq. (w/attachs., *via e-mail*)
      Jeremy Mercer, Esq. (w/attachs.)
      Amy Barrette, Esq. (w/attachs.)
      Kevin Cunningham, Esq. (w/attachs.)