UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

_____
NORMA J. FIORENTINO, et al.              ) Case No. 3:09-cv-02284-JEJ
                                         )
           Escrow Plaintiffs,            )(The Honorable Thomas I. Vanaskie)
                                         )
      v.                                 ) Electronically Filed
                                         )
CABOT OIL & GAS CORPORATION,             )
et al.,                                  )
                                         )
           Defendants.                   )
_____   )

**BRIEF IN SUPPORT OF THE LAW FIRMS' MOTION FOR AWARD OF ATTORNEYS FEES AND COSTS**

Zarwin, Baum, DeVito, Kaplan, Schaer & Toddy, P.C., Jacob D. Fuchsberg Law Firm, and Richard K. Lippes & Associates (collectively, "the Law Firms"), by and through their undersigned counsel, hereby file this brief in support of their Motion for Award of Attorneys Fees.

**I.   FACTS**

Escrow Plaintiffs retained the Law Firms pursuant to contingency fee agreements ("Contingent Fee Agreements"). True and correct copies of the Contingent Fee Agreements are attached hereto as Exhibit "A". Escrow Plaintiffs retained the Law Firms to prosecute or settle any or all claims for damages and equitable relief to address property damage and/or personal injuries to Escrow Plaintiffs caused by Cabot, and agreed to pay the Law Firms one-third (1/3) of any recovery. See Ex. A.

In reliance on the Contingent Fee Agreements, the Law Firms began performing legal services and incurring expenses for Escrow Plaintiffs.

On behalf of Escrow Plaintiffs, the Law Firms filed three actions: the instant matter of Fiorentino, et al. v. Cabot Oil & Gas Corp., et al., United States District Court for the Middle District of Pennsylvania, Civil Action No. 3:09-cv-02284-JEJ ("the Federal Action") and two consolidated appeals of actions taken by the Pennsylvania Department of Environmental Protection ("DEP") involving the impacts of Cabot's drilling activities on Escrow Plaintiffs, which appeals were filed with the Pennsylvania Environmental Hearing Board, EHB Docket No. 2010-064-L (consolidated with EHB Docket No. 2010-065-L), respectively ("the Administrative Appeals").

On or about August 30, 2010, DEP Secretary John Hanger met with representatives of the Law Firms and Escrow Plaintiffs and advised them that to resolve Escrow Plaintiffs' need for water replacement or restoration, DEP had decided to connect Escrow Plaintiffs to a municipal water system, at a cost of approximately $11,000,000.00.  Mr. Hanger reiterated this commitment in a telephone conference with representatives of the Law Firms and Escrow Plaintiffs on or about September 20, 2010, and DEP later confirmed this commitment by way of a press release dated September 30, 2010, a true and correct copy of which is attached hereto as Exhibit "B".

On or about September 25, 2010, the Law Firms were advised that Escrow Plaintiffs had dismissed the Law Firms and would engage other counsel.

By way of a December 15, 2010, Consent Order and Settlement Agreement ("December 15, 2010, COSA"), between Cabot and the DEP, Cabot and DEP agreed to reduce the relief to which DEP had committed – the municipal water system connection costing approximately

$11,000,000.00; instead, with the agreement of Cabot, some of the Escrow Plaintiffs Norma J. Fiorentino, Craig Sautner and Julia Sautner, Michael Ely and Andrea Ely, Ray Hubert and Victoria Hubert, Ronald Carter Sr. and Jean Carter, William T. Ely and Sheila Ely, Jimmy L. Switzer and Victoria Switzer, Nolen S. Ely and Monica L. Marta-Ely, Eric B.J. Roos and Susan M. Ross, and Richard Seymour and Wendy Seymour ("Escrow Escrow Plaintiffs") were awarded individual home water treatment systems and individual escrow funds "Escrow Funds" totaling $2,234,160.00.  Other individuals who are not Escrow Plaintiffs in the instant action also received the same award, and some of the Escrow Plaintiffs in the instant action received no award, under the December 15, 2010, COSA.  See Section 6.a and Exhibit D of the December 15, 2010, COSA, a true and correct copy of which is attached hereto as Exhibit "C".  By providing water treatment and a monetary award, the December 15, 2010, COSA addresses some of the relief sought in the instant action.

