**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| NORMA J. FIORENTINO, et al. | )  Case No. 3:09-cv-02284-JEJ |
| | ) |
| Escrow Plaintiffs, | )(The Honorable Thomas I. Vanaskie) |
| | ) |
| v. | )  Electronically Filed |
| | ) |
| CABOT OIL & GAS CORPORATION, | ) |
| et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

**MOTION FOR TEMPORARY RESTRAINING ORDER AND FOR**
**PRELIMINARY INJUNCTION**

Zarwin, Baum, DeVito, Kaplan, Schaer & Toddy, P.C.; Jacob D. Fuchsberg Law Firm; and Richard K. Lippes & Associates (collectively, "the Law Firms"), by the undersigned counsel, respectfully petition this Court for an Order granting a Temporary Restraining Order and for a Preliminary Injunction pursuant to Pennsylvania Rule of Civil Procedure 1531, and in support thereof allege as follows:

1.      As set forth more fully in the Motion for Award of Attorneys Fees and Costs ("Motion for Award"), a copy of which is attached hereto as Exhibit "1," and the affidavit of Paul M. Schmidt, Esq., attached hereto as Exhibit "2":

a.      Escrow Plaintiffs retained the Law Firms pursuant to contingent fee agreements ("Contingent Fee Agreements") to prosecute or settle any or all claims for damages and equitable relief to address property damage and/or personal injuries to Escrow Plaintiffs caused by Cabot, and agreed to pay the Law Firms one-third (1/3) of any recovery.  A true and correct copy of the Contingent Fee Agreements is attached to the Motion for Award as Exhibit A.

b.      In reliance on the Contingent Fee Agreement, the Law Firms began performing legal services and incurring expenses for Escrow Plaintiffs.

c.      On behalf of Escrow Plaintiffs, the Law Firms filed three actions: the instant matter of Fiorentino, et al. v. Cabot Oil & Gas Corp., et al., United States District Court for the Middle District of Pennsylvania, Civil Action No. 3:09-cv-02284-JEJ ("the Federal Action") and two consolidated appeals of actions taken by the Pennsylvania Department of Environmental Protection ("DEP") involving the impacts of Cabot's drilling activities on Escrow Plaintiffs, which appeals were filed with the Pennsylvania Environmental Hearing Board, EHB Docket No. 2010-064-L (consolidated with EHB Docket No. 2010-065-L), respectively ("the Administrative Appeals").

d.      On or about August 30, 2010, DEP Secretary John Hanger met with representatives of the Law Firms and Escrow Plaintiffs and advised them that to resolve Escrow Plaintiffs' need for water replacement or restoration, DEP had decided to connect Escrow Plaintiffs to a municipal water system, at a cost of approximately $11,000,000.00.  Mr. Hanger reiterated this commitment in a telephone conference with representatives of the Law Firms and Escrow Plaintiffs on or about September 20, 2010, and DEP later confirmed this commitment by way of a press release dated September 30, 2010, a true and correct copy of which is attached to the Motion for Award as Exhibit "B".

e.      On or about September 26, 2010, the Law Firms were advised that Escrow Plaintiffs had dismissed the Law Firms and would engage other counsel.

f.      By way of a December 15, 2010, Consent Order and Settlement Agreement ("December 15, 2010 COSA"), between Cabot and the DEP, Cabot and DEP

agreed to reduce the relief to which DEP had committed – the municipal water system connection costing approximately $11,000,000.00; instead, with the agreement of Cabot, Escrow Plaintiffs Norma J. Fiorentino, Craig Sautner and Julia Sautner, Michael Ely and Andrea Ely, Ray Hubert and Victoria Hubert, Ronald Carter Sr. and Jean Carter, William T. Ely and Sheila Ely, Jimmy L. Switzer and Victoria Switzer, Nolen S. Ely and Monica L. Marta-Ely, Eric B.J. Roos and Susan M. Ross, and Richard Seymour and Wendy Seymour ("Escrow Escrow Plaintiffs") were awarded individual home water treatment systems and individual escrow funds "Escrow Funds" totaling $2,234,160.00.  Other individuals who are not Escrow Plaintiffs in the instant action also received the same award, and some of the Escrow Plaintiffs in the instant action received no award under the December 15, 2010, COSA.  See Section 6.d and Exhibit D of the December 15, 2010, COSA, a true and correct copy of which is attached to the Motion for Award as Exhibit "C".

