# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NORMA FIORENTINO, *et al.*, )<br>    )<br>    Plaintiffs,   )<br>v.    )<br>CABOT OIL AND GAS   )<br>CORPORATION, *et al.*,    )<br>    )<br>    Defendants.  ) | CASE NO. 3:09-CV-02284<br><br>District Judge John E. Jones III |

## PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO FORMER PLAINTIFFS' COUNSEL'S MOTION FOR AWARD OF ATTORNEYS FEES AND COSTS AND MOTION FOR TEMPORARY RESTRAINING ORDER AND FOR PRELIMINARY INJUNCTION

*Counsel for Plaintiffs*

W. Steven Berman, Esq. (PA #45927)
Leslie L. Lewis, Esq. (NY4002036)
Tate J. Kunkle, Esq. (NY4468542)
*Admitted Pro Hac Vice*
Napoli Bern Ripka & Associates, LLP
Attorneys for Plaintiff
One Greentree Center, Suite 201
Marlton, NJ 08053
(888) 529- 4669

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NORMA FIORENTINO, *et al.*, ) | CASE NO. 3:09-CV-02284 |
| ) | |
| Plaintiffs, ) | District Judge John E. Jones III |
| v. ) | |
| CABOT OIL AND GAS ) | |
| CORPORATION, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO FORMER PLAINTIFFS' COUNSEL'S MOTION FOR AWARD OF ATTORNEYS FEES AND COSTS AND MOTION FOR TEMPORARY RESTRAINING ORDER AND FOR PRELIMINARY INJUNCTION**

## I. PRELIMINARY STATEMENT

Plaintiffs' counsel of record respectfully submit this Memorandum of Law in Opposition to former plaintiffs' counsel's Motion For Award Of Attorneys Fees And Costs And Motion For Temporary Restraining Order ("TRO") And For A Preliminary Injunction.

## II. STATEMENT OF FACTS

In the early fall of 2010, current counsel for plaintiffs were substituted for the law firms of Zarwin, Baum, DeVito, Kaplan, Schaer & Toddy, P.C., Jacob D. Fuchsberg Law Firm, and Richard K. Lippes & Associates (collectively "former counsel").  Since that time, former counsel has not been involved in any aspects of this case.

2

Former counsel now moves the court for a TRO for attorneys' fees and costs while the parties are conducting fact discovery and the case is on the April 3, 2012 trial calendar. It is respectfully submitted that former counsel's motion be denied in its entirety because there is no emergency nor need for emergent relief: yesterday, plaintiffs filed their Notice of Appeal of the Consent Order between Cabot Oil and the Pennsylvania Department of Environmental Protection (DEP) that, in part, stays all matters related to the funds placed into escrow at issue by the defendants, obviating any possible claim or need for emergent relief.[1]

### III. FORMER COUNSEL'S MOTION IS PREMATURE

Former counsel's motion for award of attorneys' fees, costs, and temporary restraining order is untimely as there has been no final settlement of any portion of this matter. The issues set forth in former counsel's motion are just not yet ripe for judicial review. Even if former counsel's argument that it is entitled to attorneys' fees on the settlement between defendant Cabot Oil and Gas Corp. ("Cabot") and the Pennsylvania Department of Environmental Protection, were valid, which is highly questionable, no settlement between the plaintiffs and Cabot Oil has been completed and, therefore, there is properly no money to be distributed for attorneys' fees and costs.

---

[1] *See* Notice of Appeal annexed to Declaration of Tate J. Kunkle as Exhibit "A".

3

Under the December 15, 2010 Consent Order and Settlement Agreement between Cabot Oil and the DEP *only*, Cabot had 30 days to set up escrow accounts for nineteen (19) properties subject to the Consent Order.[2] Eleven (11) of those properties are owned by plaintiffs in this action. Plaintiffs owning those eleven (11) properties filed their Notice of Appeal of the Consent Order on January 11, 2011. Because of the filing of the Notice of Appeal, there is no immediate time concern with this matter because the Notice stays all matters related to any funds placed into escrow at issue by the defendants, obviating any possible claim or need for emergent relief.

Further, because no funds have been or are about to be distributed to any plaintiffs, there are no funds to distribute to former counsel. There is no money for the court to restrain at this time. It would also be prudent for all the parties to the Consent Order, including the Commonwealth of Pennsylvania, *which was not provided with any notice*, be given the opportunity to create an appropriate record and brief the respective interests at a later time, presumably after trial or a settlement has been reached in this litigation.

The Third Circuit Court of Appeals has outlined four factors that a court ruling on a motion for a preliminary injunction must consider: (1) whether the movant will be irreparably injured by denial of the relief; (2) whether granting

---

[2] *See* December 15, 2010 Consent Order annexed to Affidavit of Paul Schmidt, Esq. as Exhibit "C".

preliminary relief will result in even greater harm to the nonmoving party; (3) whether granting the preliminary relief will be in the public interest; and (4) whether the movant has shown a reasonable probability of success on the merits. *Crissman v. Dover Downs Entertainment Inc.,* 239 F.3d 357, 364 (3d Cir. 2001). These same factors are used to determine a motion for a temporary restraining order. *Bieros v. Nicola,* 857 F.Supp. 445, 446 (E.D.Pa. 1994). These factors merely "structure the inquiry" and no one element will necessarily determine the outcome. The court must engage in a delicate balancing of all the elements, and attempt to minimize the probable harm to legally protected interests between the time of the preliminary injunction to the final hearing on the merits. *Constructors Association of Western Pa. v. Kreps,* 573 F.2d 811, 815 (3d Cir.1978). The movant bears the burden of establishing these elements. *Adams v. Freedom Forge Corp.,* 204 F.3d 475, 486 (3d Cir.2000).

