IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NORMA FIORENTINO, *et al.*, | ) | CASE NO.  3:09-cv-02284-JEJ |
| | ) | |
| Plaintiffs, | ) | *Complaint date:*  November 19, 2009 |
| | ) | |
| v. | ) | *Originally assigned to:* |
| | ) | District Judge Thomas I. Vanaskie |
| CABOT OIL AND GAS | ) | |
| CORPORATION, *et al.*, | ) | *Transferred to:* |
| | ) | District Judge John E. Jones III |
| Defendants. | ) | |
| | ) | *Discovery issues referred to:* |
| | ) | Special Master Jennifer J. Walsh |

### NON-PARTY DEBORAH L. MAYE'S
### MOTION FOR ENTRY OF A PROTECTIVE ORDER

Non-party Deborah L. Maye ("Ms. Maye"), by and through her undersigned counsel, hereby files this Motion for Entry of a Protective Order (the "Motion") with respect to the subpoena issued by Plaintiffs commanding Ms. Maye's appearance for a deposition on October 14, 2011 ("the Subpoena"). A copy of the Subpoena, witness fee check, and proof of service are attached hereto as Exhibit A.

1.  The arguments in support of this Motion are set forth in detail in Ms. Maye's Brief in Support of Motion for Entry of a Protective Order filed contemporaneously herewith.

2.  The Subpoena is invalid because Ms. Maye was not personally served as expressly required by the plain language of Rule 45(b)(1). FED.R.CIV.P. 45(b)(1).

3. The Subpoena is procedurally defective because Plaintiffs' counsel did not tender the mileage fee required by Rule 45(b)(1). FED.R.CIV.P. 45(b)(1).

4. The Subpoena was issued as part of an ongoing campaign of harassment against the Maye Family by certain Plaintiffs, the Sautner Family, and is not intended to lead to the discovery of admissible evidence.

5. Rule 26(c) and Rule 45(c)(3)(A) of the Federal Rules of Civil Procedure and established case law support the right of non-parties to be free from annoyance, harassment, and undue burden. FED.R.CIV.P. 26(c); FED.R.CIV.P. 45(C)(A)(i) and (iv).

6. In sum, the Subpoena was not properly served, is procedurally defective on multiple grounds, seeks irrelevant information not likely to lead to the discovery of admissible evidence, and is intended solely to annoy, harass, and burden Ms. Maye, who is not a party to this action.

**WHEREFORE,** Ms. Maye respectfully requests the Court grant her Motion for Entry of a Protective Order and enter an Order in the form of the Proposed Order attached hereto as Exhibit B.

Respectfully submitted:

Date: October 12, 2011

*/s/ Amy L. Barrette*
Amy L. Barrette, Esq. (PA 87318)
abarrette@fulbright.com
Jeremy A. Mercer, Esq. (PA 86480)
jmercer@fulbright.com

- 3 -

                FULBRIGHT & JAWORSKI LLP
                Southpointe Energy Complex
                370 Southpointe Boulevard, Suite 100
                Canonsburg, Pennsylvania 15317
                Tel:   724-416-0400
                Fax:  724-416-0404

                *Counsel for Deborah L. Maye*

## CERTIFICATE OF SERVICE

I hereby certify that, on October 12, 2011, I electronically filed the foregoing NON-PARTY DEBORAH L. MAYE'S MOTION FOR ENTRY OF A PROTECTIVE ORDER with the Clerk of Court using the CM/ECF system which will send notification of such filing to all registered users and sent a copy of same to the following via electronic mail:

>W. Steven Berman, Esq.
>NAPOLI BERN RIPKA, LLP
>One Greentree Center, Suite 201
>Marlton, NJ  08053
>wsberman@napolibern.com
>
>Tate J. Kunkle, Esq.
>NAPOLI BERN RIPKA, LLP
>350 5th Avenue, Suite 7413
>New York, NY  10118
>tkunkle@napolibern.com

>/s/ Amy L. Barrette
>Amy L. Barrette, Esq.
>FULBRIGHT & JAWORSKI LLP
>Southpointe Energy Complex
>370 Southpointe Boulevard, Suite 100
>Canonsburg, Pennsylvania  15317
>Tel:   724-416-0400
>Fax:  724-416-0404
>abarrette@fulbright.com