IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NORMA J. FIORENTINO, *et al.*, | : | 3:09-CV-2284 |
| | : | |
| Plaintiffs | : | Hon. John E. Jones III |
| | : | |
| v. | : | Special Master |
| | : | Jennifer Walsh Clark |
| CABOT OIL & GAS CORPORATION and GAS SEARCH DRILLING SERVICES CORPORATION, | : : : : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM AND ORDER

Ripe for disposition are (1) the Motion to Quash Subpoenae issued to Suzanne and Michael Johnson filed by non-party witness Suzanne Johnson (Doc. 174), and (2) a Motion for Protective Order filed by Defendants relating to the same subpoenae (Doc. 189). Plaintiffs opposed both motions in one opposition brief dated September 14, 2011. (Doc. 175). For the reasons that follow, Mrs. Johnson's Motion to Quash will be GRANTED IN PART and DENIED IN PART, and Defendants' Motion for Protective Order will be DENIED. In order to protect the Johnsons (non-parties) from undue burden, and because the information sought is available to Plaintiffs by another source, the Court will modify and limit the discovery sought in the subpoenae pursuant to its authority under Fed.R.Civ.P. 45(c)(3) and Rule 26(b)(2)(C)(i).

Briefly, this civil action was commenced in 2009 by multiple plaintiffs who bring various types of claims against Defendants premised upon alleged water contamination resulting from Defendants' Marcellus Shale gas well drilling activities in or around Dimock, Pennsylvania. Plaintiffs served subpoenae upon Michael Johnson and Suzanne Johnson which, on August 24, 2011, Mrs. Johnson, proceeding pro se, moved the Court to quash. Doc. 174. Defendants moved for a Protective Order on behalf of the non-party witnesses on August 25, 2011. (Doc. 189). Plaintiffs opposed both the Johnsons' Motion to Quash and Defendants' Motion for a Protective Order on September 14, 2011 (Doc.175), and the Johnsons replied to Plaintiffs' opposition brief on September 27, 2011. (Doc. 180). Given the Johnsons' status as pro se, the Special Master conducted a telephonic conference with all parties present, including Mrs. Johnson, on Wednesday, October 12, 2011, regarding her pending motion.[1]

The subpoenae at issue served upon Mr. and Mrs. Johnson commanded them to appear to testify at depositions on August 29 in Wilkes-Barre, Pennsylvania, while also commanding the production for inspection and copying of a fairly extensive list of fifteen different types of documents and materials (identified in Schedule A appended to the subpoena). During the telephone conference,

---

[1] Those present and participating in the conference call with the Special Master were: Amy Barrette, Esq. and Jeremy Mercer, Esq. on behalf of Defendants; Tate Kunkle, Esq. and Steve Berman, Esq. on behalf of Plaintiffs; and Mrs. Suzanne Johnson.

Plaintiffs' counsel clarified that the subpoenae were intended to command the production of documents *in lieu of* appearing for depositions.

The documents sought by Plaintiffs as identified in Schedule A were extremely broad, delimited no applicable time frame, and some are available to Plaintiffs from other sources, including the Department of Environmental Protection as well as Defendants (the parties acknowledge that some requested documents and materials have, in fact, already been provided to Plaintiffs by Defendants during discovery).

In Mrs. Johnson's pro se Motion to Quash, she asserts two legal grounds for quashing the subpoena: (1) that the subpoena is "overly burdensome"; and (2) that the subpoena seeks the production of "protected and privileged" information, relying on Federal Rule of Civil Procedure 45(c)(3)(A)(iii). Moreover, Mrs. Johnson proffered that "the experiences hardships, land and home disruptions, and ultimate failure of the treatment system are overly burdensome . . . ." (Doc. 174, p.2).

Standard of Review

Federal Rule of Civil Procedure 45 governs subpoena practice in federal court. Relevant here, Rule 45(a)(1)(iii) requires that a subpoena "command each person to whom it is directed to do the following at a specified time and place: attend and testify; produce designated documents, electronically stored

information, or tangible things in that person's possession, custody, or control; or permit the inspection of premises[.]" Further, Rule 45(c)(1) requires that "[a] party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction--which may include lost earnings and reasonable attorney's fees--on a party or attorney who fails to comply."

Also applicable here, Rule 45(c) permits a person upon whom a subpoena is served to "serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises--or to producing electronically stored information in the form or forms requested."

