# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NORMA FIORENTINO, *et al.*, | ) | CASE NO. 3:09-cv-02284-JEJ |
| | ) | |
| Plaintiffs, | ) | *Complaint date:* November 19, 2009 |
| | ) | |
| v. | ) | *Originally assigned to:* |
| | ) | District Judge Thomas I. Vanaskie |
| CABOT OIL AND GAS | ) | |
| CORPORATION, *et al.*, | ) | *Transferred to:* |
| | ) | District Judge John E. Jones III |
| Defendants. | ) | |
| | ) | *Discovery/Pre-Trial issues referred to:* |
| | ) | Special Master Jennifer J. Walsh |

## NON-PARTY DEBORAH L. MAYE'S REPLY BRIEF TO MATTERS RAISED IN PLAINTIFFS' OPPOSITION TO NON-PARTY DEBORAH MAYE'S MOTION FOR PROTECTIVE ORDER

Amy L. Barrette, Esq.  (PA 87318)
 abarrette@fulbright.com
Jeremy A. Mercer, Esq. (PA 86480)
 jmercer@fulbright.com

FULBRIGHT & JAWORSKI LLP
Southpointe Energy Complex
370 Southpointe Boulevard, Suite 100
Canonsburg, Pennsylvania  15317
Tel:   724-416-0400
Fax:  724-416-0404

*Counsel for Deborah L. Maye*

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................... ii

I.    FACTUAL BACKGROUND .................................................................2

II.   ARGUMENT .........................................................................................3

     A.    Mrs. Maye's Motion Should Be Deemed Unopposed Because Plaintiffs Failed to Comply with Middle District Local Rule 7.6. ...............................................................................................3

     B.    Plaintiffs' Reasons for Deposing Mrs. Maye Support Her Request for a Protective Order. ...........................................................4

     C.    This Court Should Grant Mrs. Maye's Motion Because Plaintiffs Failed to Properly Effectuate Service of the Subpoena. ..........................................................................................7

          1.    Rule 45 and Established Case Law Require Personal Service. ...............................................................................7

          2.    The Middle District and Third Circuit Require Simultaneous Tender of Mileage Fee with Service .............................13

III.  CONCLUSION ...................................................................................15

WORD COUNT CERTIFICATION ........................................................17

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Alfamodes Logistics Ltd. Liab. Co. v. Catalent Pharma Solutions, LLC*,
   No. 09-3543, 2011 U.S. Dist. LEXIS 44537 (E.D. Pa. April 25, 2011) ..............9

*Badman v. Stark*,
   139 F.R.D. 601 (M.D. Pa. 1991) ...........................................................13, 14, 15

*Bank of Okla., N.A. v. Arnold*,
   No. 06-CV-543, 2008 U.S. Dist. LEXIS 12677 (N.D. Okla. Feb. 20,
   2008) ................................................................................................................11

*Bd. of Sapphire Bay Condos. West v. Simpson*,
   No. 04-62, 2010 U.S. Dist. LEXIS 60716 (D.V.I. June 18, 2010)......................9

*CF & I Steel Corp. v. Mitsui & Co. (USA), Inc.*,
   713 F.2d 494 (9th Cir. 1983) ............................................................................13

*In Re Dennis*,
   330 F.3d 696 (5th Cir. 2003) ............................................................................15

*Foster v. JLG Indus., Inc.*,
   199 Fed. Appx. 90 (3d Cir. 2006)..................................................................9, 13

*FTC v. Compagnie de Saint-Gobain-Pont-a-Mousson*,
   636 F.2d 1300 (D.C. Cir. 1980).........................................................................8

*Ganz v. Griffith*
   No. 95-CV-0574, 1996 U.S. Dist. LEXIS 3233 (E.D. Pa. March 19,
   1996) ...........................................................................................................14, 15

*Gist v. Pilot Travel Ctrs., LLC*,
   3:10-MC-0095, 2011 WL 4055788 (M.D. Tenn. Sept. 12, 2011) ....................15

*Hilton-Rorar v. State & Fed. Commc'ns, Inc.*,
   No. 5:09-CV-01004, 2010 U.S. Dist. LEXIS 864 (N.D. Ohio Jan. 5,
   2010) ..................................................................................................................5

