**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| NORMA FIORENTINO, *et al.*,) | CASE NO. 3:09-CV-02284-JEJ |
| ) | |
| Plaintiffs, ) | District Judge John E. Jones III |
| v. ) | |
| CABOT OIL AND GAS ) | |
| CORPORATION, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION**
**TO NON-PARTY DEBORAH L. MAYE'S MOTION FOR**
**PROTECTIVE ORDER AND/OR TO QUASH SUBPOENA**

**INTRODUCTION**

Plaintiffs are entitled to depose non-party Deborah L. Maye ("Mrs. Maye")
because she is in possession of information relevant to plaintiffs' case in chief and
defendants' defenses. Since the Court's January 6, 2012 Order granting plaintiffs
leave to personally serve a subpoena *ad testificandum* on Mrs. Maye, plaintiffs
have made six (6) attempts to serve a subpoena on her. To date, Mrs. Maye has
managed to avoid contact with plaintiffs' process servers and continues to evade
personal delivery of the subpoena. Tellingly, Mrs. Maye's counsel also refused to
accept service on her behalf.

Despite the roadblocks, plaintiffs continue to attempt personal delivery of
the subpoena upon Mrs. Maye and have obtained the assistance of another process
server. The fact discovery period in this matter has been re-opened and extended

until May 31, 2012 and plaintiffs seek to depose Mrs. Maye in the coming weeks at a time and place convenient for her and all counsel.  For the reasons set forth below, plaintiffs respectfully submit that the court should again deny Mrs. Maye's motion to quash for the same reasons and arguments that were previously rejected and are unfortunately again improperly raised to frustrate plaintiffs' discovery rights.

## **BACKGROUND**

Since the Fall of 2011, plaintiffs have sought to depose a non-party witness Mrs. Maye.  Plaintiffs first attempted service upon Mrs. Maye on September 26, 2011.[1]  After numerous motions by defendants and her new counsel, Mrs. Maye has still not been deposed.  Contrary to Mrs. Maye's unsubstantiated and inadmissible allegations in her brief, plaintiffs desire to depose Mrs. Maye is not "part of an ongoing pattern of harassment against her" but simply to aid their case for trial and refute Cabot's defenses.  Doc. 266 at 13.  Indeed, such unfounded and already rejected accusations of improper conduct by plaintiffs and their counsel are slanderous nonsense that should be stricken from the public record.

Plaintiffs seek to depose Mrs. Maye for a multitude of valid reasons, including: (1) her experience with water quality in Dimock before and after Cabot Oil and Corporation's ("Cabot") drilling activities; (2) her experiences with

---

[1] *See* Declaration of Tate J. Kunkle, Exhibit "A".

Cabot's "whole house gas" treatment systems; (3) her dealings with Cabot before and after she entered into a gas lease with them;[2] and (4) her dealings with Cabot leading up to and after she accepted administrative Consent Order moneys from the gas driller.  These reasons, and others, make it clear that plaintiffs have valid reasons for deposing this non-party witness, not the ill-will or bad intentions frivolously alleged by Mrs. Maye's counsel.

On January 6, 2012, the court granted Mrs. Maye's initial motion for a protective order "without prejudice to Plaintiffs to reissue and properly serve a *subpoena ad testificandum* pursuant to applicable Federal and Local Rules as well as the Court's Scheduling Order currently in effect."  Doc. 246 at 12.  Since then, plaintiffs, through their process servers, have made more than six (6) attempts to personally deliver a copy of the subpoena on Mrs. Maye.[3]

Surprisingly enough, Mrs. Maye continues to evade personal delivery of the subpoena.  Mrs. Maye has avoided answering her doorbell, does not present herself when someone else answers her door and may have instructed her family to simply say that she is not home in order to elude personal delivery.  "A subpoena has never been treated as an invitation to a game of hare and hounds, in which the witness must testify only if cornered at the end of the chase. If that were the case, then, indeed, the great power of testimonial compulsion, so necessary to the

---

[2] *See* Declaration of Tate J. Kunkle, Exhibit "B".
[3] *See* Declaration of Tate J. Kunkle, Exhibit "C".

effective functioning of courts and legislatures, would be a nullity." *United States v. Bryan*, 339 U.S. 323, 331 (1950).  Furthermore, Mrs. Maye's new counsel refuses to accept delivery of the subpoena on her behalf even though it contravenes Rules #3 and #6 the Code of Professional Conduct for the Middle District, which encourage counsel to work together to avoid needless expense and coordinate scheduling of depositions.[4]

There comes a point where these unnecessary and cost-inducing activities must come to an end.  That time is now.  Plaintiffs are entitled to depose Mrs. Maye and respectfully request that the court deny Mrs. Maye's motion for a protective order and use its inherently broad powers to compel discovery to which plaintiffs are entitled.  Mrs. Maye should be required to attend the deposition and end this charade.

