IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NORMA J. FIORENTINO, et al., | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | No.: 3:09-CV-2284 |
| | : | |
| CABOT OIL AND GAS CORPORATION, et al., | : | JUDGE JONES |
| | : | |
| Defendants. | : | ELECTRONICALLY FILED |

**NON-PARTY DEBORAH L. MAYE'S REPLY BRIEF IN SUPPORT OF MOTION FOR PROTECTIVE ORDER AND/OR TO QUASH SUBPOENA**

Non-Party Deborah L. Maye, by and through her undersigned counsel, hereby files this Reply Brief in Support of her Motion for Protective Order and/or to Quash Subpoena, and respectfully submits that the subpoena purporting to command her deposition should be quashed.

### A. The Subpoena Should be Quashed Because it is Procedurally Invalid and Furthers a Campaign of Harassment by Certain Plaintiffs Against Ms. Maye and her Family.

Federal Rule of Civil Procedure 45 and the law of the case doctrine confirm that the subpoena for Ms. Maye's deposition is ineffective due to improper service and for failure to tender the appropriate mileage fee.[1] Contrary to Plaintiffs' Opposition Brief (Doc. 276 at 4), it is entirely consistent with the Federal Rules and with the Court's Code of Professional Conduct for Ms. Maye and her counsel to require adherence to the rules governing subpoena practice[2] and to apprise the Court of an ongoing campaign of harassment directed against Ms. Maye and her family by certain named Plaintiffs. Significantly, nowhere in the Opposition Brief do Plaintiffs dispute that certain of them are directing harassment toward Ms. Maye and her family.

---

[1] After Ms. Maye filed her Motion for Protective Order and/or to Quash Subpoena, the Court reopened and extended fact discovery until May 31, 2012. Ms. Maye's argument that her deposition would be untimely if taken after January 16, 2012 is therefore moot.

[2] The Court's Memorandum and Order dated January 6, 2012 provided Plaintiffs with unequivocal direction about the requirements of personal service and simultaneous payment of all required witness and mileage fees. "Procedural rules are necessary to judicial order and decorum." (Middle District of Pennsylvania Code of Professional Conduct at No. 7).

Neither do Plaintiffs explain why Ms. Maye was not previously identified in initial or supplemental Rule 26 disclosures, in discovery responses, or in any deposition as someone who might possess discoverable information related to the allegations of this lawsuit. (Docs. 187 and 238). Without identifying any changed fact or circumstance to justify the current need for her deposition, Plaintiffs offer only hypothetical examples of testimony that Ms. Maye might provide and the self-serving claim that the contrived proffered testimony is within the permissible scope of federal discovery.[3]

There has been, of course, no change in circumstances. Certain Plaintiffs have subjected Ms. Maye and her family to continuous and ongoing harassment resulting in personal humiliation and fear that her family's water will be poisoned, that her children will be assaulted, and that those lawfully on her property will be physically harmed. Ms. Maye has apprised the Court of this harassment (Docs. 187, 238, and 266), and her arguments are incorporated here without repetition.

As set forth in her Motion for Protective Order and/or to Quash and

---

[3] The problems with Plaintiffs' proposed areas of inquiry are discussed in Section B below.

initial Brief in Support (Docs. 262 and 266), the procedural defects surrounding the subpoena and Plaintiffs' harassment constitute valid grounds to quash the subpoena in its entirety. But there is more.

> **B.  In Addition to the Subpoena's Procedural Defects and Certain Plaintiffs' Harassment of Ms. Maye, the Subpoena Seeks Testimony that is Duplicative, Equally Known to Plaintiffs Themselves, Available Through First Party Discovery, and/or Beyond the Expertise and/or Competency of Ms. Maye.**

Even if the Court were prepared to disregard the service and mileage defects that invalidate the subpoena and the harassment of Ms. Maye by certain Plaintiffs, the Rules of Civil Procedure require the Court to limit "the extent of discovery . . . if it determines that . . . the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive," or if the "party seeking discovery has had ample opportunity to obtain the information by discovery in the action." Fed. R. Civ. P. 26(b)(2)(C). See also Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc., No. 04-1371, 2006 U.S. Dist. LEXIS 60089 (D. Del. Aug. 24, 2006) (granting a protective order where subpoena sought information that was duplicative of that sought in previous subpoenas); Hilton-Rorar v. State

initial Brief in Support (Docs. 262 and 266), the procedural defects surrounding the subpoena and Plaintiffs' harassment constitute valid grounds to quash the subpoena in its entirety. But there is more.

