**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| NORMA FIORENTINO, *et al.*, | ) | CASE NO. 3:09-cv-02284-JEJ |
| | ) | |
| Plaintiffs, | ) | *Complaint date:* November 19, 2009 |
| | ) | |
| v. | ) | *Originally assigned to:* |
| | ) | District Judge Thomas I. Vanaskie |
| CABOT OIL & GAS | ) | |
| CORPORATION, *et al.*, | ) | *Transferred to:* |
| | ) | District Judge John E. Jones III |
| Defendants. | ) | |
| | ) | *Discovery issues referred to:* |
| | ) | Special Master Jennifer J. Walsh |

**PLAINTIFFS' UNCONTESTED MOTION TO ADMINISTER
SETTLEMENTS RESOLVING CASES AND CLAIMS OF PLAINTIFFS
AND ESTABLISH QUALIFIED SETTLEMENT FUND**

Plaintiffs Norma Fiorentino, *et al*. (collectively, "Plaintiffs"), by and through

their respective undersigned counsel, respectfully submit this Uncontested Motion

for an Order to: (1) establish a fund, which shall be called the Napoli Bern Ripka

Shkolnik & Associates, LLP Dimock Client Settlement Fund (the "Fund"); and (2)

to appoint an administrator for the Fund.  In support of this motion, Plaintiffs

respectfully state as follows:

1.      The purpose of this Motion is to allow for the establishment of a Fund

to facilitate the collection of as well as the ultimate distribution of settlement funds

to certain Plaintiffs (hereinafter, identified as "Settling Plaintiffs").  Settling

Plaintiffs are individuals who allege they were personally exposed to various forms of environmental contamination and/or whose property was exposed to environmental contamination (hereinafter called "The Incident").  Settling Plaintiffs allege the Incident caused them to suffer ongoing injury and/or damages to their persons and/or properties and further allege that Defendants are liable to Plaintiffs for such damages

2.      In May and June 2012, Defendants sent Settling Plaintiffs' counsel an offer of settlement.  In order to accept the settlement, Settling Plaintiffs are required to sign a broad release ("Confidential Release") outlining the terms of the settlement and requiring complete confidentiality with regard to same.[1]  The Confidential Release can be made available to this Court, in camera, at the Court's request.

3.      The Confidential Release provides the complete terms that govern the settlement in all respects, including Defendants' payment obligations and the Settling Plaintiffs' obligations.  Nothing herein, or in the Order, shall in any way modify or supplement those terms.

4.      This Motion and the Order will have no impact on Defendants or the Confidential Release, and instead, will define terms that solely relate to the Settling

---

[1] Settlement agreements and releases for minor Settling Plaintiffs are not subject to confidentiality clauses, as the parties assumed the terms of those settlements would have to be disclosed to the Court in for approval.

Plaintiffs, their counsel, and the Fund.  Defendants shall have no liability or

responsibility relating to or arising from the creation or performance of any fund

created by this Motion or the Order.

5.      It is anticipated that some Settling Plaintiffs will want to structure

their settled claims.  The Court is hereby requested to establish the Fund to

facilitate the collection from Defendants as well as the ultimate disbursement of

settlement funds to Settling Plaintiffs, and where Settling Plaintiffs or their lawyers

so choose to "structure" those Settlement Amounts.

6.      The Fund shall qualify as  a §468B Qualified Settlement Fund as it

meets the three requirements to qualify as such and as set forth in  Treas. Reg.

1.468B-1(c):[2]

---

2  The Federal tax rules concerning Qualified Settlement Funds are found in
Internal Revenue Code § 468B and Treas. Reg. 1.468B-1, which became effective
on January 1, 1993. Under these regulations, there are three requirements for a
Settlement Fund, account or trust to be created as a QSF:

    (a) In general. A qualified settlement fund is a fund, account, or trust that
       satisfies the requirements of paragraph (c) of this section.
    (c) Requirements. A fund, account, or trust satisfies the requirements of this
       paragraph (c) if
    (1) It is established pursuant to an order of, or is approved by the United
    States, any state (including the District of Columbia), territory, possession,
    or political subdivision thereof, or any agency or instrumentality
    (including a court of law) of any of the foregoing and is subject to the
    continuing jurisdiction of that governmental authority;
    (2) It is established to resolve or satisfy one or more contested or
    uncontested claims that have resulted or may result from an event (or
    related series of events) that has occurred and that has given rise to

- It is established by Court Order satisfying Treas. Reg. 1.468B-1(c)(1);

- It is established to resolve the tort claims of one or more Settling Plaintiffs and the Fund shall remain subject to the continuing jurisdiction of this Court satisfying Treas. Reg. 1.468B-1(c)(2);

- The Fund assets shall be physically segregated from the assets of Defendants satisfying Treas. Reg. 1.468B-1(c)(3).

7.     The Fund shall, with the consent of the Settling Plaintiffs with whom it enters into Fund Agreements, be liable to make payments to those Settling Plaintiffs as the Fund Agreements specify including payment to the Trustee of any Trust created for the benefit of a Settling Plaintiff as described in the settlement or structure agreements.

8.     The Fund may, with the consent of the Settling Plaintiffs with whom it enters into Fund Agreements, purchase and assign any structured settlements created under any Fund Agreements.  Any structured settlement shall be issued by a life insurance company that is rated A+ or better by A.M. Best.[3] The Fund may,

---

at least one claim asserting liability … [a]rising out of a tort, breach of contract, or violation of law; … and
(3) The fund, account, or trust is a trust under applicable state law, or its assets are otherwise segregated from other assets of the transferor (and related persons).

