# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NORMA FIORENTINO, *et al.*, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> CABOT OIL & GAS ) <br> CORPORATION, *et al.*, ) <br> ) <br> Defendants. ) | CASE NO. 3:09-cv-02284-JEJ <br><br> *Assigned to:* <br> The Honorable John E. Jones, III |

## NOTICE OF MOTION FOR APPROVAL OF MINORS' SETTLEMENTS WITH CONCURRENCE

**S I R S :**

**PLEASE TAKE NOTICE** that the movants, Minor Plaintiffs ▮▮▮▮▮▮▮, by parent and natural guardian Tamara Carter; ▮▮▮▮▮▮▮, by parent and natural guardian Patricia Farnelli; ▮▮▮▮▮▮▮, by parent and natural guardian Patricia Farnelli; ▮▮▮▮▮▮▮, by parent and natural guardian Patricia Farnelli; ▮▮▮▮▮▮▮, by parent and natural guardian Patricia Farnelli; ▮▮▮▮▮▮▮, by parents and natural guardians Douglas R. and Joann Heitsman; and ▮▮▮▮▮▮▮, by parent and natural guardian Samantha Sebjan, (collectively, "Minor Plaintiffs"), by and through their undersigned counsel NAPOLI BERN RIPKA SHKOLNIK & ASSOCIATES, LLP, upon the annexed Declaration of W. Steven Berman dated December 12, 2012, will move this Court at the Courthouse

located at the United States Courthouses, 228 Walnut Street, Harrisburg, Pennsylvania 17108, on a date and at a time to be set by the court, for an Order approving the settlements made on behalf of movants in the above-captioned litigation, along with such other and further relief as to this Court may seem just and proper.

Dated:   Marlton, New Jersey
              December 12, 2012

Napoli Bern Ripka Shkolnik & Associates, LLP
*Attorneys for Plaintiff*

_____
W. Steven Berman (PA: 45927)
One Greentree Center, Suite 201
Marlton, NJ 08053
Phone: (856) 988-5574
Fax:   (212) 587-0031
WSBerman@napolibern.com

**TO:**

All counsel of record via ECF

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NORMA FIORENTINO, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | CASE NO. 3:09-cv-02284-JEJ |
| v. ) | |
| ) | *Assigned to:* |
| CABOT OIL & GAS ) | The Honorable John E. Jones, III |
| CORPORATION, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## DECLARATION OF W. STEVEN BERMAN, ESQ.

Minor Plaintiffs Minor Plaintiffs ▇▇▇, by parent and natural guardian Tamara Carter; ▇▇▇, by parent and natural guardian Patricia Farnelli; ▇▇▇, by parent and natural guardian Patricia Farnelli; ▇▇▇, by parent and natural guardian Patricia Farnelli; ▇▇▇, by parent and natural guardian Patricia Farnelli; ▇▇▇, by parents and natural guardians Douglas R. and Joann Heitsman; and ▇▇▇, by parent and natural guardian Samantha Sebjan, (collectively, "Minor Plaintiffs"), by and through their undersigned counsel, respectfully submit this uncontested Motion for Approval of Minors' Settlements. In support of this motion, Minor Plaintiffs state as follows:

1.   The events which gave rise to this lawsuit occurred between 2006 and 2010, when defendants Cabot Oil & Gas Corporation ("Cabot") and GasSearch Drilling Services Corporation ("GasSearch"), entities engaged in natural gas drilling and operations in Pennsylvania, allegedly constructed and operated their drill sites in a negligent and otherwise unlawful manner.  In so doing, it was alleged that defendants released toxic chemicals and hazardous gases to the groundwater and environment in Dimock and Springfield Townships in Susquehanna County, Pennsylvania.

2.   In September of 2010, NAPOLI BERN RIPKA SHKOLNIK & ASSOCIATES, LLP ("NBRSA") was retained by Minor Plaintiffs ▇▇▇▇▇▇, by parent and natural guardian Tamara Carter; ▇▇▇▇▇▇, by parent and natural guardian Patricia Farnelli; ▇▇▇▇▇▇, by parent and natural guardian Patricia Farnelli; ▇▇▇▇▇▇, by parent and natural guardian Patricia Farnelli; ▇▇▇▇▇▇, by parent and natural guardian Patricia Farnelli; ▇▇▇▇▇▇, by parents and natural guardians Douglas R. and Joann Heitsman; and ▇▇▇▇▇▇, by parent and natural guardian Samantha Sebjan, (collectively, "Minor Plaintiffs").

3.   NBRSA filed a Second Amended Complaint, wherein eight causes of action were alleged against defendants.  Seven of these causes of action survived Defendants' Motion to Dismiss: (i) violation of the Pennsylvania Hazardous Sites Cleanup Act, 35 P.S. § 6020.101, *et seq.*; (ii) negligence; (iii) private nuisance; (iv)

strict liability; (v) breach of contract; (vi) fraudulent misrepresentation; and (vii) medical monitoring.

4. Specifically, the Minor Plaintiffs were concerned about health effects associated with contact with defendants' releases and substances that were potentially part of their contact with those releases.

5. At this time, none of the Minor Plaintiffs are pursuing personal injury claims, none have received medical treatment for any injuries or conditions that were believed by the Minor Plaintiffs to have been associated with Cabot's conduct and no Minor Plaintiff is foreseen to require any such treatment in the future.

6. At this time none of the Minor Plaintiffs are pursuing claims for medical monitoring.

7. Additionally, none of the Minor Plaintiffs have any interest in the property claims as they have no ownership interest in any properties.

