# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NORMA FIORENTINO, *et al.*, | : | 3:09-CV-02284 |
| | : | |
| Plaintiffs, | : | Hon. John E. Jones III |
| | : | |
| v. | : | |
| | : | |
| CABOT OIL AND GAS | : | |
| CORPORATION and GAS SEARCH | : | |
| DRILLING SERVICES CORP., | : | |
| | : | |
| Defendants. | : | |

## ORDER

**December 17, 2012**

On November 20, 2012, Tate Kunkle, W. Steven Berman, Marc J. Bern, and

Jose Almanzar, each of the law firm of Napoli Bern Ripka Shkolnik & Associates,

LLP, counsel of record for the Plaintiffs in the above-captioned matter, filed a

Motion to Withdraw as Counsel (doc. 349), indicating to the Court, as previously,

that irreconcilable differences between counsel and certain Plaintiffs have arisen.

These Plaintiffs are Nolen Scott and Monica Marta Ely and their two minor

children ("Ely Plaintiffs"), Ray and Victoria Hubert and their two children

("Hubert Plaintiffs"), and Nolen Scott Ely as the Executor of the Estate of Kenneth

R. Ely (the "Estate"). Correspondence previously copied to the Court indicates that

the Ely Plaintiffs, Hubert Plaintiffs, and the Estate agree that termination of this

attorney client relationship is in the best interest of all parties. However, in the interest of all caution, we permitted these Plaintiffs an interval of time to object to counsels' Motion. The Court is in receipt of a letter dated December 14, 2012 and signed by the Ely Plaintiffs, Hubert Plaintiffs, and the Estate which indicates that these Plaintiffs object to the proposed withdrawal unless they are certain they are able to obtain substitute counsel and that discovery may be reopened should successor counsel determine the same is necessary.

We take cognizance of these objections but are constrained to note that the papers filed on the docket and the correspondence copied to the Court increasingly evince that the attorney-client relationship between these Plaintiffs and their counsel is irretrievably broken. In light of these circumstances, we agree with counsel that the best and most appropriate course is to permit withdrawal of Tate Kunkle, W. Steven Berman, Marc J. Bern, and Jose Almanzar, and their law firm, Napoli Bern Ripka Shkolnik & Associates, LLP, as counsel of record to the Ely Plaintiffs, Hubert Plaintiffs, and the Estate and allow these Plaintiffs a sufficient period of time in which to obtain new counsel or proceed *pro se*. We shall stay all deadlines during this interim period.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1.  The Motion to Withdraw (doc. 349) filed by Tate Kunkle, W. Steven Berman, Marc J. Bern, and Jose Almanzar, and the law firm of Napoli Bern Ripka Shkolnik & Associates, LLP, counsel of record for the Ely Plaintiffs, the Hubert Plaintiffs, and the Estate in the above-captioned matter, is **GRANTED**.

2.  The Clerk of Court **SHALL** terminate Tate Kunkle, W. Steven Berman, Marc J. Bern, and Jose Almanzar, and the law firm of Napoli Bern Ripka Shkolnik & Associates, LLP, as counsel of record for the Ely Plaintiffs, the Hubert Plaintiffs, and the Estate. The Clerk of Court further **SHALL** mail a copy of this Order to the Ely Plaintiffs, the Hubert Plaintiffs, and the Estate .

3.  The Plaintiffs shall have a period of sixty (60) days in which to secure new counsel or to proceed *pro se*. All deadlines with respect to the Ely Plaintiffs, the Hubert Plaintiffs, and the Estate are **STAYED** during this interim period.

s/ John E. Jones III

John E. Jones III

United States District Judge