May 24, 2013

Martin C. Carlson
Chief Magistrate Judge
Middle District of Pennsylvania
Federal Building & U.S. Courthouse
228 Walnut Street
Harrisburg, PA 17108

Re: Fiorentino et al v Cabot Oil & Gas Corp. 3:09-cv-02284

Dear Honorable Judge Carlson,

We have received your order, document 408 and thank you. We are filing this communication through Nolen Scott Ely's ECF account consistent with how we have filed other communications with this Court. If it is required or preferred by this Court that all five of us get accounts and file separately we will do that. We thought what we were doing up until now was the most efficient way to handle communications. We are a group, a small group of remaining plaintiffs. And we absolutely have the same mindset on key issues involving this case, but Nolen Scott Ely does not represent us in the sense of trying to act as a lawyer. Right now we each represent ourselves.

For clarification, we feel that it is necessary to tell you that our first choice was to have a conversation with the Court that did not require a filing on the record. We spoke with your clerk and when we requested this we were advised that we must file a letter, send it to everyone, discuss in the letter what we wanted and include all recent correspondences that we would be referring to in order to support our request. If we misunderstood these directions we apologize.

Also, about the depositions, and completeness of our records: our former lawyers, NBR after all did have the depositions we were asking for (Mullins and Harten). They were part of our file, and they were released to us by NBR after our conference with you on April 5th. This was despite being repeatedly told by NBR that the file delivered to us was complete. We have been working with an incomplete file. We only care about that in regard to how it affects our ability to oppose motions that have the potential of knocking us out of court.

Another point we wanted considered, but did not put in original letter because we thought it might be best handled in a conference with the Court about the application, is that while this litigation has in fact "been pending for a considerable period of time," as your Honor notes at top of p.2 of his Order, it was through no fault of pro se plaintiffs. This resulted in part from multiple stipulations between attorneys to extend deadlines before this case was settled which were always approved by orders of the Court or the Special Master. Then, through no fault of pro se plaintiffs, there were allowed delays such as (i) defendants being allowed to delay disclosure of their experts and reports for 8 months, and (ii) at least one motion that was allowed to remain unresolved for one and a half years, between 1/3/11 (document 69) and 5/7/12 (document 295). Respectfully, nothing plaintiffs are now requesting of this Court need delay the trial date of Dec

3, 2013. The motions we are now facing if we are not mistaken had a deadline of the end of June according to Judge Jones' Order earlier this year.

Finally, in reading that part of your Honor's new Order we are not sure whether we should continue to try to find new counsel, as it sounds like maybe our option ended on April 26th, which is not the way we read the original Order. Again, our apologies for requesting clarification, but in trying to reach justice using proper procedure, we want to make certain we are communicating the facts effectively and properly following the rules.

We write to you only to give information, hopefully explain how we came to write to you on the record and clarify the points raised in this letter. Thank you.

Most Respectfully,

Nolen Scott Ely and Monica Marta Ely
44 Carter Road
Dimock, PA 18816

Nolen Scott Ely, Executor, Estate of Kenneth R. Ely
44 Carter Road
Dimock, PA 18816

Ray and Victoria Hubert
120 Carter Road
Dimock, PA 18816

Angel Hubert
c/o Ray and Victoria Hubert
120 Carter Road
Dimock, PA 18816

cc: Amy Barrette, Tate Kunkle, Steve Berman, Denise Rubin, Paul Napoli