IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NOLEN SCOTT ELY, *et al.*, | : | 3:09-cv-2284 |
| | : | |
| Plaintiffs, | : | |
| | : | Hon. John E. Jones III |
| v. | : | |
| | : | Hon. Martin C. Carlson |
| CABOT OIL & GAS | : | |
| CORPORATION, *et al.,* | : | |
| | : | |
| Defendants. | : | |

# ORDER

### January 12, 2015

**AND NOW**, upon consideration of the Report and Recommendation of Chief United States Magistrate Judge Martin C. Carlson (Doc. 510), recommending that the Defendants' Motion for Summary Judgment on the Hubert Ely Family's claims (Doc. 390) be granted with respect to all claims save for the Ely Family's claims for negligence and private nuisance, and, after an independent review of the record, and noting that both parties filed objections[1] (Docs. 522, 523,

---

[1] Where objections to a magistrate judge's report and recommendation are filed, the court must perform a *de novo* review of the contested portions of the report. *Supinksi v. United Parcel Serv.*, Civ. A. No. 06-0793, 2009 WL 113796, at *3 (M.D. Pa. Jan. 16, 2009) (citing *Sample v. Diecks*, 885 F.2d 1099, 1106 n. 3 (3d Cir. 1989); 28 U.S.C. § 636(b)(1)(c)). "In this regard, Local Rule of Court 72.3 requires 'written objections which . . . specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for those objections.'" *Id*. (citing *Shields v. Astrue*, Civ. A. No. 07-417, 2008 WL 4186951, at *6 (M.D. Pa. Sept. 8, 2008).

1

528, 529, 531) to the report, and the Court finding Judge Carlson's analysis to be extremely thorough, well-reasoned, and fully supported by the record, and the Court further finding the Plaintiff's objections to be without merit and squarely addressed by the Magistrate Judge within his report[2], but that several of the Defendants' objections shall be sustained to the extent reflected hereinbelow, **IT IS HEREBY ORDERED THAT:**

1. The Report and Recommendation of Magistrate Judge Carlson (Doc. 510) is **ADOPTED** to the following extent:

2. Defendants' Motion for Summary Judgment on Ely Family's claims (Doc. 390) is **GRANTED** as follows:

    a. Summary judgment is granted in favor of Defendant GasSearch Drilling Services (GDS) on all claims and the Clerk shall **TERMINATE** GDS as a Defendant to this action.

---

[2] The arguments raised by the Ely Family within the objections do nothing to alter our determination that the Magistrate Judge has thoroughly and correctly determined that the Ely Family's breach of contract or fraud claims fail for a lack of proof. Further, their Hazardous Substance Cleanup Act ("HSCA") claim fails as a matter of law, inasmuch as there is no evidence of an actual or threatened release of a hazardous substance on the Ely's property, nor have the Elys incurred any response or cleanup costs. Finally, we agree with the Magistrate Judge that both as a matter of law, and because sufficient factual issues remain, that certain claims of negligence and private nuisance shall be permitted to go forward.

  b.  Summary judgment is granted in favor of Defendant Cabot Oil & Gas Corporation with regards to the Ely Family's claim for breach of contract, as well as any claim for lost royalties.[3]

  c.  Summary judgment is granted in favor of Defendant Cabot Oil & Gas Corporation with regards to the Ely Family's claim for fraudulent inducement.

  d.  Summary judgment is granted in favor of Defendant Cabot Oil & Gas Corporation with regards to the Ely Family's claim for negligence *per se*.

  e.  Summary judgment is granted in favor of Defendant Cabot Oil & Gas Corporation with regards to the Ely Family's claim for medical monitoring and alleged violations of a variety of Pennsylvania environmental law.

---

[3] To the extent the Defendants' objections sought to have the Court clarify that lost royalties were not recoverable by Nolen Ely on any surviving claims, we note that any lost royalty claim would flow from a breach of contract, a claim which no longer survives now that we have now granted summary judgment in favor of Cabot on the said claim.

  f. Summary judgment is granted in favor of Defendant Cabot Oil & Gas Corporation with regards to the Ely Family's claim for personal injuries.[4]

  g. Summary judgment is granted in favor of Defendant Cabot Oil & Gas Corporation with regards to the Minor Ely's claims of negligence.[5]

3. Summary judgment is **DENIED** with respect to the Ely Family's private nuisance claim and Nolen and Monica Ely's negligence claim.

         s/ John E. Jones III
         John E. Jones III
         United States District Judge

---

[4] To the extent that Defendants' objections sought to have the Court clarify that the remaining negligence claims pertained to the Ely's claims for property damage only, we shall sustain that objection, noting that no cognizable evidence of personal injury has been submitted to the Court, thus any potential recovery on a negligence claim shall be based on property damages or injury, not personal injury.

[5] We agree with the Defendants that since the minor Ely children have no property interest in the land at issue, and since we have barred any recovery for personal injury due to lack of evidence, that summary judgment is warranted in favor of Cabot on the negligence claim with regard to the minor children. As admitted by the Defendant, the minor children do have standing to pursue claims of private nuisance under Pennsylvania law because they are family members domiciled at the subject property. While the Defendants contend that summary judgment is warranted on this claim as well with respect to the minor children because the diminution in value of the property and the inconvenience and cost of obtaining potable water from outside sources was not experienced by the minors, we shall decline to grant summary judgment on the minor's claim in the interest of all caution. It is for the factfinder to determine if the minors suffered damages as a result of the alleged nuisance.