**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **NOLEN SCOTT ELY, et al.,** | : | **Civil No. 3:09-CV-2284** |
| | : | |
| **Plaintiffs** | : | |
| | : | |
| **vs.** | : | |
| | : | |
| **CABOT OIL & GAS** | : | **(Magistrate Judge Carlson)** |
| **CORPORATION, et al.,** | : | |
| | : | |
| **Defendants** | : | |

## <u>MEMORANDUM OPINION AND ORDER</u>

### I.  <u>Background</u>

This matter comes before the Court on a motion to certify as a final judgment a court order dismissing some, but not all of the plaintiffs' claims in this longstanding litigation.  (Doc. 579.)  This certification, if granted, would serve as the prelude to an appeal of this ruling, an action would introduce further extended delay into this longstanding litigation.  Finding that certification is neither necessary nor appropriate here, for the reasons set forth below, we will deny this motion.

This lawsuit was initiated on more than five years ago, on November 19, 2009, by a group of 44 plaintiffs who collectively filed suit to recover damages for injuries and property damage allegedly suffered as the result of the defendants' natural gas drilling operations in Dimock Township, Susquehanna County, Pennsylvania.

Subsequent to this case being filed, a number of the plaintiffs reached settlement agreements with the defendants, and at this juncture only 10 plaintiffs remain in the case. Those remaining plaintiffs include Nolen Scott Ely and Monica L. Marta-Ely, individually, and as parents and natural guardians of their three minor children (the "Elys" or "Ely Family"); Nolen Scott Ely, as Executor for the Estate of Kenneth R. Ely ("Estate"); and Ray and Victoria Hubert, individually, and as the parents and natural guardians of one minor child, and a child who has since reached the age of majority, Angel Hubert ("Huberts") (collectively, "Plaintiffs").

The claims of the Plaintiffs were recently subject to multiple summary judgment motions filed by Defendants Cabot Oil & Gas Corporation ("Cabot") and GasSearch Drilling Services Corporation ("GDS") (collectively, "Defendants"). In these motions the Defendants sought summary judgment on an array of the Plaintiffs' claims including claims for breach of contract, fraudulent inducement, private nuisance, negligence and negligence *per se*, claims for medical monitoring, and alleged violations of a variety of Pennsylvania environmental laws, as well as claims alleging that the Defendants natural gas drilling activities, including hydraulic fracturing, constituted abnormally dangerous activities subject to strict liability under Pennsylvania law.

Upon a careful review of the parties' competing summary judgment submissions, we concluded that summary judgment was appropriate on all claims brought by the Ely estate. (Doc. 493.) As for the closely related, and factually intertwined individual claims of the Elys and Huberts we determined that these plaintiffs' breach of contract, fraudulent inducement, negligence *per se*, medical monitoring, Pennsylvania environmental law, and abnormally dangerous activities-strict liability claims should be dismissed. We found, however, that the remaining individual Plaintiffs' negligence and private nuisance claims presented disputed issues of fact which could only be resolved at trial. Therefore, we recommended that the motions for summary judgment be granted, in part, and denied, in part, as to the Elys and Huberts individually, a recommendation that was adopted by the district court.[1]

The Plaintiffs have now filed a motion asking that we certify the order denying the Ely estate claims as final pursuant to Rule 54(b) in order to permit an immediate

---

[1]We pause here to briefly note a procedural anomaly. At the time of these rulings, this matter was assigned to a district judge, and we were filing reports and recommendations regarding these dispositive motions. After the district court adopted these reports and recommendation, the parties consented to magistrate judge jurisdiction and we assumed overall responsibility for this case. Therefore, the motion to certify asks us to certify as final a decision made by another judge at a prior stage of these proceedings, a decision which adopted various recommendations which we had made in these proceedings.

appeal of that ruling.  (Doc. 579.)  The Defendants have opposed this request and this matter is now ripe for resolution.

For the reasons set forth below, we conclude that certification of this ruling is neither necessary nor appropriate, and would interject additional unwarranted delay into the litigation of these inextricably intertwined claims.  Since we believe that the prompt resolution of all claims, followed by a consolidated appeal of the fully litigated claims is the preferable course for this litigation to follow, this request will be denied.

## II.   Discussion

Rule 54(b) of the Federal Rules of Civil Procedure provides that:

(b) Judgment on Multiple Claims or Involving Multiple Parties.  When an action presents more than one claim for relief--whether as a claim, counterclaim, crossclaim, or third-party claim--or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

Fed. R. Civ. P., Rule 54(b).

