## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **NOLEN SCOTT ELY, et al.,** | : | **Civil No. 3:09-CV-2284** |
| | : | |
| **Plaintiffs** | : | |
| | : | |
| **vs.** | : | |
| | : | |
| **CABOT OIL & GAS** | : | **(Magistrate Judge Carlson)** |
| **CORPORATION, et al.,** | : | |
| | : | |
| **Defendants** | : | |

## <u>MEMORANDUM ORDER</u>

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

This lawsuit was initiated on more than five years ago, on November 19, 2009, by a group of 44 plaintiffs who collectively filed suit to recover damages for injuries and property damage allegedly suffered as the result of the defendants' natural gas drilling operations in Dimock Township, Susquehanna County, Pennsylvania. Subsequent to this case being filed, a number of the plaintiffs reached settlement agreements with the defendants, and at this juncture only 10 plaintiffs remain in the case. Those remaining plaintiffs include Nolen Scott Ely and Monica L. Marta-Ely, individually, and as parents and natural guardians of their three minor children (the "Elys" or "Ely Family"); Nolen Scott Ely, as Executor for the Estate of Kenneth R. Ely ("Estate"); and Ray and Victoria Hubert, individually, and as the parents and natural guardians of one minor child, and a child who has since reached the age of

majority, Angel Hubert ("Huberts") (collectively, "Plaintiffs").

The claims of the Plaintiffs were recently subject to multiple summary judgment motions filed by defendants Cabot Oil & Gas Corporation ("Cabot") and GasSearch Drilling Services Corporation ("GDS") (collectively, "Defendants"). In these motions the Defendants sought summary judgment on an array of the plaintiffs' claims including claims for breach of contract, fraudulent inducement, private nuisance, negligence and negligence *per se*, claims for medical monitoring, and alleged violations of a variety of Pennsylvania environmental laws, as well as claims alleging that the Defendants natural gas drilling activities, including hydraulic fracturing, constituted abnormally dangerous activities subject to strict liability under Pennsylvania law. Upon a careful review of the parties' competing summary judgment submissions, we concluded that summary judgment was appropriate on all claims brought by the Ely estate. As for the closely related, and factually intertwined individual claims of the Elys and Huberts we determined that these plaintiffs' breach of contract, fraudulent inducement, negligence *per se*, medical monitoring, Pennsylvania environmental law, and abnormally dangerous activities- strict liability claims should be dismissed. We found, however, that the remaining individual plaintiffs' negligence and private nuisance claims presented disputed issues of fact which could only be resolved at trial.

The parties have now consented to proceed before the undersigned for trial, and have filed a number of pleadings, and competing motions, relating to the framing of issues and pleadings as well as the final scheduling of the trial of this matter.

At the outset, the defendants have filed a motion to amend their answer to include two additional affirmative defenses, recoupment and failure to mitigate. (Doc. 589.) The plaintiffs oppose this amendment arguing that the inclusion of these affirmative defenses is untimely, inappropriate, and will compel additional discovery.

In addition, each party has submitted motions proposing final case management schedules in this matter. (Docs. 583 and 584.) As we discern it, the principal areas of dispute between the parties in this regard involve three primary issues. First, the parties dispute some minor matters of pre-trial timing with the defendants seeking an October trial and the plaintiffs requesting a December 1, 2015 trial date. Second, the parties dispute the scope the scope of any final expert witness discovery, with the defendants seeking brief additional expert discovery while arguing that the plaintiffs have waived further expert discovery, a contention the plaintiffs dispute. Finally, the parties seem to disagree on the locations for any final discovery depositions in this matter.

On May 7, 2015, the parties completed the submission of pleadings relating to these issues. (Docs. 583-593.) We are committed to ensuring that all parties receive

a prompt and fair resolution of the long-standing issues which divide them. In achieving this goal we will exercise our discretion to balance the competing needs and positions of the parties in a fashion that is fair and equitable, mindful of the fact that scheduling decisions by a Magistrate Judge in the sound discretion of the court. Miller v. Ashcroft, 76 F. App'x 457, 461 (3d Cir. 2003). That discretion is guided, however, by certain basic principles. Thus, under this abuse of discretion standard, a trial court's control of its docket will not be disturbed " 'except upon the clearest showing that the procedures have resulted in actual and substantial prejudice to the complaining litigant' " Id., (citations omitted). Moreover, any party challenging a ruling denying a continuance request, "ha[s] a heavy burden to bear, . . ., as matters of docket control and conduct of [litigation] are committed to the sound discretion of the district court." In re Fine Paper Antitrust Litigation 685 F.2d 810, 817 (3d Cir. 1982)(citations omitted).

Therefore, upon consideration of these motions and scheduling matters, IT IS ORDERED as follows:

The defendants' motion to amend their answer to include the affirmative defenses of recoupment and mitigation of damages, (Doc. 589), is GRANTED, in part, as follows:

The defendants shall forthwith file an amended answer in this case.

4

This amended answer is filed without prejudice to the plaintiffs filing a motion to exclude or limit these defenses upon completion of discovery at the time set forth by this order for dispositive motions, Daubert motions, and motions in limine.

Further, recognizing that the addition of these affirmative defenses at this late date may potentially require some brief additional factual discovery, we will permit additional reciprocal factual discovery limited to these affirmative defenses in accordance with the schedule set forth below. Since the defendants' motion to amend their answer, which we have granted, in our view may require the re-opening of reciprocal discovery for a brief period of time we believe that the defendants' motion to amend their answer, which may necessitate brief reciprocal fact discovery, should also permit reciprocal expert witness discovery by both parties in accordance with the timetables set forth below.

As for the locations of any further discovery depositions, IT IS ORDERED as follows: In the first instance, the parties shall endeavor to mutually agree to the most convenient location for these depositions. If the parties cannot agree, then the proponent of the deposition may select the site for the deposition in conformance with the Federal Rules of Civil procedure, and subject to any motion for protective order.

Accordingly, the motions for scheduling orders filed by the parties (Docs. 583 and 584) are GRANTED in part, as follows:

The following revised deadlines are established for this case, and may not be modified by the parties.  Motions to modify or extend the deadlines established here shall be made before expiration of the time limits has passed**.**   Motions will be granted only on a showing of good cause.

Supplemental Reports of Experts:    **June 29,  2015**

Response Reports to Experts Report:   **July 13, 2015**

Close of Reciprocal Fact Discovery on Newly
Filed Affirmative Defenses and Expert Discovery
Limited to the Matters Set forth in this Order: **August 3, 2015**

Dispositive Motions Relating to Affirmative Defenses
 Raised in the Amended Answer, Daubert Motions,
Motions in Limine and Supporting Briefs Due: **August 3, 2015[1]**

Local Rule 16.3 - Attorney Conference and
Exchange of Proposed Jury Instructions
On or before:         **August 17, 2015**

Pretrial Memoranda Due:      **September 7, 2015**

*Proposed Jury Charge, Proposed Voir Dire
Questions and Objections to Proposed Jury
Charge:           **September 14, 2015**

Pretrial Conference and Daubert Hearing,
If Necessary:         **October 5, 2015 at 10:00 A.M.  in  Scranton, Pennsylvania.**

---

[1]Further briefing on any motions will be conducted in accordance with the local rules of this court.

Trial Brief Due:                                      **November 16, 2015**

Trial:                                                **November 30, 2015 at
                                                      9:30 A.M. in Scranton.**


So ordered, this 8th day of May, 2015.


                                          _S/Martin C.  Carlson_
                                          Martin C. Carlson
                                          United States Magistrate Judge