**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **NOLEN SCOTT ELY, et al.,** | : | **Civil No. 3:09-CV-2284** |
| | : | |
| **Plaintiffs** | : | **(Judge Jones)** |
| | : | |
| **CABOT OIL & GAS CORPORATION, et al.,** | : | **(Magistrate Judge Carlson)** |
| | : | |
| **Defendants** | : | |

## MEMORANDUM ORDER

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Now pending in this action is the defendants' motion to clarify (Doc. 614.) our July 24, 2015, ruling (Doc. 609.) on the plaintiff's motion for an order granting the plaintiffs "leave and permission to offer evidence of, and request damages for, *inconvenience and discomfort* as a result of damage to their property, including contamination of their private drinking water supply . . . ." (Doc. 599.) (emphasis added.) As we construed it, in that motion the plaintiffs did not seek to amend the complaint to include new substantive claims or even fundamentally different theories of relief than those already sought in the operative amended complaint. Instead, the plaintiffs requested leave to file an amended complaint that sets forth the three words "inconvenience and discomfort," in the *ad damnum* clause of the amended complaint.

While we denied this motion in our July 24 ruling, we did so in a fashion which endeavored to make it clear that we believed the issue of inconvenience and discomfort in the use of this property has been, and remains at the heart of this lawsuit. As we observed:

> Moreover, nothing . . . persuades the Court that the plaintiffs are now somehow prevented from presenting evidence, or argument, or pursuing damages for claims that they were, in fact, inconvenienced or discomfited since those claims are hardly distinct from the damages claims that have long been part of this case. Thus, we have not been pointed to any case that explains that "inconvenience and discomfort" damages are entirely separate and distinct from damages assessed for the "loss of use and enjoyment" of real property or for "loss of quality of life", or that there is some dramatic difference between these claims that turns on entirely separate jury instructions. Thus, we do not perceive any sound basis to prevent the plaintiffs from explaining how they were inconvenienced or discomfited when they present evidence in support of their claims that they suffered in a variety of ways due to the defendants' alleged negligence.
>
> These claims for loss of use and enjoyment have, as the defendants would note, been part of this case for more than five years and have, presumably, been the subject of discovery by the parties. Nothing about those claims can reasonably be expected to come as a surprise at this time, and we are thus hard pressed to understand how or why the plaintiffs should be prevented from explaining how they have been inconvenienced or made uncomfortable through the defendants' alleged invasion of the plaintiffs' interest in the use and enjoyment of their property. Indeed, courts have recognized that these kinds of damages bear substantial relation to one another. See, e.g., Dalton v. McCourt Elec., LLC, Civil No. 12-3568, 2013 WL 1124397, at *2 (E.D. Pa. Mar. 19, 2013) ("[I]t is well established under Pennsylvania law that a property owner is entitled to damages for the loss of the use of the property ***and the related inconvenience and discomfort***.") (emphasis

>added); <u>see also</u> Restatement (Second) Torts § 929(1)(b) and (c) (recognizing "the loss of use of the land, and discomfort and annoyance to him as an occupant" as compensable damages).
>
>In sum, although we do not find that the plaintiffs have demonstrated good cause to justify setting aside the Court's prior case management order to allow re-opening of the pleadings at this late stage of this action, we also do not find that the amendment the plaintiffs seek here – the inclusion of the words "inconvenience and discomfort" as part of the *ad damnum* clause – is actually necessary since these damages bear such close relation to those already pleaded and sought in this litigation. Accordingly, the plaintiff's motion will be denied, but we do not find that the denial of the motion will have any particular effect on the evidence or arguments presented at trial, or on the instructions given to the jury on the damages that the plaintiffs have actually alleged in this action.

(Doc. 609, pp. 8-10.)

Notwithstanding this statement of our views, the defendants moved for further clarification of this opinion, noting that our July 24 opinion also stated that: "the denial of the motion will not preclude the plaintiffs from presenting evidence and argument on how the defendants' alleged conduct impaired their 'use and enjoyment' of the property, or caused as 'loss of quality of life' on the property, or otherwise caused 'emotional distress [and] *personal injury*' to them, which are claims that have been a part of this case since the amended complaint was filed on May 17, 2010 – more than five years ago." (<u>id</u>., p. 3)(emphasis added.) On this score, the defendants observed that free-standing personal injury claims are no longer part of this lawsuit,

having been disposed of by Judge Jones at an earlier stage of this litigation. Accordingly, the defendants sought to clarify that this July 24 order did not reopen these personal injury claims. (Doc. 614.)