Prior to being replaced by other counsel, the Law Firm had expended considerable time and effort into prosecution of the Federal Action and the Administrative Appeals, and had incurred costs of $66,512.94, consisting of costs of $43,187.26 by the Jacob D. Fuchsberg Law Firm, $22,775.68 by Zarwin Baum, et al., and $550 by Richard J. Lippes & Assoc.  True and correct copies of receivables ledgers are attached hereto as Exhibit "D."  As of the date of this Motion, the Law Firms have not been compensated for their costs and services provided to Escrow Escrow Plaintiffs.

As of the date of this Motion, pursuant to the December 15, 2010, COSA, Cabot holds the Escrow Funds and is therefore an indispensible party.

## II. STATEMENT OF QUESTION INVOLVED

**A.** Should the Law Firms be awarded attorneys fees plus costs in the amount of $650,294.18 for services rendered to Escrow Escrow Plaintiffs that resulted in an award to Escrow Escrow Plaintiffs of Two Million, Two-Hundred Thirty-Four Thousand, One-Hundred and Sixty dollars ($2,234,160) as a direct result of the Law Firms' efforts.

Suggested Answer: Yes

## III. ARGUMENT

### A. Escrow Plaintiffs' Agreed to Pay the Law Firms a One-Third Contingency Fee by the Express Terms of Their Contract with the Law Firms

The Court should grant the Motion for Allowance of Attorneys Fees because Escrow Escrow Plaintiffs are obligated to pay the Law Firms the Law Firms' fees for costs incurred and a contingent fee, totaling $650,294.18.

Escrow Escrow Plaintiffs retained the Law Firms pursuant to the Contingent Fee Agreements to prosecute or settle any or all claims for damages and equitable relief to address property damage and/or personal injuries to Escrow Escrow Plaintiffs caused by Cabot, and agreed to pay the Law Firms one-third (1/3) of any recovery.  See Ex. A.  In reliance on the Contingency Agreement, the Law Firms began performing legal services and incurring expenses for Escrow Plaintiffs.  Those services directly resulted in the December 15, 2010, COSA entered into between Cabot and the DEP, which awards to Escrow Plaintiffs individual home water treatment systems and the individual "Escrow Funds" totaling $2,234,160.00.  See Section 6.a and Exhibit D of Exhibit "C".

Prior to being replaced by other counsel, the Law Firm had incurred costs of $66,512.94. Exhibit "D."  As of the date of this Motion, the Law Firms have not been compensated for their

costs and services provided to Escrow Plaintiffs.  As of the date of this Motion, pursuant to the December 15, 2010, COSA, Cabot holds the Escrow Funds and is therefore an indispensible party.

IV.     **CONCLUSION**

Therefore, for the reasons set forth above, the Law Firms' Motion for Allowance of Attorneys Fees should be granted.

                                    **ZARWIN, BAUM, DeVITO, KAPLAN,**
                                       **SCHAER & TODDY, P.C.**


By: _____
      PAUL M. SCHMIDT, ESQUIRE

      Zarwin, Baum, DeVito, Kaplan,
      Schaer & Toddy, P.C.
      1818 Market Street, 13th Floor
      Philadelphia, PA 19103
      Telephone: (215) 569-2800
      Fax: (215) 569-1606
      *Attorneys for the Law Firms*

Dated: January 12, 2011

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the Law Firms' Brief in Support of Motion for Award of Attorneys Fees was electronically served on Defendants' counsel and all counsel of record on January 12, 2011 via the Court's electronic filing system.

_____/s/ Paul M. Schmidt_____