g.      By providing water treatment and a monetary award, the December 15, 2010, COSA addresses some of the relief sought in the instant Federal Action.

h.      Pursuant to the terms of the December 15, 2010, COSA, Defendant is required to release the funds in the Escrow Accounts to an Escrow Agent on or before January 14, 2011.

i.      Prior to being, the Law Firm had expended considerable time and effort into prosecution of the Federal Action and the Administrative Appeals, and had incurred costs of $66,512.94, consisting of costs of $43,187.26 by the Jacob D. Fuchsberg Law Firm, $22,775.68 by Zarwin Baum, et al., and $550 by Richard J. Lippes & Assoc.  True

and correct copies of receivables ledgers are attached to the Motion for Award as Exhibit "D."

j.       As of the date of this Motion, the Law Firms have not been compensated for their costs and services provided to Escrow Plaintiffs.

2.       On this date, the Law Firms caused a copy of the Motion for Award, with exhibits, were served electronically upon all counsel of record.

3.       On this date, the Law Firms filed their Motion for Award with this Court.  A true and correct copy of the Motion for Award is attached hereto as Exhibit "A" and made a part hereof.

4.       Unless the requested Temporary Restraining Order and Preliminary Injunction are granted, the Law Firms will suffer immediate and irreparable harm which cannot be compensated by damages by reason of Defendants' position that Defendants have no alternative but to place all funds in the Escrow Accounts as agreed in the December 15, 2010, COSA.

5.       The Law Firms have no adequate remedy at law.

6.       Defendants will not suffer any appreciable injury if this Motion is granted because the status quo will be maintained, and Defendants will merely be restrained from such aforementioned conduct.

7.       The rights of the Law Firms are clear; and the Law Firms are likely to succeed on the merits of their claim for Attorneys Fees and Costs.

WHEREFORE, the Law Firms respectfully pray that this Honorable Court enter an Order in the fore attached hereto.

**ZARWIN, BAUM, DeVITO, KAPLAN,**
**SCHAER & TODDY, P.C.**


By:_____/s/ Paul M. Schmidt_____

PAUL M. SCHMIDT, ESQUIRE

Dated: January 12, 2011                          *Attorneys for the Law Firms*

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NORMA J. FIORENTINO, et al. | ) Case No. 3:09-cv-02284-JEJ |
| | ) |
| Escrow Plaintiffs, | )(The Honorable Thomas I. Vanaskie) |
| | ) |
| v. | ) Electronically Filed |
| | ) |
| CABOT OIL & GAS CORPORATION, | ) |
| et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

VERIFICATION

I, Paul Schmidt, hereby state that:

1.      I am an attorney with the law firm of Zarwin, Baum, DeVito, Kaplan, Schaer & Toddy, P.C.;

2.      I am authorized to represent Zarwin, Baum, DeVito, Kaplan, Schaer & Toddy, P.C.; Jacob D. Fuchsberg Law Firm; and Richard K. Lippes & Associates (collectively, "the Law Firms") in the accompanying Motion for Award of Fees and Costs and Motion for Temporary Restraining Order and for Preliminary Injunction, and to make this Verification on behalf of the Law Firms;

3.      I verify that the statements set forth in the foregoing Motion for Temporary Restraining Order and for Preliminary Injunction are true and correct to the best of my knowledge, information, and belief.

4.      I understand that these statements are made subject to the penalties of 18 Pa.C.S. § 4904, relating to unsworn falsification to authorities.

**ZARWIN, BAUM, DeVITO, KAPLAN,
SCHAER & TODDY, P.C.**

By:    /s/ Paul M. Schmidt
        PAUL M. SCHMIDT, ESQUIRE
        *Attorneys for the Law Firms*

Dated: January 12, 2011.