Here, former counsel has not satisfied, nor even alleged, any of the four factors for the court to balance in entertaining the request for its TRO. Former counsel provides no evidence that they will be irreparably harmed if they are not disbursed their fees and costs immediately. On the other hand, granting former counsel's motion at this time will result in harm not only to the plaintiffs, but also possibly to the defendants and the Commonwealth. Again, without addressing the merits of former counsel's claim to fees and costs arising from the Consent Order,

an order distributing money (which does not even exist at this time) would underhandedly deny these plaintiffs' the ability to appeal the Consent Order. It would further be unfair for the plaintiffs subject to the Consent Order to have to bear costs and fees of their former counsel when other plaintiffs do not, when presumably the work thus far would have benefited all plaintiffs equally.

Further, the litigation is ongoing and disclosure by past and present counsel of their respective efforts and right to any sums for reimbursement of fees and costs will substantially prejudice the plaintiffs in the pending litigation. The effect of the court ruling on an unripe issue leaves it open to infinite uncertain and unpredictable outcomes which may arise should the court enter such a TRO and award attorneys fees and costs out of settlement monies not-yet derived from an ancillary action between a third-party (the PADEP) and the defendants.

Former counsel does not even attempt to address the fourth prong required to obtain a TRO and preliminary injunction, *to wit*, whether the movant has shown a reasonable probability of success on the merits. Former counsel's avoidance of this issue evidences their knowledge that any attempt to do so would fail scrutiny. Movants are requesting *and must demonstrate* that they are entitled to a one third (33 1/3%) percent fee from a monetary offer, appealed by plaintiffs, obtained through a negotiation to which no plaintiff, nor plaintiff attorney, past or present, participated in, that was earmarked for the purchase of potable water by the

PADEP.  Even the Secretary of the PADEP stated that the Consent Order's monetary offer had nothing to do with the federal lawsuit and that the Consent Order offer was earmarked for the acquisition of potable water by aggrieved households through treatment or otherwise.

Apparently, former counsel justifies their fee by the filing of three (3) actions:  the federal lawsuit and two administrative appeals.  There in fact were three filings: the initial complaint, an amended complaint and a second amended complaint.  A very limited number of employees of the former counsel actually worked on this case but they failed to respond to discovery nor make required R. 26 disclosures that are the subject of the other motion in this matter now pending before this Court and which present counsel have now remedied.  It is audacious that plaintiffs' former counsel now claims that the three law firms are entitled to their former clients' water money—*were they inclined to accept it*—because they filed two appeals before the Environmental Review Board -- a two page form available on by the Commonwealth of Pennsylvania Environmental Hearing Board, totaling a half hour's work.

Plaintiffs' further note that this request for a hearing related to attorneys' fees and costs at this time is in derogation to the duty of our clients' former counsel to first communicate with plaintiffs' counsel and to put the interests of their former clients before their pecuniary interest.  Plaintiffs are hard pressed to see how any

TRO could be issued on a question that is as fact sensitive as attorneys fees and costs, including a distribution of those fees and costs between past and present counsel, when the underlying litigation is still active and pending. By definition, former counsel would have to prove not only the likelihood of irreparable harm in the absence of such preliminary injunctive relief – a showing they can not make when the funds at issue are being held in escrow and under appeal, but also a likelihood of success on the merits on issues that continue to evolve and that are not presently susceptible of proof, such as the value of the respective efforts of past and present counsel. *See generally Mulholland v. Kerns*, 822 F.Supp. 1161 (E.D. Pa. 1993) (discussing calculating attorneys' fees quantum meruit in whatever ways seems most reasonable given all the circumstances of the case). It is respectfully submitted that this Court's, nor defendants', nor plaintiffs' attention should be diverted from the issues in the litigation when there is no pressing need, when all parties with an interest have not been given fair notice and where the evidence is unlikely to sustain the requested relief.

## IV. CONCLUSION

For the foregoing reasons, plaintiffs respectfully request that the Court deny former counsel's motion for award of attorneys' fees and costs and motion for temporary restraining order in its entirety, as there is no likelihood of irreparable harm.

Date: January 12, 2011

                                      NAPOLI BERN RIPKA & ASSOCIATES, LLP
*Attorneys for Plaintiff*

_____
W. Steven Berman, Esq. (PA#45927)
Leslie L. Lewis, Esq. (NY4002036)
Tate J. Kunkle, Esq. (NY4468542)
*Admitted Pro Hac Vice*
*Attorneys for Plaintiff*
One Greentree Center, Suite 201
Marlton, NJ 08053
(888) 529- 4669

## CERTIFICATE OF SERVICE

I hereby certify that on January 12, 2011, I electronically filed the foregoing

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO FORMER PLAINTIFFS' COUNSEL'S MOTION FOR AWARD OF ATTORNEYS FEES AND COSTS AND MOTION FOR TEMPORARY RESTRAINING ORDER AND FOR PRELIMINARY INJUNCTION**

with the Clerk of Court using the CM/ECF system which will send notification of

such filing to all registered users.

Walter A. Bunt, Jr., Esq. (PA 36738)
walter.bunt@klgates.com
Mark D. Feczko, Esq. (PA 73827)
mark.feczko@klgates.com
Amy L. Barrette, Esq. (PA 87318)
amy.barrette@klgates.com
Jeremy A. Mercer, Esq. (PA 86480)
jeremy.mercer@klgates.com
Paul M. Schmidt, Esq.

 

_____
Tate J. Kunkle, Esq.
NAPOLI BERN RIPKA &
ASSOCIATES, LLP
350 Fifth Avenue, Suite 7413
New York, NY 10119
(212) 267-3700
Tkunkle@NBRLawFirm.com