On timely motion, the issuing court must quash or modify a subpoena that subjects a person to undue burden. Fed.R.Civ.P. 45(c)(3)(A)(iv).

Defendants' Motion for a Protective Order

Defendants submitted a Motion for a Protective Order to the Special Master for consideration, along with a Discovery Dispute Certification, Proposed Order and Brief in Support of the Motion. Defendants' motion essentially requests that the Special Master quash the subpoena issued to Mrs. Johnson by prohibiting any depositions of the Johnsons, precluding the production of any documents on or

before the date noticed in the subpoena at issue, and precluding the production of any documents until such time as the Johnsons are properly served with compliant subpoenae. Because Defendants lack standing to challenge the subpoena served upon the Johnsons, their Motion for a Protective Order will be denied.

Essentially, "'the question of standing is whether the litigant is entitled to have the court decide the merits of the dispute . . . .'" In re Grand Jury, 111 F.3d 1066, 1071 (3d Cir. 1997) (citing Warth v. Seldin, 422 U.S. 490, 498, 45 L. Ed. 2d 343, 95 S. Ct. 2197 (1975)). Prudential considerations limit a party's ability to establish standing. Prudential considerations require, in relevant part, that a litigant "assert his [or her] own legal interests rather than those of third parties...." Id. at 1072.

Generally speaking, "a party does not have standing to quash a subpoena served on a third party." Castle v. Crouse, 2004 U.S. Dist. LEXIS 9950, at *3 (E.D. Pa. May 25, 2004)(citing Thomas v. Marina Assocs., 202 F.R.D. 433, 434 (E.D. Pa. 2001) (further citations omitted). See also 9a Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE: CIVIL § 2459 (2d ed. 1987). If, however, a party claims a property right or privilege in the subpoenaed documents, then an exception to this general rule may arise and provide that individual or entity with standing. See id. See also Parker v. Learn the Skills Corp., 2004 U.S. Dist. LEXIS 21498 (E.D. Pa. Oct. 25, 2004).

Here, Defendants do not cite to or claim that any right or privilege belonging to Defendants will be negatively impacted by the Johnsons' compliance with the subpoenae. Rather, Defendants argue that the subpoenae are "ineffective and invalid because they (i) are unreasonable and impose an undue burden due to the unreasonably short period provided for compliance," and (ii) are facially and technically invalid because they are issued upon on outdated subpoena form." (Defendants' Brief in Support of the Motion, p.2).

Because there are no rights or privileges belonging to Defendants that would be compromised by the Johnsons' compliance with the subpoenae, Defendants lack standing to challenge the subpoenae, and their motion will be denied.

The Johnsons' Motion to Quash

Non-parties Michael and Suzanne Johnson move to quash the subpoenae at issue on the basis that: (1) that the subpoena is "overly burdensome"; and (2) that the subpoena seeks the production of "protected and privileged" information, relying on Federal Rule of Civil Procedure 45(c)(3)(A)(iii). Moreover, Mrs. Johnson proffered that "the experiences hardships, land and home disruptions, and ultimate failure of the treatment system are overly burdensome . . . ." (Doc. 174, p.2). Because the Johnsons do not cite to any legally cognizable privilege or other protection from compliance with the subpoenae, Rule 45(c)(3)(A)(iii) is inapplicable.

However, a review of the scope of the information sought in the subpoenae clearly reveals that several of the demands for production are extensively overbroad, several demands contain no date delimitations, and several demands request the production of information that Defendants have in their possession, and in many instances, have already provided to Plaintiffs during discovery. Such requests are therefore unreasonably duplicative, and seek information that can be obtained from other sources, including the Defendants as well as the Pennsylvania Department of Environmental Protection. Seeking production of that information and materials from Defendants would be less burdensome to the Johnsons.