*In Re Johnson & Johnson*,
   59 F.R.D. 174 (D. Del. 1973) ...........................................................................10

*JPMorgan Chase bank, N.A. v. IDW Grp., LLC*,
   No. 08 Civ. 9116, 2009 WL 1313259, at *1 (S.D.N.Y. May 11, 2009) ............10

*Klockner Namasco Holdings Corp. v. Daily Access.com, Inc.*,
   211 F.R.D. 685 (N.D. Ga. 2002) ............................................................................8

*New Jersey Bldg. Laborers' Statewide Benefit Funds v. Gen. Civil Corp.*,
   No. 08-6056, 2009 U.S. Dist. LEXIS 78088 (D.N.J. Sept. 1, 2009)...................9

*Oceanfirst Bank v. Hartford Fire Ins. Co.*,
   No. 11-50051, 2011 WL 1641976, at *1 (E.D. Mich. May 2, 2011)...........10, 11

*Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*,
   No. 04-1371, 2006 U.S. Dist. LEXIS 60089 (D. Del. Aug. 24, 2006) ...............5

*Richardson v. Glickman*,
   No. 95-1954, 1997 WL 382048 (E.D. La. June 27, 1997) .................................15

*Ricoh Co., Ltd. v. Oki Data Corp.*,
   No. 09-694, 2011 U.S. Dist. LEXIS 90297 (D. Del. Aug. 15, 2011) ............9, 13

*Tedder v. Odel*,
   890 F.2d 210 (9th Cir. 1989) .............................................................................14

*Whitmer v. Lavida Charter, Inc.*,
   No. 91-0607, 1991 U.S. Dist. LEXIS 17177 (E.D. Pa. Nov. 26, 1991).........7, 10

## RULES AND STATUTES

28 U.S.C.A. § 1821(b) (LexisNexis 2011) ............................................................12

FED. R. CIV. P. 4 ..................................................................................................7, 8

FED. R. CIV. P. 4.1(a).................................................................................................7

FED. R. CIV.P. 4(e)(2)(B) ..........................................................................................7

FED. R. CIV. P. 5(b)(2)(E) .....................................................................................4, 13

FED. R. CIV. P. 26 ...................................................................................................4, 5

FED. R. CIV.P. 26(b)(2)(C) ........................................................................................5

FED. R. CIV. P. 26(b)(2)(C)(ii) .................................................................................15

FED. R. CIV. P. 45 .................................................................................5, 7, 8, 9, 11, 14

FED. R. CIV. P. 45(b) ...............................................................................................10

FED. R. CIV. P. 45(b)(1) .......................................................................................7, 15

FED. R. CIV. P. 45(c) ..........................................................................................10, 13

Local Rule 7.6 ..............................................................................................1, 2, 3, 4

## OTHER AUTHORITIES

9A CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND
     PROCEDURE §2454, at 25-25 (2d ed. 1995) ...........................................................9

CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND
     PROCEDURE § 2461 (1971) ...................................................................................8

9A WRIGHT & MILLER, FEDERAL PRACTICE & PROCEDURE § 2454 (3d ed.
     2011) .......................................................................................................................14

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| NORMA FIORENTINO, *et al.*, | ) | CASE NO. 3:09-cv-02284-JEJ |
| | ) | |
| Plaintiffs, | ) | *Complaint date:*  November 19, 2009 |
| | ) | |
| v. | ) | *Originally assigned to:* |
| | ) | District Judge Thomas I. Vanaskie |
| CABOT OIL AND GAS | ) | |
| CORPORATION, *et al.*, | ) | *Transferred to:* |
| | ) | District Judge John E. Jones III |
| Defendants. | ) | |
| | ) | *Discovery/Pre-Trial issues referred to:* |
| | ) | Special Master Jennifer J. Walsh |

**NON-PARTY DEBORAH L. MAYE'S REPLY BRIEF TO PLAINTIFFS'
OPPOSITION TO NON-PARTY DEBORAH MAYE'S MOTION FOR
<u>PROTECTIVE ORDER</u>**