## **ARGUMENT**

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense… For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  Fed. R. Civ. P. 26(b)(1).  Generally, "relevance is a broader inquiry at the discovery stage

---

[4] *See* Declaration of Tate J. Kunkle, Exhibit "D".

than at trial stage." *Carnegie Mellon University v. Marvell Technology Group, Ltd.*, No. 09-290, 2010 WL 4922701, at *1 (W.D.Pa. Nov. 29, 2010) (internal citations omitted).

A district court's "power to quash or modify a subpoena inherently lies within the provisions to enter a protective order under Fed. R. Civ. P. 26(c). A motion to quash is similar to a motion for a protective order that discovery not be had under Rule 26(c), and is judged under similar standards." *In re Gateway Engineers, Inc.*, No. 2:09-mc-209, 2009 WL 3296625, at *2 (W.D.Pa. Oct. 09, 2009) (internal citations omitted). A district court "must quash or modify a subpoena that…(iv) subjects a person to undue burden." Fed. R. Civ. P. 45(c)(3)(A)(iv). The "burden of proving that a subpoena is oppressive is on the party moving to quash." *In re Gateway Engineers, Inc.*, *supra* at 2. Establishing "undue burden" requires a showing of a "clearly defined and serious injury." *Medical Technology, Inc. v. Breg, Inc.*, No. 10-mc-00100, 2010 WL 3734719, at *2 (E.D.Pa. Sep. 21, 2010) (internal citations omitted). "Movant bears burden on motion to quash, and that burden is a heavy one." *City of St. Petersburg v. Total Containment, Inc.*, No. 06-20953, 2008 WL 1995298, at *2 (E.D.Pa. May 05, 2008) (internal citations and quotations omitted).

## I.   Discovery In This Matter Has Been Reopened And Extended Until May 31, 2010

Mrs. Maye and Cabot have failed to satisfy their burden that an appearance for a depositions places any undue burden or oppression on Mrs. Maye.  Indeed, they fail to even allege it.  Mrs. Maye and Cabot's main argument is that because fact discovery was closed, then Mrs. Maye could not be compelled by a subpoena to appear for a deposition.

However, Mrs. Maye's and Cabot's argument fails because on February 14, 2012, the court ordered fact discovery reopened.  More specifically, the Order extended fact discovery in this matter "to May 31, 2012, but is limited to the items identified in paragraphs 7(a)-(y) of the [Parties' Joint] Motion."  Doc. 271.

Paragraph 7(b) of that Joint Motion To Reopen and Extend Discovery And Expert Deadlines specifically addresses the deposition of Mrs. Maye.  Doc. 270. By virtue of this Order, the court has expressly extended fact discovery with regards to the issue of the deposition of Mrs. Maye; any contention that the subpoena was served to Mrs. Maye after the previous discovery deadline is moot. Also moot is the contention that plaintiffs scheduled the deposition of Mrs. Maye at a time after the previous discovery deadline.  Any argument that Mrs. Maye should not be deposed because fact discovery expired fails to satisfy the movant's burden because it is simply not the case.

Moreover, Mrs. Maye's argument that she was improperly served is irrelevant because plaintiffs are continuing to attempt personal delivery of the subpoena on her, although she continues to evade plaintiffs' process servers.  This is not harassment; plaintiffs are authorized by the court and court rules to personally deliver the subpoena to her and are attempting to do so.  Mrs. Maye, however, should not be permitted to continue to hide until after the May 31, 2012 discovery deadline passes in hopes that plaintiffs do not depose her.  Such actions insult the court's subpoena power and go against the broad nature of discovery in federal civil litigation.  *See, In re Gateway Engineers, Inc.*, *supra* at *3 ("The broad scope of discovery is necessary given the very nature of litigation…").  Plaintiffs are entitled to depose Mrs. Maye and the Court should compel her attendance at a deposition.  Fed. R. Civ. P. 26(b)(1).

## II.   Mrs. Maye Possesses Relevant Information And There Is No Intent To Harass

Mrs. Maye's counsel's sensational, unsworn and offensive allegations of "harassment" are intended to distract the court from the simple fact that her testimony is fully discoverable.  Plaintiffs reiterate their stance: as plaintiffs' neighbor, Mrs. Maye is in a similar situation to most plaintiffs.  She drank from the same water as plaintiffs did prior to Cabot's drilling activities.  Her water well now suffers from the same hazardous contamination that prompted the United States

Environmental Protection Agency ("EPA") to commence a full-fledged

investigation of the contamination plume covering over fifty (50) homes in January

2012.  The EPA is also delivering water to one home directly adjacent to Mrs.

Maye's home.  After Cabot's initial drilling activities in Dimock and installation of

the gas wells, her water supply became flammable, contaminated, malodorous and

was rendered undrinkable.[5]  Like plaintiffs, Mrs. Maye needed defendants to

deliver temporary water supplies to her home for over a year.

Plaintiffs' counsel has no such desire to harass a non-party witness.  Mrs.