> **B.  In Addition to the Subpoena's Procedural Defects and Certain Plaintiffs' Harassment of Ms. Maye, the Subpoena Seeks Testimony that is Duplicative, Equally Known to Plaintiffs Themselves, Available Through First Party Discovery, and/or Beyond the Expertise and/or Competency of Ms. Maye.**

Even if the Court were prepared to disregard the service and mileage defects that invalidate the subpoena and the harassment of Ms. Maye by certain Plaintiffs, the Rules of Civil Procedure require the Court to limit "the extent of discovery . . . if it determines that . . . the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive," or if the "party seeking discovery has had ample opportunity to obtain the information by discovery in the action." Fed. R. Civ. P. 26(b)(2)(C). See also Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc., No. 04-1371, 2006 U.S. Dist. LEXIS 60089 (D. Del. Aug. 24, 2006) (granting a protective order where subpoena sought information that was duplicative of that sought in previous subpoenas); Hilton-Rorar v. State

& Fed. Commc'ns, Inc., No. 5:09-CV-01004, 2010 U.S. Dist. LEXIS 864 (N.D. Ohio Jan. 5, 2010) (quashing a subpoena which seeks cumulative information and is therefore an undue burden in violation of Rule 26 and Rule 45).

According to Plaintiffs' Opposition Brief (Doc. 276 at 2-3, 7-9), Plaintiffs seek Ms. Maye's testimony regarding (1) her experience with water quality in Dimock before and after Defendants' drilling activities,[4] (2) her experience with Defendants' whole house treatment system,[5] (3) her dealings with Defendants before and after entering her gas lease,[6] (4) her dealings with Defendants leading up to and after accepting monies under the Administrative Consent Order,[7] (5) her experience in drinking from the same water as Plaintiffs

---

[4] This information is duplicative of information known to Plaintiffs themselves, and - to the extent Plaintiffs seek scientific or specialized testimony beyond the knowledge of Plaintiffs - Ms. Maye is not qualified to provide such expert testimony.

[5] Ms. Maye is not qualified to provide scientific or specialized information regarding her treatment system. This information is available to Plaintiffs through first party discovery requests to Defendants and via subpoena to the entities that manufactured and installed the treatment system.

[6] This information is available to Plaintiffs through first party discovery requests to Defendants.

[7] This information is available to Plaintiffs through first party discovery requests to Defendants.

prior to Defendants' drilling,[8] (6) the current quality of her water well and any discussion with Culligan water company,[9] (7) her experience with her water after Defendants began drilling and her need for temporary water,[10] (8) her discussions with Defendants' land men prior to entering a gas lease,[11] and (9) her discussions with Defendants regarding the Consent Order and defective gas wells.[12]

---

[8] This information is duplicative of facts known to Plaintiffs themselves, and - to the extent Plaintiffs seek scientific or specialized testimony beyond the knowledge of Plaintiffs - Ms. Maye is not qualified to provide such expert testimony.

[9] Ms. Maye is not qualified to provide scientific or specialized information regarding the water quality of her well or her treatment system. Information regarding the current quality of her water well is duplicative of information equally available to Plaintiffs themselves, and - to the extent it is not - Plaintiffs should obtain this information through first party discovery requests to Defendants and via subpoena to the entities that test Plaintiffs' water.

[10] This information is duplicative of information known to Plaintiffs themselves, and - to the extent Plaintiffs seek scientific or specialized testimony beyond the knowledge of Plaintiffs regarding the need for temporary water - Ms. Maye is unable to provide such expert testimony. Plaintiffs should obtain this information through first party discovery requests to Defendants or via subpoena to the individual or entity that tests Plaintiffs' water.