3  Structured Settlement Payments qualify under Section 104(a)(2) of the Internal Revenue Code and are assigned to a qualified assignee by entering into qualified assignments of such structured settlement payments within the meaning of Section

with the consent of the Settling Plaintiffs with whom it enters into Fund

Agreements, purchase and assign any "non-qualified" structured settlements

created under any Fund Agreements.[4]  Any "non-qualified" structured settlement

shall be issued by a life insurance company that is rated A or better by A.M. Best

or funded through the use of non-annuity assets.

9.      The claims made against Defendants as a result of the Incidents are

made on account of some alleged personal physical injury and/or property damage,

and arise out of alleged liability in tort or violation of law.

 Settling Plaintiffs entering into Fund Agreements with the Fund shall agree in

writing to a discharge of the Fund's liability to make any structured settlement

and/or attorney fee payments, also known as periodic payments, under the Fund

Agreements by executing, along with the Fund any necessary documents required

or related to the discharge of said liabilities.

10.      Movants request that the Court approve the engagement of ATG Trust

Company as the Fund Administrator.  ATG Trust Company is an Illinois state

---

130(c) of the Internal Revenue Code. The qualified assignee shall, respecting each person who is to receive periodic payments under a settlement agreement, purchase one or more qualified funding assets within the meaning of Section 130(c) of the Internal Revenue Code to fund any structured settlement payments assigned to the qualified assignee.

4  A non-qualified assignment does not rely upon nor must it comply with Internal Revenue Code Section 104 and/or 130 to effect such assignment.

chartered trust company and possesses extensive experience administering

Qualified Settlement Funds.  ATG Trust Company's address is as follows:  One

South Wacker Drive, 24th Floor, Chicago, Illinois 60606-4654.

     11.    Settling Plaintiffs request that no bond shall be required, provided that

all monies received by the Fund shall be deposited in an account comprised of

United States government obligations, a money market mutual fund or funds

investing in instruments backed by the full faith and credit of the United States

government, FDIC-insured account(s), any type of funds or investments deemed

prudent by a trust company or any combination thereof.

     12.    The Fund Administrator is authorized to incur costs necessary to

administer the Fund and to hire professionals as is necessary to administer the

Fund, including but not limited to accountants or counsel, for example.

     13.    It is anticipated that some Settling Plaintiffs settling claims will

determine more quickly than others whether they are  interested in any form-of-

settlement options (i.e. structured settlement and/or trusts to preserve government

benefits) other than a lump sum.  The Fund Administrator shall be empowered to

distribute lump sum proceeds upon execution of the appropriate Fund Agreement.

The Fund Administrator shall be authorized to distribute all attorney's fees to the

Settling Plaintiffs' counsel consistent with existing fee agreements, whether in the

form of cash, periodic payments and the assignment of such payments, and

whether such assignment is a qualified assignment under Internal Revenue Code §
130 or a "non-qualified" assignment , or any combination thereof.

14.     All expenses incurred in the settlement of claims shall be allocated
among the Settling Plaintiffs on a pro rata basis including any fees of the Fund
Administrator and/or accounting fees and shall not be the responsibility of
Defendants.  The fee of the Fund Administrator shall be according to the Fund
Administrator's published fee schedule.

15.     Upon completion of all Fund Agreements and final distribution of all
monies deposited into the Fund, the Fund Administrator shall take appropriate
steps to wind-down the Fund and thereafter be discharged from any further
responsibility with respect to the Fund.

16.     The Administrator shall obtain a Federal Taxpayer Identification
Number for Napoli Bern Ripka Shkolnik & Associates, LLP Dimock Client
Settlement Fund.

17.     A form Order granting the requested relief is attached

Date:  July 31, 2012
        New York, New York

                            Respectfully submitted:

                            */s/ Tate J. Kunkle*
                            Tate J. Kunkle, Esq. (NY 4468542)
                            TKunkle@NapoliBern.com
                            *Admitted Pro Hac Vice*
                            NAPOLI BERN RIPKA SHKOLNIK &
                            ASSOCIATES, LLP
                            Empire State Building
                            350 Fifth Avenue, Suite 7413
                            New York, New York 10118
                            Tel:    212-267-3700
                            Fax:   212-587-0031

                            Counsel for *All Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on July 31, 2012, I electronically filed the foregoing PLAINTIFFS' UNCONTESTED MOTION TO ADMINISTER SETTLEMENTS RESOLVING CASES AND CLAIMS OF PLAINTIFFS AND ESTABLISH QUALIFIED SETTLEMENT FUND with the Clerk of Court using the CM/ECF system which will send notification of such filing to all registered users and sent a copy of same to the following via electronic mail:

> Amy L. Barrette, Esq.
> FULBRIGHT & JAWORSKI LLP
> Southpointe Energy Complex
> 370 Southpointe Boulevard, Suite 300
> Canonsburg, Pennsylvania  15317
> Tel:   724-416-0400
> Fax:   724-416-0404
> abarrette@fulbright.com

> */s/ Tate J. Kunkle*
> NAPOLI BERN RIPKA SHKOLNIK &
> ASSOCIATES, LLP
> Empire State Building
> 350 Fifth Avenue, Suite 7413
> New York, New York 10118
> Tel:   212-267-3700
> Fax:   212-587-0031
> TKunkle@NapoliBern.com