8. After extensive and protracted communications between counsel for Minor Plaintiffs and counsel for defendants, offers of settlement were made, which would resolve all claims, including nuisance, by Minor Plaintiffs against defendants.

9. Defendants offered each Minor Plaintiff the amount of ▮▮▮▮▮▮▮▮ in full satisfaction of his or her claims.

10. As a condition of the settlement, defendants required a "Settlement Agreement and Release" to be executed by all Minor Plaintiffs, indicating that Minor Plaintiffs release defendants from any accrued liabilities.

11. Based upon the foregoing reasonable settlement offer, NBRSA recommends that Minor Plaintiffs settle this matter. NBRSA believes that the above-stated amounts are fair and equitable, and that the best interests of Minor Plaintiffs will be served by accepting the offers of settlement.

12. On behalf of Minor Plaintiffs, parents and natural guardians Tamara Carter, Patricia Farnelli, Douglas R. and Joann Heitsman, and Samantha Sebjan have executed these releases. Copies of these releases are attached hereto as "Exhibit A."

13. The terms of the settlement for *each* Minor Plaintiff are as follows:

> SETTLEMENT SUM...............................$ ███
> ATTORNEY DISBURSEMENTS.............$ ███
> NET RECOVERY......................................$ ███
> ATTORNEY'S FEE (33 1/3%)..................$ ███
> BALANCE TO MINOR...........................$ ███

14. Minor Plaintiffs' counsel recommends this settlement because the aforesaid amount is fair and equitable. More importantly, the Minor Plaintiffs have

---

[1] The disbursements, as with all disbursements in this litigation prior to acceptance of settlement offers, have been calculated upon a pro rata allocation of the amounts incurred in the joint representation of the plaintiffs in this litigation to each plaintiff's respective share of the settlement, the litigation of which is largely indivisible. In this way, each plaintiff bears only his or her fair share of the costs relative to his or her recovery.

not sustained any provable physical personal injuries. That is, there is no factual or medical evidence of exposure- related "injury" for which an attorney could pursue a claim with any legitimate chance of success.

15. NBRSA has neither directly, nor indirectly, become concerned in the settlement of this action with any party or person opposing or having interests adverse to the Minor Plaintiffs, nor receive, nor will receive, any compensation from such party.

16. The following is a summarized list of the services rendered and performed by this office on behalf of plaintiffs in prosecuting the Minor Plaintiffs' causes of action:

- Retainer and interview of the parents;
- Site investigation of the conditions of the potential exposure;
- Sampling and analysis of the groundwater at various homes in the area;
- Review of the Material Safety Data Sheets as to the chemical composition of the materials allegedly used and released by Defendants;
- Internal office meetings to discuss the nature of the contamination and exposure;
- Review of the files maintained by the Pennsylvania Department of Environmental Protection ("PADEP") and the United States Environmental Protection Agency ("EPA");
- Defending the depositions of the Minor Plaintiffs' parents;
- Conducting depositions of Defendants' representatives;
- Review and analysis of Defendants' document productions;

- Retention of experts and production of reports;
- Telephone calls and drafting of correspondence with counsel and clients;
- Extensive telephone and in-person conferences and interviews with the Minor Plaintiffs' parents;
- Extensive briefing of various issues;
- Court appearances at numerous motion arguments and hearings;
- Extensive mediations and negotiation of settlement;
- Set up a qualified settlement fund to maintain settlement monies for the Plaintiffs and the Minor Plaintiffs' should the Court approve this motion;
- Will attend any compromise proceeding if requested.

17. Minor Plaintiffs' counsel request the Court approve the proposed Minor Plaintiffs' settlements and permit distributions either directly to counsel for the Minor Plaintiffs for distribution to his or her guardian, or into accounts to be opened with the Court's express permission in the Dimock QSF ("QSF") that was previously permitted by this Court for other plaintiffs, or into another account of this Court's choosing.

18. The aforesaid election is permitted by Pa.R.C.P. 2039(b), which permits payment of recoveries less than $25,000.00 directly to a minor or to his or her guardian, or into a designated trust, bank or court account until a minor reaches the age of majority, at a court's discretion.

19. Upon transfer of the settlement funds, Minor Plaintiffs' counsel requests that the Court allow NBRSA the sum of $▮▮▮▮▮ for recoverable disbursements and

the sum of $▮▮▮▮▮▮ as compensation for services rendered by Plaintiffs' Counsel from each Minor Plaintiff settlement.

20.   The balance remaining of the settlements ▮▮▮▮▮▮ for each Minor Plaintiff shall then either be paid directly to counsel for the Minor Plaintiff and then timely remitted by plaintiffs' counsel to the plaintiffs, or directly into and remaining in the QSF for the sole use and benefit for each Minor (and identified as such) until each Minor attains the age of 18 years.  No withdrawals shall be made from said account before the Minor reaches the age of 18 years except upon further order of the Court.

21.   Minor Plaintiffs' counsel will provide all identifying information to the parent and guardian of each Minor upon the formation of the account.

WHEREFORE, Minor Plaintiffs respectfully request that this Court grant this Motion for Approval of Minors' Settlements, and enter an order in the form of the proposed Order, annexed hereto as "Exhibit B."

Date: December 12, 2012
Marlton, NJ

        Respectfully submitted,

        NAPOLI BERN RIPKA SHKOLNIK & ASSOCIATES, LLP

        */s/ Steven Berman*

        Steven Berman, Esq. (Pa. No. 45927)
        Tate J. Kunkle, Esq. (NY 4468542)
        *Admitted Pro Hac Vice*
        Marlton, NJ 08053
        Phone: (856) 988-5574
        Fax:   (212) 587-0031
        WSBerman@napolibern.com

        *Counsel for Plaintiffs*