Under Rule 54(b) "[t]he moving party bears the burden of demonstrating that a case is appropriate for certification. . . . .  Anthuis v. Colt. Indus. Operating Corp., 971 F.2d 999, 1003 (3d Cir.1992)."  Wallace v. Powell, No. 3:09 CV 286, 2012

WL 642452, at *2 (M.D. Pa. Feb. 28, 2012).[2]  In determining whether the plaintiffs have met this burden we are mindful of the fact that Rule 54(b) is " designed in an attempt 'to strike a balance between the undesirability of piecemeal appeals and the need for making review available at a time that best serves the needs of the parties.' Allis–Chalmers Corp. v. Philadelphia Elec. Co., 521 F.2d 360, 363 (3d Cir.1975) (citations omitted)." Berckeley Inv. Grp., Ltd. v. Colkitt, 455 F.3d 195, 202 (3d Cir. 2006).  Therefore, decisions regarding certification under Rule 54(b) rest in the sound discretion of the court, although the " benchmark against [which] the District Court's exercise of discretion [is measured] whether that discretion was applied in the 'interest of sound judicial administration.' Curtiss–Wright Corp., 446 U.S. at 10, 100 S.Ct. 1460." Berckeley Inv. Grp., Ltd. v. Colkitt, 455 F.3d 195, 202 (3d Cir. 2006).

---

[2]In this regard we note that the Plaintiffs have not filed a brief in support of their motion, a fact which the Defendants observe would entitle us to deem the motion to be withdrawn.  See, e.g., Salkeld v. Tennis, 248 F. App'x 341 (3d Cir.2007) (affirming dismissal of motion under Local Rule 7.5); Booze v. Wetzel, 1:12-CV-1307, 2012 WL 6137561 (M.D. Pa. Nov. 16, 2012) report and recommendation adopted, 1:CV-12-1307, 2012 WL 6138315 (M.D. Pa. Dec. 11, 2012); Breslin v. Dickinson Twp., 1:09–CV–1396, 2011 WL 1577840 (M.D.Pa. Apr.26, 2011) Prinkey v. Tennis, No. 09–52, 2010 WL 4683757 (M.D.Pa. Nov.10, 2010) (dismissal under Local Rule 7.5); Griffin v. Lackawanna County Prison Board, No. 07–1683, 2008 WL 4533685 (M.D.Pa.Oct.6, 2008) (dismissal under Local Rule 7.6).  While the Defendants are correct, in the exercise of our discretion we will also consider this motion on its merits

This discretion is guided, however, by several basic principles.  At the outset, it is well-settled that:  A decision to certify a final decision under Rule 54(b) involves two separate findings:  "(1) there has been a final judgment on the merits, i.e., an ultimate disposition on a cognizable claim for relief; and (2) there is 'no just reason for delay.'  Curtiss–Wright Corp. v. General Elec. Co., 446 U.S. 1, 7–8, 100 S.Ct. 1460, 64 L.Ed.2d 1 (1980)."  Berckeley Inv. Grp., Ltd. v. Colkitt, 455 F.3d 195, 202 (3d Cir. 2006).  Here, as to the Ely estate, we find that the district court's prior ruling granting summary judgment on all estate claims is a final judgment on the merits.  Therefore, this first element seems satisfied with respect to these estate claims.  Accordingly, we turn to the discretionary decision concerning whether "certifying that judgment for immediate appeal under Rule 54(b) [is proper] on the basis that there was 'no just reason for delay.' "  Berckeley Inv. Grp., Ltd. v. Colkitt, 455 F.3d 195, 202 (3d Cir. 2006).

When making this discretionary determination there are "set forth several factors that courts should consider when assessing that there is a 'just reason for delay' under Rule 54(b):   (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time;  (4) the

presence or absence of a claim or counterclaim which could result in set-off against

the judgment sought to be made final; (5) miscellaneous factors such as delay,

economic and solvency considerations, shortening the time of trial, frivolity of

competing claims, expense, and the like. Allis–Chalmers Corp., 521 F.2d at 364."