For their part, the plaintiffs have opposed this motion to clarify, which they view as a motion *in limine* restricting their proof at trial, arguing that:

> Plaintiffs would object to the issue of any clarification or confirmation having the potential effect of disallowing or limiting plaintiffs' right to testify regarding physical signs and symptoms they experienced temporally associated with Cabot's operations and changes to their drinking water, which will be for factual purposes only. Based on the foregoing, plaintiffs respectfully submit that neither a clarification nor confirmation by the Court is necessary, and, nonetheless, under no circumstances should an Order, Opinion or Statement issue that has the potential effect of disallowing or limiting plaintiffs' right to testify about physical signs and symptoms as a factual matter during trial.

(Doc. 619, ¶¶3 and 4.)

In considering the instant motion we begin with the proposition that: " 'The general purpose of a motion for clarification is to explain or clarify something ambiguous or vague, not to alter or amend.' Resolution Trust Co. v. K PMG Peat Marwick, No. Civ. A. No. 92–1373, 1993 WL 211555, at *2 (E.D.Pa. June 8, 1993). Conversely, the purpose of a motion for reconsideration is 'to correct manifest errors of law or fact or to present newly discovered evidence.' Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir.1985), cert. denied, 476 U.S. 1171, 106 S.Ct. 2895, 90

L.Ed.2d 982 (1986) (citation omitted)." Asirifi v. Omni Asset Mananagment, LLC, No. 2:11-CV-04039 DMC MF, 2013 WL 4858711, at *1 (D.N.J. Sept. 11, 2013).

Guided by these legal benchmarks, we note the following for the parties: No party has asked us to reconsider Judge Jones' rulings dismissing the plaintiffs' personal injury claims. (Docs. 550 and 557.) Therefore, in the absence of a properly supported motion to reconsider, granted by this Court, those claims remain dismissed. However, nothing in our July 24 opinion, or this order, is intended, is meant to, or should be construed as a pre-trial ruling defining the scope of the plaintiff' testimony regarding the ways in which the use and enjoyment of their property has been affected. In short, we will not at this juncture endeavor to prescribe and circumscribe this element of the plaintiffs' proof. Instead, we will address these issues if, and when, they arise in accordance with Rule 401 of the Federal Rules of Evidence which defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. We will also take into account Rule 403 of the Federal Rules of Evidence which places limits on the introduction of otherwise relevant evidence, providing that:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of

> the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

Fed. R. Evid. 403.

In applying these evidentiary rules we will remain mindful of the fact that the Third Circuit has cautioned that "pretrial Rule 403 exclusions should rarely be granted. . . . Excluding evidence as being more prejudicial than probative at the pretrial stage is an extreme measure that is rarely necessary, because no harm is done by admitting it at that stage." In re Paoli R. Yard PCB Litig., 916 F.2d 829, 859 (3d Cir. 1990); see also Spain v. Gallegos, 26 F.3d 439, 453 (3d Cir. 1994) (noting that the Third Circuit's "cautious approach to Rule 403 exclusions at the pretrial stage . . . ."). Moreover, the Third Circuit has characterized Rule 403 as a "trial-oriented rule" such that "[p]recipitous Rule 403 determinations, before the challenging party has had an opportunity to develop the record, are . . . unfair and improper." In re Paoli R. Yard PCB Litig., 916 F.2d at 859. However, "[a] trial court is afforded substantial discretion when striking a Rule 403 balance with respect to proffered evidence, and a trial judge's decision to admit or exclude evidence under [Rule] 403 may not be reversed unless it is arbitrary and irrational." McKenna v. City of Philadelphia, 582 F.3d 447, 461 (3d Cir. 2009).

With this explanation of the Court's position, which we trust will be of assistance to the parties, the clerk is directed to terminate the defendants' motion to clarify. (Doc. 614.)

So ordered this 21st day of October 2015.

>*/s/ Martin C. Carlson*
>Martin C. Carlson
>United States Magistrate Judge