The court may, for good cause, issue a protective order that limits the scope of the discovery sought against third parties by subpoena. See Wedgewood Vill. Pharmacy, Inc. v. United States, 421 F.3d 263, 268 n.5 (3d Cir. 2005); Duffy v. Kent County Levy Court, 2011 U.S. Dist. LEXIS 57825, *14-15 (D. Del. May 31, 2011) (citing Royal Surplus Lines Ins. Co. v. Sofamor Danek Gp., 190 F.RD. 463, 467 (W.D. Tenn. 1999) ("[C]ourts have been inclined to limit the scope of discovery directed to non-parties in order to protect the non-party from harassment, inconvenience, or disclosure of confidential documents."), and Societe Nationale Industrielle Aerospatiale v. United States Dist. Ct. S. Dist. Iowa, 482 U.S. 522, 566, 107 S. Ct. 2542, 96 L. Ed. 2d 461 (1987) (under Rule 26, "[a] court may make any order which justice requires to limit discovery, including an order permitting

discovery only on specified terms and conditions, by a particular discovery method, or with limitation in scope to certain matters")).

For the foregoing reasons, the subpoenae issued and served upon the Johnsons will be modified to protect the Johnsons from inconvenience, because much of the information sought is duplicative of information Plaintiffs have already obtained during discovery or is available from another source, and to alleviate undue burden to the Johnsons. The Johnsons shall not be required to attend depositions pursuant to the subpoenae. However, the Johnsons shall produce, in a manner and method agreed upon by and between them and Plaintiffs' counsel - which manner and method shall be designed to limit any undue burden and inconvenience to the Johnsons - the following documents/materials:

a. All documents, including emails, and materials in their possession, custody or control that contain water sampling data or analysis of the Johnsons' water supply dating from November, 2008 through the present;

b. Any and all documents that Mr. and Mrs. Johnson executed in connection with a Consent Order relating to Defendants issued by the Pennsylvania Department of Environmental Protection;

c. Any and all documents or materials relating to the Johnsons' water treatment system, including documents executed by the Johnsons in

connection with the water treatment system, dating from January 1, 2010 through the present;

d. Any and all communications between the Pennsylvania Department of Environmental Protection and the Johnsons that relate to water contamination or a water treatment system, dating from January of 2010 through the present; and

e. Any and all communications between the Defendants and the Johnsons that relate to water contamination or a water treatment system, dating from January of 2010 through the present.

An appropriate Order will issue.

10/14/11
Date

Jennifer Walsh Clark
Special Master

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NORMA J. FIORENTINO, *et al.*, | : | 3:09-CV-2284 |
| | : | |
| Plaintiffs | : | Hon. John E. Jones III |
| | : | |
| v. | : | Special Master |
| | : | Jennifer Walsh Clark |
| CABOT OIL & GAS CORPORATION and GAS SEARCH DRILLING SERVICES CORPORATION, | : : : | |
| | : | |
| Defendants. | : | |

**ORDER**

AND NOW, this 14th day of October, 2011, upon consideration of Defendants' Motion for a Protective Order (Doc. 189) and brief submitted in support thereof (Doc. 190), and the Motion of Non-Parties Michael and Suzanne Johnson to Quash Subpoenae issued and served upon them by Plaintiffs (Doc. 174), Plaintiffs' Opposition to both motions (Doc. 175) and the Johnsons' Reply to Plaintiffs' Opposition (Doc. 180), the Special Master issues this Order as follows for the reasons set forth in the accompanying Memorandum:

1. Defendants' Motion for a Protective Order is DENIED;

2. The Johnsons' Motion to Quash is GRANTED IN PART AND DENIED IN PART. The subpoenae shall be modified as follows:

   a. The Johnsons shall not be required to attend depositions pursuant to the subpoenae.

   b. However, the Johnsons shall produce, in a manner and method agreed upon by and between them and Plaintiffs' counsel - which manner and method shall be designed to limit any undue burden and inconvenience to the Johnsons - the following documents/materials:

      i. All documents, including emails, and materials in their possession, custody or control that contain water sampling data or analysis of the Johnsons' water supply dating from November, 2008 through the present;

      ii. Any and all documents that Mr. and Mrs. Johnson executed in connection with a Consent Order relating to Defendants issued by the Pennsylvania Department of Environmental Protection;

      iii. Any and all documents or materials relating to the Johnsons' water treatment system, including documents executed by the Johnsons in connection with the water treatment system, dating from January 1, 2010 through the present;

iv. Any and all communications between the Pennsylvania Department of Environmental Protection and the Johnsons that relate to water contamination or a water treatment system, dating from January of 2010 through the present; and

v. Any and all communications between the Defendants and the Johnsons that relate to water contamination or a water treatment system, dating from January of 2010 through the present.

IT IS SO ORDERED.

Date: October 14, 2011

Jennifer Walsh Clark
Special Master