Non-Party Deborah L. Maye ("Mrs. Maye"), by her counsel, files this reply

in response to Plaintiffs' Opposition to Non-Party Deborah Maye's Motion for

Protective Order (the "Opposition") (Doc. 211).  Mrs. Maye's Motion for

Protective Order (the "Motion") (Doc. 186) should be granted because: (1)

pursuant to Local Rule L.R. 7.6 Plaintiffs' Opposition is untimely and the Motion

should be deemed unopposed; (2) Plaintiffs' purported reasons for subpoenaing

Mrs. Maye demonstrate good cause for this Court to issue an order to protect Mrs.

Maye from annoyance and harassment; and (3) Plaintiffs failed to effectuate proper

service of the subpoena in accordance with the Federal Rules of Civil Procedure.

# I.   <u>FACTUAL BACKGROUND</u>

Plaintiffs attempted to issue a subpoena to Mrs. Maye, purporting to schedule a deposition for October 14, 2011 ("the Subpoena").  The Subpoena was delivered, without a mileage fee, to Mrs. Maye's husband.  On October 10, 2011, Mrs. Maye's counsel requested that Plaintiffs withdraw their invalid Subpoena. Plaintiffs' counsel refused, stating the following reasons for seeking Mrs. Maye's testimony: (i) "Damages.  The efficacy of the filtration system installed pursuant to the December 15, 2010 Consent Order and Agreement [the "CO&SA"] secretly negotiated between Cabot and the DEP."; (ii) "Sanctions, including whether the aforesaid Agreement was a 'gimmick.'"[1]  *See* Ex. A.

Based on the ineffective service and Plaintiffs' reasons for seeking Mrs. Maye's testimony, Mrs. Maye filed her Motion and Brief in Support (Doc. 187) on October 12, 2011.  Pursuant to Local Rule 7.6, Plaintiffs' Opposition was due October 26, 2011.  By email dated November 3, 2011, more than a week after Plaintiffs' Opposition was due, in connection with confirming the status of pending motions, Special Master Walsh advised the parties that "procedural formality must carry the day in order to ensure that the record is complete for appeal purposes, and

---

[1] Plaintiffs' counsels' reference to "sanctions" appears to relate to a pending sanctions motion wherein Defendants allege that public statements made by Attorney Marc Bern to the media that, among other things, the CO&SA was a "gimmick," violated the Pa. Rules of Professional Conduct.

to ensure 'completeness', if you will, of the docket." Despite this warning, Plaintiffs failed to file a response or request additional time to respond to the Motion. After an additional reminder on November 7, 2011 by Special Master Walsh, that Plaintiffs still had not filed a response to the Motion, Plaintiffs filed their untimely Opposition on November 8, 2011.[2]

## II.   <u>ARGUMENT</u>

### A.   Mrs. Maye's Motion Should Be Deemed Unopposed Because Plaintiffs Failed to Comply with Middle District Local Rule 7.6.

Pennsylvania Middle District Local Rule 7.6 unequivocally states that "[a]ny party opposing any motion . . . **shall** file a brief in opposition within fourteen (14) days after service of the movant's brief," and "[a]ny party who fails to comply with this rule **shall** be deemed not to oppose such motion." L.R. 7.6 (emphasis added).

Mrs. Maye filed both her Motion and Brief in Support on October 12, 2011. Plaintiffs' Opposition was due no later than October 26, 2011. *See* L.R. 7.6. Thus, as a result of Plaintiffs failure to seek an extension or file an opposition, Mrs. Maye's Motion should have been deemed unopposed pursuant to the plain language of Local Rule 7.6.

Plaintiffs' Opposition was filed on November 8, 2011, thirteen days *after* the deadline, without a request for extension or explanation for the delay. In past

---

[2] On November 22, 2011, Special Master Walsh granted Mrs. Maye's request for extension to December 2, 2011, to file this Reply Brief.

decisions, this Court has placed great importance on the express language of the Federal Rules, the Local Rules of the Middle District, and other documents.  Doc. No. 208, pp. 7-9, 12 ("the express language of Rule 5(b)(2)(E) does not state, nor even suggest, that case-specific circumstances may warrant a departure from the directive in the rule").  The same logic applies here, where Local Rule 7.6 does not state, nor even suggest that Plaintiffs may ignore deadlines mandated by the Rules and file an Opposition nearly two weeks after the specified deadline, without seeking an extension of time to file.  This Court should hold Plaintiffs to the same standards as applied to Defendants requiring adherence to the Rules.  Plaintiffs' Opposition is untimely and this Court should deem the Motion unopposed.

### B. Plaintiffs' Reasons for Deposing Mrs. Maye Support Her Request for a Protective Order.

Mrs. Maye maintains her position that the subpoena was issued solely for the purpose of harassment.  Doc. 187, pp. 6 - 10.  Plaintiffs have been aware of Mrs. Maye since the beginning of this litigation, nearly two years ago, yet: (i) Mrs. Maye was not identified in Plaintiffs' initial or supplemental Rule 26 disclosures as a potential witness with information; (ii) Mrs. Maye was not identified in a single interrogatory response as someone with information relevant to this case; and (iii) during depositions, not a single Plaintiff identified Mrs. Maye as having information relevant to this case.  Tellingly, it was not until after Plaintiff Kelly Sautner, Mrs. Maye's next-door neighbor, was criminally charged in connection

with an assault on Mrs. Maye's son did Plaintiffs' counsel decide to subpoena Mrs. Maye.

Additionally Plaintiffs' "new" reasons for seeking Mrs. Maye's testimony support her request for a protective order.  Under the Federal Rules of Civil Procedure, the court must limit "the extent of discovery . . . if it determines that . . . the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive," or if the "party seeking discovery has had ample opportunity to obtain the information by discovery in the action."  FED.R.CIV.P. 26(b)(2)(C).  *See also Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*, No. 04-1371, 2006 U.S. Dist. LEXIS 60089 (D. Del. Aug. 24, 2006) (granting a protective order where subpoena sought information that was duplicative of that sought in previous subpoenas); *Hilton-Rorar v. State & Fed. Commc'ns, Inc.*, No. 5:09-CV-01004, 2010 U.S. Dist. LEXIS 864 (N.D. Ohio Jan. 5, 2010) (quashing a subpoena which seeks cumulative information and is therefore an undue burden in violation of Rule 26 and Rule 45).

Plaintiffs' claims that Mrs. Maye "is in a similar situation to most plaintiffs," "drank from the same water as our clients," and "now suffers from the same groundwater contamination," illustrate the extent to which the information Plaintiffs seek is duplicative.  Doc. 211, p. 8.  Assuming Plaintiffs' statements are

true, Mrs. Maye's testimony would be cumulative and duplicative of that provided in Plaintiffs' depositions throughout the course of discovery.

Plaintiffs also purport to seek Mrs. Maye's testimony to determine "whether or not the treatment systems are effective." Doc. 211, p. 8. Defendants have provided Plaintiffs with the test results for the Mayes' water supply. Plaintiffs also have in their possession test results from the DEP. Mrs. Maye, who is not a scientist, cannot provide expert testimony as to whether the treatment system the Mayes received is effective. Moreover, topics such as "whether [Mrs. Maye] and her family is [sic] consuming the water in cooking and drinking," and "the terms of accepting the escrow funds from the Consent Order," *id.*, are entirely irrelevant to the allegations in Plaintiffs' Second Amended Complaint and have no bearing on whether the extrajudicial statements which are the subject of a sanctions motions pending against Attorney Marc Bern, violate the Pa. Rules of Professional Conduct.

Plaintiffs' transparent attempts to justify deposing Mrs. Maye belie their true intent, which is to harass Mrs. Maye and her family. Accordingly, this Court should grant Mrs. Maye's Motion and prevent Plaintiffs from subjecting her to unnecessary and unwarranted harassment and annoyance.

### C.   This Court Should Grant Mrs. Maye's Motion Because Plaintiffs Failed to Properly Effectuate Service of the Subpoena.

Even if this Court considers the merits of Plaintiffs' Opposition, which it should not, the Court should nonetheless grant Mrs. Maye's Motion because Plaintiffs failed to properly effectuate service of the Subpoena.

### 1.   Rule 45 and Established Case Law Require Personal Service.

Plaintiffs argue that service upon Mrs. Maye's husband satisfies the service provisions of Rule 45(b)(1) because such service complies with FED.R.CIV.P. 4(e)(2)(B), which permits service by leaving a copy of the summons and complaint at the person's dwelling or usual place of abode. Doc. 211, p. 4. Rule 4 governs the service of a summons, not service of a subpoena and, therefore, compliance with Rule 4 is irrelevant for determining whether a party has complied with Rule 45. Indeed, Rule 4.1(a) specifically recognizes the distinction between service of a subpoena under Rule 45 from service of a summons under Rule 4. *See* FED.R.CIV.P. 4.1(a). Courts have recognized this distinction as well. The Eastern District of Pennsylvania has stated that "[u]nlike service of a summons and complaint, 'it is not sufficient to leave a copy of the subpoena at the dwelling place of the witness.'" *Whitmer v. Lavida Charter, Inc.*, No. 91-0607, 1991 U.S. Dist.

LEXIS 17177, at *4 (E.D. Pa. Nov. 26, 1991) (citing CHARLES ALAN WRIGHT &

ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2461 (1971)).[3]

The distinction between service of a summons under Rule 4 and service of a

subpoena under Rule 45 is due to the compulsory nature of the subpoena:

> The distinction between notice and compulsory process, and the implications of that distinction for permissible modes of service, is well illustrated in the context of civil litigation. **Federal Rule of Civil Procedure 4, which governs service of process, is primarily concerned with effectuating notice.** To that end, the rule provides for a wide range of alternative methods of service, including registered mail, each designed to ensure the receipt of actual notice of the pendency of the action by the defendant. **By contrast, Federal Rule 45, governing subpoena service, does not permit any form of mail service, nor does it allow service of the subpoena merely by delivery to a witness' dwellingplace. Thus, under the Federal Rules, compulsory process may be served upon an unwilling witness only in person**.

*FTC v. Compagnie de Saint-Gobain-Pont-a-Mousson*, 636 F.2d 1300, 1312-13

(D.C. Cir. 1980) (emphasis added). Accordingly, Plaintiffs may not rely on the

various alternative service provisions of Rule 4 in order to satisfy the more

stringent requirements of personal service under Rule 45. *See Klockner Namasco*

*Holdings Corp. v. Daily Access.com, Inc.*, 211 F.R.D. 685, 687 (N.D. Ga. 2002)

---

[3] Per Local Rule 7.8(a), copies of unpublished decisions are attached at Exhibit B in alphabetical order.

(service of a Rule 45 subpoena upon the spouse of person named in subpoena did not satisfy the personal service requirements of Rule 45).

Contrary to Plaintiffs' assertions, personal service of a subpoena under Rule 45 has long been required in the majority of circuit and district courts around the country, including the Third Circuit and the district courts therein.  *See Foster v. JLG Indus., Inc.*, 199 Fed. Appx. 90, 94-95 (3d Cir. 2006) ("the required criteria for subpoenas", including personal service, are not "mere technicalities");[4] *Ricoh Co., Ltd. v. Oki Data Corp.*, No. 09-694, 2011 U.S. Dist. LEXIS 90297, at *13 (D. Del. Aug. 15, 2011) ("the District of Delaware leans towards the majority rule of personal service as the required mode of proper service" of a subpoena); *Alfamodes Logistics Ltd. Liab. Co. v. Catalent Pharma Solutions, LLC*, No. 09-3543, 2011 U.S. Dist. LEXIS 44537, at *2 (E.D. Pa. April 25, 2011) (the "longstanding interpretation of Rule 45 has been that personal service of subpoenas is required") (quoting 9A WRIGHT & MILLER, FEDERAL PRACTICE & PROCEDURE § 2454 (3d ed. 2011)); *Bd. of Sapphire Bay Condos. West v. Simpson*, No. 04-62, 2010 U.S. Dist. LEXIS 60716, at *5 (D.V.I. June 18, 2010) (Rule 45 requires personal service of a subpoena); *New Jersey Bldg. Laborers' Statewide Benefit*

---

[4]  Plaintiffs' attempts to distinguish *Foster* are misleading.  While the issue of personal service was not, in itself, dispositive of the case, the court denied a motion for extension of time for discovery because, *inter alia*, the serving party was not diligent in complying with the requirements of Rule 45, which included personally serving the subpoenas at issue.

*Funds v. Gen. Civil Corp.*, No. 08-6056, 2009 U.S. Dist. LEXIS 78088, at *4-5 (D.N.J. Sept. 1, 2009) (service by certified mail was improper and emphasizing that Rule 45 requires "delivering a copy to the named person"); *Whitmer*, 1991 U.S. Dist. LEXIS 17177, at *4 ("personal service is required" under Rule 45); *In Re Johnson & Johnson*, 59 F.R.D. 174, 177 (D. Del. 1973) ("under Rule 45(c) [which has since been re-numbered Rule 45(b)], personal service of a subpoena is required when an individual is subpoenaed"). Thus, it is clear that, contrary to Plaintiffs' assertions, established precedent **in the Third Circuit** requires personal service of a Rule 45 subpoena.

The cases which Plaintiffs cite in support of their position are easily distinguishable. In *Oceanfirst Bank v. Hartford Fire Ins. Co.*, the serving party was unable, despite **four** attempts by the process server, to effectuate personal service on the witness, and thereafter moved the court for permission to serve by alternate means. No. 11-50051, 2011 WL 1641976, at *1 (E.D. Mich. May 2, 2011). Similarly, in *JPMorgan Chase bank, N.A. v. IDW Grp., LLC*, the serving party made **nine** attempts to effectuate personal service before seeking and obtaining permission to serve by alternate means. No. 08 Civ. 9116, 2009 WL 1313259, at *1 (S.D.N.Y. May 11, 2009).[5]

---

[5] The Second Circuit, and New York district courts in particular, are within the *minority* of courts which do not require strict compliance with the personal service requirement of Rule 45. This position has been rejected in the Third Circuit.

In holding that alternative service was appropriate in certain circumstances, the *Oceanfirst* court stated that "[c]ourts that have sanctioned alternative means of service under Rule 45 often have done so **only** after the party requesting the accommodation **diligently** attempted to effectuate personal service."  2011 WL 1641976,  at *2 (emphasis added).  The serving party's four attempts at personal service were "inadequate to show diligence" and the motion for alternative service was denied.  *Id.* at *3.  Other courts considering alternative service likewise require diligent efforts to first effectuate personal service.  *See Bank of Okla., N.A. v. Arnold*, No. 06-CV-543, 2008 U.S. Dist. LEXIS 12677, at *8-9 (N.D. Okla. Feb. 20, 2008) (noting an "emerging minority position" allowing service other than personal service, but denying a motion to serve via e-mail where the serving party has not demonstrated that it cannot serve the witness personally).  Consequently, even under the Second Circuit's more lenient standard advocated by Plaintiffs – which has been rejected in the Third Circuit – Plaintiffs' **sole** attempt at purported service of the subpoena upon Mrs. Maye's husband, with no effort made to serve Mrs. Maye personally, and without seeking leave of court to serve by alternate means, is plainly "inadequate to show diligence."

In further support of their meritless argument, Plaintiffs assert the disingenuous claim that Mrs. Maye's counsel concurs that personal service is not required and the malicious and false claim that Fulbright & Jaworski "threatened

- 11 -

witnesses." Doc. No. 211, p. 6.  In making these unfounded representations to the Court, Plaintiffs' counsel fails to mention that they actually threatened a non-party witness, Mr. Loren Salsman, with contempt, knowing that they had not effectively served Mr. Salsman.  *See* Exhibit C.  On October 24, 2011, Plaintiffs' counsel advised Mr. Salsman  "[a]s you can see, $40 is what we are required to tender for an 'attendance fee'; we do not intend on increasing that amount. . . . [I] hope we will not have to seek to hold you in contempt."  *Id*.  Plaintiffs' counsel neglected to disclose to Mr. Salsman the remainder of the federal statute which clearly requires provision of a mileage fee **in addition to** a witness fee.  *See* 28 U.S.C.A. § 1821(b) (LexisNexis 2011); *see also* Section C(2), *infra*.  The intimidation of Mr. Salsman, who is not a party, with unfounded threats of contempt proceedings clearly undermines Plaintiffs' counsel's credibility with respect to the discovery process. *See also* Exhibit D, excerpt from Mr. Salsman's deposition wherein he states the only reason he appeared was because he feared being held in contempt.

Plaintiffs also argue that because defense counsel's process server did not personally serve subpoenas on all third-party witnesses, a fact that was not previously brought to defense counsel's attention, Plaintiffs' failure to personally serve Rule 45 subpoenas is justified and should be excused.  This Court has previously held that past practice of the parties does not warrant a departure from the express provisions of the Federal Rules.  *See* Doc. No. 208, p. 12 ("the express

language of Rule 5(b)(2)(E) does not state, nor even suggest, that case-specific circumstances may warrant a departure from the directive in the rule").  Further, in *Ricoh*, where the parties had previously served discovery subpoenas via e-mail without attempting personal service, the court held that despite past practice, Rule 45 required personal service.  *See Ricoh Co., Ltd.*, 2011 U.S. Dist. LEXIS 90297 at *12-14.

### 2. The Middle District and Third Circuit Require Simultaneous Tender of Mileage Fee with Service.

Plaintiffs argue that failure to tender a proper mileage fee at the time of service does not render the subpoena invalid, and that such a failure "is a mere technical defect" that may be cured by subsequently tendering the fee.  Doc. 211, p. 6.  The "mere technicality" argument was specifically rejected by the Third Circuit.  *Foster*, 199 Fed. Appx. at 94-95 ("the required criteria for subpoenas", including personal service, are not "mere technicalities").

It is well-established that "[t]he 'plain meaning' of Rule 45(c) [now Rule 45(b)(1)] requires **simultaneous** tendering of witness fees **and** the reasonably estimated mileage allowed by law with service of a subpoena." *Badman v. Stark*, 139 F.R.D. 601, 604 (M.D. Pa. 1991) (emphasis added) (citing *CF & I Steel Corp. v. Mitsui & Co. (USA), Inc.*, 713 F.2d 494, 496 (9th Cir. 1983)).  The law of this Court cannot be clearer: "[f]ees must be tendered concurrently with subpoenas[,]"

notwithstanding Plaintiffs' citation to authority in other Circuits.  *Badman*, 139

F.R.D. at 604 (citing *Tedder v. Odel*, 890 F.2d 210 (9th Cir. 1989)).

Other courts within the Third Circuit have likewise required proper tender of

mileage and witness fees simultaneously with proper service.  *See Ganz v. Griffith*

No. 95-CV-0574, 1996 U.S. Dist. LEXIS 3233 (E.D. Pa. March 19, 1996).  In

*Ganz*, the party issuing the subpoena did not tender the mileage or witness fees,

and instead attached a letter advising that the fees would be provided when the

party appeared for the deposition.  *Id*. at *3-4.  The issuing party argued that this

letter constituted a "tender" of the fees under Rule 45 and sought to hold the

witness in contempt for failure to appear.  *Id*. at *4.  The court found that this was

not proper tender and refused to hold the witness in contempt, stating that the

issuing party has "offered no authority in support of their interpretation of Rule 45.

Indeed, this interpretation not only subverts the plain meaning and practical

application of the rule, but also contradicts courts and commentators who have

construed Rule 45 to require that fees accompany a subpoena **when served**."  *Id.* at

*4-5 (emphasis added) (citing *Tedder*, 890 F.2d at 211; *Badman,*139 F.R.D. at 604;

9A CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND

PROCEDURE §2454, at 25-25 (2d ed. 1995)).

Plaintiffs, implicitly acknowledging that failure to tender the fees renders the

subpoena ineffective, argue that the omission may be cured by subsequent tender

of the fees.  The two district court cases Plaintiffs cited from the Fifth Circuit[6] in

support of this proposition, *see* Doc. 211, pg. 7, are contradicted not only by

*Badman* and *Ganz* (cases from the Third Circuit), but also by *In Re Dennis*, a Fifth

Circuit Court of Appeals case which states that the fees must be tendered

simultaneously with the subpoena.  330 F.3d 696, 704-705 (5th Cir. 2003) ("[t]he

plain meaning of Rule 45(b)(1) requires the simultaneous tendering of the

reasonably estimated mileage," holding that the district court did not abuse its

discretion in quashing a subpoena because of the failure to tender the mileage fee,

which "plainly violates Rule 45(b)(1).").

## III.   <u>CONCLUSION</u>

For the reasons set forth above, Mrs. Maye respectfully requests that this

Court grant her Motion and enter the Proposed Protective Order attached as

Exhibit B to the Motion.  Due to the years of harassment Mrs. Maye and her family

have endured from Plaintiffs in this litigation, to the extent the Court determines

that Plaintiffs are entitled to conduct the deposition of Mrs. Maye, despite the

foregoing, Mrs. Maye respectfully requests that the deposition be limited solely to

those topics Plaintiffs' counsel identified on page 8 of Doc. 211, and that the

Special Master attend the deposition.

---

[6] *Gist v. Pilot Travel Ctrs., LLC*, 3:10-MC-0095, 2011 WL 4055788 (M.D. Tenn. Sept. 12, 2011); *Richardson v. Glickman*, No. 95-1954, 1997 WL 382048 (E.D. La. June 27, 1997).

Respectfully submitted:

Date:  December 2, 2011

*/s/ Amy L. Barrette*
Amy L. Barrette, Esq.  (PA 87318)
  abarrette@fulbright.com
Jeremy A. Mercer, Esq. (PA 86480)
  jmercer@fulbright.com

FULBRIGHT & JAWORSKI LLP
Southpointe Energy Complex
370 Southpointe Boulevard, Suite 100
Canonsburg, Pennsylvania  15317
Tel:   724-416-0400
Fax:   724-416-0404

*Counsel for Deborah L. Maye*

## **LOCAL RULE 7.8(b)(2) WORD COUNT CERTIFICATION**

I hereby certify pursuant to Local Rule 7.8(b)(2) that the total word count of the foregoing **Non-Party Deborah L. Maye's Reply Brief to Matters Raised in Plaintiffs' Opposition to Non-Party Deborah Maye's Motion for Protective Order**, excluding the cover page, Table of Contents, Table of Authorities, this Certification, the signature block, and the Certificate of Service, is 3,500 words, as determined by the Word Count feature of Microsoft Word 2007.

/s/ Amy L. Barrette
Amy L. Barrette, Esq.
FULBRIGHT & JAWORSKI LLP
Southpointe Energy Complex
370 Southpointe Boulevard, Suite 100
Canonsburg, Pennsylvania  15317
Tel:       724-416-0400
Fax:       724-416-0404
abarrette@fulbright.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on December 2, 2011, I electronically filed the

foregoing **NON-PARTY DEBORAH L. MAYE'S REPLY BRIEF TO**

**MATTERS RAISED IN PLAINTIFFS' OPPOSITION TO NON-PARTY**

**DEBORAH MAYE'S MOTION FOR PROTECTIVE ORDER** with the Clerk

of Court using the CM/ECF system which will send notification of such filing to

all registered users and sent a copy of same to the following via electronic mail:

> W. Steven Berman, Esq.
> NAPOLI BERN RIPKA, LLP
> One Greentree Center, Suite 201
> Marlton, NJ  08053
> wsberman@napolibern.com
>
> Tate J. Kunkle, Esq.
> NAPOLI BERN RIPKA, LLP
> 350 5th Avenue, Suite 7413
> New York, NY  10118
> tkunkle@napolibern.com

> /s/ Amy L. Barrette
> Amy L. Barrette, Esq.
> FULBRIGHT & JAWORSKI LLP
> Southpointe Energy Complex
> 370 Southpointe Boulevard, Suite 100
> Canonsburg, Pennsylvania  15317
> Tel:      724-416-0400
> Fax:      724-416-0404
> abarrette@fulbright.com