Maye has information relevant to plaintiffs' claims and Cabot's defenses and

plaintiffs are entitled to depose her.  Mrs. Maye has accepted Cabot's whole-house

gas treatment system, which Cabot has also offered to plaintiffs claiming it

provides safe and drinkable water- something plaintiffs' dispute.  Although not an

expert, she can certainly provide information as to whether or not the treatment

systems are effective and whether she and her family are consuming the water or

otherwise using it for household purposes.  A lay witness may provide "an opinion

on the basis of relevant historical or narrative facts the witness has perceived."

*Teen-Ed, Inc. v. Kimball Intern., Inc.*, 620 F.2d 399, 403 (3d. Cir. 1980); Fed. R.

Evid. 701.

---

[5] *See* Declaration of Tate J. Kunkle, Exhibit "E".

Additional areas of inquiry will include, but are not limited to, the historical quality of her water (Cabot claims the methane was pre-exisiting but has no testing data to support the claim), conversations with Cabot's land men inducing her to enter into an oil and gas lease (plaintiffs' will be proceeding with fraudulent inducement claims at trial)[6], discussions with Cabot's representatives regarding the Consent Order and the defective gas wells, discussions with the Culligan water company concerning the current status of their water, and the list goes on and on. In short, Mrs. Maye's testimony is certainly "reasonably calculated to lead to the discovery of admissible evidence" and is in no way, shape or form harassing.

Accordingly, Mrs. Maye's motion should be denied because it fails to satisfy the heavy burden on why she should be protected, fails to provide any admissible evidence as to why it is harassing or places an undue burden on her, and she should be compelled to attend the deposition at a mutually convenient time and place on or before March 23, 2012.

---

[6] *See* Declaration of Tate J. Kunkle, Exhibit "F".

## **CONCLUSION**

Plaintiffs respectfully request that this Court deny Mrs. Maye's motion for

protective order and/or to quash subpoena.


Dated: New York, New York
        February 17, 2012

> Napoli Bern Ripka Shkolnik &
> Associates, LLP
> *Attorneys for Plaintiffs*
>
> W. Steven Berman, Esq. (PA#45927)
> Tate J. Kunkle, Esq. (PHV)
> 350 Fifth Avenue, Suite 7413
> New York, NY  10118
> (212) 267-3700
> TKunkle@NBRLawFirm.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| NORMA FIORENTIO, *et al.*, | ) | CASE NO. 3:09-CV-02283-JEJ |
| | ) | |
| Plaintiffs, | ) | District Judge John E. Jones III |
| | ) | |
| v. | ) | |
| | ) | |
| CABOT OIL AND GAS | ) | |
| CORPORATION, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**[PROPOSED] ORDER**

Upon consideration of Non-Party Deborah L. Maye's Motion For Protective Order And/Or To Quash, and Plaintiffs' Memorandum of Law In Opposition thereto, it is hereby ORDERED that Deborah L. Maye's Motion is DENIED.  It is also ORDERED that counsel for Deborah L. Maye shall accept service of a *subpoena ad testificandum* on her behalf and she must attend the deposition at a mutually convenient time and place on or before March 23, 2012.

Signed this ____ day of _____ 2012.

_____

John E. Jones III
United States District Judge

11

## <u>WORD COUNT CERTIFICATION</u>

I hereby certify, pursuant to Local Rule 7.8(b)(2), the total word count of the

foregoing **Plaintiffs' Memorandum Of Law In Opposition to Non-Party**

**Deborah L. Maye's Motion for Protective Order And/Or To Quash Subpoena**

is 1,880 words.

Tate J. Kunkle, Esq. (NY4468542)
*Admitted Pro Hac Vice*
NAPOLI BERN RIPKA SHKOLNIK &
ASSOCIATES, LLP
350 Fifth Avenue, Suite 7413
New York, NY 10118
(212) 267-3700
Tkunkle@NBRLawFirm.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 17, 2012, I electronically filed the

foregoing **Plaintiffs' Opposition to Non-Party Deborah L. Maye's Motion For**

**Protective Order And/Or To Quash Subpoena** with the Clerk of Court using the

CM/ECF system which will send notification of such filing to all registered users,

including defendants.  I additionally served defendants and counsel for non-party

Deborah L. Maye via electronic mail:

Amy L. Barrette, Esq.
abarrette@fulbright.com
Jeremy A. Mercer, Esq.
jmercer@fulbright.com
*Counsel for Defendants*

Daniel T. Brier, Esq.
dbrier@mbklaw.com
*Counsel for Non-Party Deborah L. Maye*

Tate J. Kunkle, Esq. (NY4468542)
*Admitted Pro Hac Vice*
NAPOLI BERN RIPKA SHKOLNIK &
ASSOCIATES, LLP
350 Fifth Avenue, Suite 7413
New York, NY  10118
(212) 267-3700
TKunkle@NBRLawFirm.com

13