[11] This information is available to Plaintiffs through first party discovery requests to Defendants.

[12] This information is available to Plaintiffs through first party discovery requests to Defendants. Further, the information is duplicative of information equally available to Plaintiffs themselves, and - to the extent Plaintiffs seek scientific or specialized testimony beyond the knowledge of Plaintiffs regarding potential gas well defects - Ms. Maye is not qualified to provide such expert testimony.

The purported testimony of Ms. Maye involves matters that are duplicative or equally within the knowledge of Plaintiffs, that are available through less burdensome first party discovery, and that require specialized knowledge beyond Ms. Maye's expertise. Accordingly, the subpoena should be quashed.

If the Court is not prepared to quash the subpoena in its entirety, the deposition must be limited to protect Ms. Maye from harassment, inconvenience, and undue burden. See Societe Nationale Industrielle Aerospatiale v. United States Dist. C. S. Dist. Iowa, 482 U.S. 522, 566, 107 S. Ct. 2542 (1987). Ms. Maye cites the Court's analysis of Plaintiffs' overbroad subpoenae to Suzanne and Michael Johnson. (Memorandum and Order Dated October 17, 2011, Doc. 192 at 7) (limiting scope of discovery directed to non-parties in order to protect the non-party from harassment, inconvenience, or disclosure of confidential documents).

As with the limitations and modifications imposed to protect Mr. and Mrs. Johnson from undue burden, harassment, and inconvenience, any deposition of Ms. Maye requires limitations against inquiry seeking testimony that is irrelevant, harassing, duplicative, equally within the knowledge of Plaintiffs, available through first party discovery, or requiring scientific knowledge beyond

Ms. Maye's expertise. The Court should apply this analysis to the nine (9) areas of inquiry proposed by Plaintiffs and fashion appropriate limitations if it finds that a deposition of Ms. Maye is required. Moreover, if the Court is inclined to permit a limited deposition, Ms. Maye respectfully requests that the Special Master attend the deposition to enforce the proscribed limitations.

### C. **Conclusion**

For all of the reasons set forth above and in Ms. Maye's Motion and initial Brief in Support, Ms. Maye respectfully requests that the Court grant her Motion for Protective Order and/or to Quash.

Respectfully submitted,

/s/ John B. Dempsey
Daniel T. Brier
John B. Dempsey

Attorneys for Non-Party,
Deborah L. Maye

Myers, Brier & Kelly, LLP
425 Spruce Street, Suite 200
Scranton, PA 18503
(570) 342-6100

Date: February 24, 2012

## CERTIFICATE OF SERVICE

I, JOHN B. DEMPSEY, hereby certify that a true and correct copy of the foregoing Reply Brief in Support of Motion for Protective Order and/or to Quash Subpoena was served upon the following counsel of record via the court's electronic filing system, on this 24th day of February 2012:

Paul M. Schmidt, Esquire
Zarwin Baum DeVito Kaplan
    Schaer Toddy, PC
1818 Market Street, 13th Floor
Philadelphia, PA 19103-3638

Jose Almanzar, Esquire
William S. Berman, Esquire
Napoli Bern Ripka Shrolnik &
    Associates, LLP
Greentree Centre, Suite 201
Marlton, NJ 08053

Kevin J. Lawner, Esquire
Marc J. Bern, Esquire
Paul Napoli, Esquire
Tate J. Kunkle, Esquire
William J. Dubanevich, Esquire
Napoli Bern Ripka Shrolnik &
    Associates, LLP
350 Fifth Avenue, Suite 7413
New York, NY 10118

Amy L. Barrette, Esquire
Jeremy A. Mercer, Esquire
Fulbright & Jaworski, L.L.P.
370 Southpointe Boulevard, Suite 100
Canonsburg, PA 15317

Richard J. Wilson, Esquire
Stephen C. Dillard, Esquire
William D. Wood, Esquire
Fulbright & Jaworski, L.L.P.
Fulbright Tower
1301 McKinney, Suite 5100
Houston, TX 77010-3095

/s/ John B. Dempsey