Berckeley Inv. Grp., Ltd. v. Colkitt, 455 F.3d 195, 203 (3d Cir. 2006).  Further, in

weighing these discretionary factors, we are enjoined to consider the practical

consequences of a certification order, which results in the piecemeal appeal of

litigation.  In this setting we are mindful of the fact that "courts of appeals, under the

weight of very heavy dockets, are increasingly resistant to piecemeal appeal." Sussex

Drug Products v. Kanasco, Ltd., 920 F.2d 1150, 1156 (3d Cir. 1990).  We are also

specifically admonished that:

> a district court should be conservative in invoking Rule 54(b) to certify
> a judgment as final because if an aggrieved party appeals following the
> certification, the district court effectively will be electing to control the
> docket of a court of appeals.  Furthermore, a court should be particularly
> cautious in certifying as final a judgment on a claim which is not truly
> distinct from the claims on remaining issues, for even if the certified
> judgment is inherently final, the facts underlying the claim resulting in
> that judgment may be intertwined with the remaining issues.

Gerardi v. Pelullo, 16 F.3d 1363, 1372 (3d Cir. 1994).

Applying these benchmarks, we conclude that certification of the dismissal of

the Ely estate claims is not necessary at this time.  At the outset, when we consider

7

the relationship between the adjudicated and unadjudicated claims, we find that these claims are inextricably intertwined.  The Hubert and Ely family claims, as well as the Ely estate claims involve interlocking parties, and virtually identical legal claims set against factual backdrops that are strikingly similar.  Indeed, the principal distinction between these closely interrelated claims was the failure of the Ely estate to factually support its negligence and nuisance claims, a failure which largely turned on the fact that "only person residing on the [estate] Property, Emmagene Ely, testified that her use and enjoyment of the Property have not been adversely affected by Cabot's activities."  (Doc. 493, p. 30.)

The extraordinarily close relationship of these adjudicated and unadjudicated claims cautions against certification on several scores.  For example, "[t]he interlocking factual relationship of the various counts lead[s] to the likelihood that a subsequent appeal would again seek review of the issues presented here [and] also suggests that it was not in the interests of sound judicial administration for the district court to certify this judgment as final.  See Spiegel v. Trustees of Tufts College, 843 F.2d 38 (1st Cir.1988); Hayden v. McDonald, 719 F.2d 266 (8th Cir.1983); Morrison–Knudsen Co. v. Archer, 655 F.2d 962 (9th Cir.1981); Allis–Chalmers Corp. v. Phila. Elec. Co., 521 F.2d 360 (3d Cir.1975)." Sussex Drug Products v. Kanasco, Ltd., 920 F.2d 1150, 1156 (3d Cir. 1990).

8

Further, complete litigation of the remaining, closely related claims in this case may well moot out many of the issues in this litigation, yet another factor which favors denial of certification.  In such circumstances, "the potential interlock between the factual circumstances underlying the recoveries sought . . .  suggests that it was not in the interests of sound judicial administration for the district court to certify the . . . summary judgments as final."  Gerardi v. Pelullo, 16 F.3d 1363, 1372 (3d Cir. 1994).  Likewise, given the history of this litigation, it seems highly likely that the parties will actively litigate on appeal any issues which are not rendered moot by further proceedings before the district court.  Therefore, a premature certification of this particular aspect of this litigation creates a very real "possibility that the reviewing court might be obliged to consider the same issue a second time", Berckeley Inv. Grp., Ltd. v. Colkitt, 455 F.3d 195, 203 (3d Cir. 2006), yet another factor which cautions against certification.

Finally, another guiding consideration in making a Rule 54(b) certification decision relates to the inevitable delay in the final litigation of a case that follows from such a decision, since the intervening appeal of the certified ruling may take an extended period to resolve.  As a general matter,"[c]oncerns regarding delay and impact on the remaining claims caution against entering a final judgment as to the dismissal order" Wallace v. Powell, No. 3:09-CV-286, 2012 WL 642452, at *3 (M.D.

Pa. Feb. 28, 2012). <u>In re G-I Holdings, Inc</u>., No. CIV. 02-3626 (WGB), 2005 WL 3370020, at *6 (D.N.J. Dec. 9, 2005). Here, these considerations of overall delay in the resolution of this longstanding litigation also weigh heavily against certification.

In short, after more than five years of litigation, all of the parties to this protracted lawsuit deserve a timely resolution of their claims in their entirety. The best way to ensure a timely resolution of these closely intertwined claims, in our view, is through the prompt trial of the remaining claims in this case, followed by a single consolidated appeal of any issues which have not been rendered moot by the trial of these remaining claims. Therefore, in the exercise of our discretion, this is the course we will follow here.

An appropriate order follows.

### III.  Order

Accordingly, for the foregoing reasons, the Plaintiffs' motion to certify (Doc. 579.), is DENIED.

So ordered, this 1st day of May, 2015.


*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge