IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NORMA FIORENTINO, *et al.*, | ) CASE NO.   3:09-cv-02284-JEJ |
| | ) |
| Plaintiffs, | ) *Complaint date:* November 19, 2009 |
| | ) |
| v. | ) *Originally assigned to:* |
| | ) District Judge Thomas I. Vanaskie |
| CABOT OIL AND GAS | ) |
| CORPORATION, *et al.* | ) *Transferred to:* |
| | ) District Judge John E. Jones III |
| Defendants. | ) |

### G. L. PARRISH, INC.'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' THIRD-PARTY SUBPOENA SCHEDULE A: <u>REQUEST FOR THE PRODUCTION OF DOCUMENTS</u>

G. L. Parrish, Inc. ("Parrish"), by and through its attorneys, K&L Gates LLP, and pursuant to Federal Rules of Civil Procedure 26, 34, 36 and 45, hereby serves the following Objections and Responses to Plaintiffs' Third–Party Subpoena (the "Subpoena") Schedule A: Request for the Production of Documents (the "Requests").

As Parrish Counsel, Amy L. Barrette, explained in her letter dated February 25, 2011, the Parrish Subpoena is invalid on its face for multiple reasons and, therefore, ineffective in all respects, including both its requests for deposition testimony and for documents. Accordingly, Parrish will not produce a witness for deposition and will not make documents available for inspection and copying at this time. To the extent that a valid subpoena is served or a Court would determine that the Subpoena is valid, notwithstanding the foregoing, Parrish hereby submits the following Objections and Responses. These Objections and Responses do not act as a waiver of any rights or objections as relate to the Subpoena or any future subpoena potentially served against Parrish; moreover, Parrish hereby specifically reserves all such rights and

objections as pertains to the Subpoena and any future subpoena which may be served in this matter.

Finally, Parrish's Objections and Responses will necessarily be based only on such information and documents as are available to, and known to, Parrish at the time of such Objections and Responses; therefore, Parrish reserves the right to modify and/or supplement any and all of its Objections and/or Responses as additional information is obtained or becomes available or known to Parrish.

## GENERAL OBJECTIONS TO REQUESTS

Parrish hereby incorporates by reference, as if fully set forth therein, each of the following General Objections in its responses to the Requests:

1. Parrish objects to the Requests as they are addressed to a third-party not involved in the above-captioned action and are therefore objectionable insofar as they are unduly burdensome, expansive and expensive in terms of its scope. Further, given the Requests breadth and expansive nature, the short time within which it is purportedly returnable is also unduly burdensome and not permitted within the applicable Rules. In the event a proper subpoena is served in the future, Parrish expressly reserves the right to seek in advance the costs, including attorneys' fees, of searching for potentially responsive documents, preparing a privilege log if necessary and any other costs associated with making any responsive documents available for review.

2. Parrish objects to the Requests insofar as they request Parrish to produce documents that may already have been requested from or produced by any other person or entity, including any of the parties to the above-captioned action.

2

3. Parrish objects to the Requests insofar as they call for the production of documents that are or may be beyond the scope of discovery permissible under Rule 26(b) of the Federal Rules of Civil Procedure.

4. Parrish objects to the Requests on the grounds that they are vague, ambiguous, overly broad, unduly burdensome, oppressive, not reasonably limited in time or scope, seeking irrelevant information, and not reasonably calculated to lead to the discovery of admissible evidence.

5. Parrish objects to the Requests to the extent they require Parrish to furnish or produce any information or documents protected by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege, immunity, protection or restriction, or which is otherwise not discoverable under the Federal Rules of Civil Procedure, Federal Rules of Evidence, applicable statutes or common law.

6. Parrish objects to these Requests to the extent to which they require Parrish to furnish or produce any information or documents that contain confidential and/or proprietary trade secrets and/or confidential and/or proprietary research, development or commercial information. Parrish will furnish or produce any such responsive information or documents only after an appropriate protective order is entered.

7. Parrish objects to the Requests to the extent they require Parrish to furnish or produce any information or documents which are public, and, therefore, equally accessible and available to Plaintiffs.

8. Parrish objects to the Requests to the extent to which they call for legal conclusions.

3

9. Parrish objects to the Requests and the Definitions contained therein, and made a part thereof, to the extent they are vague and unduly burdensome. Parrish further objects to the definitions to the extent they attempt to alter the plain meaning or understanding of any term or attempt to impose obligations on Parrish that are inconsistent with and/or in addition to those required under the Federal Rules of Civil Procedure. These Responses should not be construed as accepting the "Definitions" that Plaintiffs have provided. Specifically, Parrish objects to the definitions of "PARRISH" and "DEFENDANTS" in that they characterize Parrish as a defendant in this action. Parrish is very clearly a non-party to this action and is in no way a defendant in this proceeding. Further, Parrish also objects to the definition of "RELEVANT GEOGRAPHIC AREA," in that it is an improper description of the scope of the geographic area relevant to this action.

10. Parrish objects to the Subpoena's demand as to the manner and place of production of documents related to the Requests as invalid under the applicable Rules, as well as unduly burdensome, requiring an unreasonable investigation and/or impose undue expense upon third-party Parrish in formulating a response. These Responses should not be construed as accepting any such instructions as to manner of production that Plaintiffs have provided.

11. In responding to the Requests, Parrish does not waive, intends to preserve, and is preserving:

    1. All objections to competency, relevance, materiality, privilege, and admissibility;

    2. All rights to object on any ground to the use of any of the responses herein or documents produced in any subsequent proceeding including the trial of this or any other action;

    3. All rights to object on any ground to any further discovery requests; and

    4. All rights to revise, correct, supplement, clarify and/or amend any of the responses herein at any time.

## RESPONSES AND OBJECTIONS TO SCHEDULE A: REQUESTS FOR PRODUCTION OF DOCUMENTS

1. Any and all water sampling data taken at anytime at Plaintiffs' properties.

**RESPONSE:**

In addition to Parrish's General Objections, which are incorporated by reference herein, Parrish objects to Request for Production No. 1 on the grounds that it is not reasonably limited in time or scope, not limited to the allegations of this litigation, and calls for production of documents that are protected by the attorney-client privilege and/or attorney work product doctrine, not relevant or material to any claim or defense in this action, is not reasonably calculated to lead to the discovery of admissible evidence and requires Parrish to furnish or produce documents not within its possession, custody, or control. This Request is overbroad, vague, and ambiguous because (1) the term "water sampling data" is undefined and subject to multiple interpretations; (2) it is not reasonably limited in time or scope because it requests data "taken at anytime" without regard to the time period or issues in this action.

Subject to and without waiving any general or specific objections, to the extent a proper and valid Subpoena is served in the future, or a Court would determine that the Subpoena is valid, Parrish responds that it will, after a reasonable search, make available for inspection and copying responsive, non-privileged documents in its possession, custody, or control, to the extent they exist, at a mutually agreeable time and place.

2. Any and all DOCUMENTS or files created by, prepared by, procured by, or maintained by YOU or otherwise in your possession, custody or control that pertain to any work YOU undertook in connection with the DEFENDANTS' in Dimock, PA and Plaintiffs' Properties.

**RESPONSE:**

In addition to Parrish's General Objections, which are incorporated by reference herein, Parrish objects to Request for Production No. 2 on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, not reasonably limited in time or scope, and calls for production of documents that are protected by the attorney-client privilege and/or attorney work product doctrine, not relevant or material to any claim or defense in this action, and not reasonably calculated to lead to the discovery of admissible evidence. Moreover, it requires non-party Parrish to furnish or produce documents not within its possession, custody, or control. This Request is overbroad, vague, and ambiguous because it is not reasonably limited in time or scope in that it requests documentation and materials that "pertain to any work" without regard to the time period or issues in this action.

5

Subject to and without waiving any general or specific objections, to the extent a proper and valid Subpoena is served in the future, or a Court would determine that the Subpoena is valid, Parrish responds that it will, after a reasonable search, make available for inspection and copying responsive, non-privileged documents in its possession, custody, or control, to the extent they exist, at a mutually agreeable time and place.

3. Any and all DOCUMENTS and COMMUNICATIONS in YOUR possession, custody or control relating to work, REMEDIATION, INVESTIGATION and/or consulting related to all DEFENDANTS' gas Wells located within the Relevant Geographic Area, including DOCUMENTS prepared or maintained by YOU, including but not limited to electronic or computerized data compilations and MODELS, research, surveys, reports, tests, monitoring well data, monitoring well installation, recovery well data, recovery well installation, groundwater sampling data, soil sampling data, laboratory testing data, including drafts and summaries.

**RESPONSE:**

In addition to Parrish's General Objections, which are incorporated by reference herein, Parrish objects to Request for Production No. 3 on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, not reasonably limited in time or scope, and calls for production of documents that are protected by the attorney-client privilege and/or attorney work product doctrine, not relevant or material to any claim or defense in this action, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving any general or specific objections, to the extent a proper and valid Subpoena is served in the future, or a Court would determine that the Subpoena is valid, Parrish responds that it will, after a reasonable search, make available for inspection and copying responsive, non-privileged documents in its possession, custody, or control, to the extent they exist, at a mutually agreeable time and place.

4. Any and all DOCUMENTS or files created by, prepared by, procured by or maintained by YOU or otherwise in your possession, custody or control that relate to INVESTIGATION for the presence of combustible gases or hazardous chemicals via sampling of MONITORING WELLS at or in Plaintiffs' Properties.

6

**RESPONSE:**

In addition to Parrish's General Objections, which are incorporated by reference herein, Parrish objects to Request for Production No. 3 on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, not reasonably limited in time or scope, and calls for production of documents that are protected by the attorney-client privilege and/or attorney work product doctrine, not relevant or material to any claim or defense in this action, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving any general or specific objections, to the extent a proper and valid Subpoena is served in the future, or a Court would determine that the Subpoena is valid, Parrish responds that it will, after a reasonable search, make available for inspection and copying responsive, non-privileged documents in its possession, custody, or control, to the extent they exist, at a mutually agreeable time and place.

5. Any and all DOCUMENTS or files created by, prepared by, procured by or maintained by YOU, or otherwise in your possession, custody or control that relate to reports that YOU created or were created by YOU for DEFENDANTS' relating to the gas wells located within the Relevant Geographic Area.

**RESPONSE:**

In addition to Parrish's General Objections, which are incorporated by reference herein Parrish objects to Request for Production No. 5 on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, not reasonably limited in time or scope, not limited to the allegations in this litigation, and calls for production of documents that are protected by the attorney-client privilege and/or attorney work product doctrine, not relevant or material to any claim or defense in this action, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving any general or specific objections, to the extent a proper and valid Subpoena is served in the future, or a Court would determine that the Subpoena is valid, Parrish responds that it will, after a reasonable search, make available for inspection and copying responsive, non-privileged documents in its possession, custody, or control, to the extent they exist, at a mutually agreeable time and place.

6. Any and all DOCUMENTS or files created by, prepared by, procured by or maintained by you or otherwise in your possession, custody or control that pertain to remediation, testing, planning, cleaning, investigating, assessing, diagramming, contracting, supervision or correspondence including any and all communications with any and all

governmental agencies, including but not limited to PADEP, consultants, contractors and any and all owners, operators or dealers for DEFENDANTS', pertaining to DEFENDANTS' gas Wells located within the Relevant Geographic Area.

**RESPONSE:**

In addition to Parrish's General Objections, which are incorporated by reference herein, Parrish objects to Request for Production No. 6 on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, not reasonably limited in time or scope, not limited to the allegations in this litigation, and calls for production of documents that are protected by the attorney-client privilege and/or attorney work product doctrine, not relevant or material to any claim or defense in this action, and not reasonably calculated to lead to the discovery of admissible evidence. This Request is overbroad, vague, and ambiguous because (1) the terms "testing, planning, cleaning, assessing, diagramming, contracting, supervision" are undefined and subject to multiple interpretations; (2) it is not reasonably limited in time or scope because it requests data and materials that "pertain to remediation, testing, planning, cleaning, investigating, assessing, diagramming, contracting, supervision or correspondence including any and all communications with any and all governmental agencies" without regard to the time period or issues in this action. Moreover, it requires non-party Parrish to furnish or produce documents not within its possession, custody, or control.

Subject to and without waiving any general or specific objections, to the extent a proper and valid Subpoena is served in the future, or a Court would determine that the Subpoena is valid, Parrish responds that it will, after a reasonable search, make available for inspection and copying responsive, non-privileged documents in its possession, custody, or control, to the extent they exist, at a mutually agreeable time and place.

7.  Any and all DOCUMENTS or files created by, prepared by, procured by or maintained by YOU or otherwise in YOUR possession, custody or control concerning any efforts to identify the sources(s) of Methane and other contaminants in the potable water supply at Plaintiffs' properties.

**RESPONSE:**

In addition to Parrish's General Objections, which are incorporated by reference herein, Parrish objects to Request for Production No. 7 on the grounds that it is not reasonably limited in time or scope, not limited to the allegations of this litigation, and calls for production of documents that are protected by the attorney-client privilege and/or attorney work product doctrine, not relevant or material to any claim or defense in this action, and not reasonably calculated to lead to the discovery of admissible evidence. This

Request is overbroad, vague, and ambiguous because (1) the term "potable water" is undefined and subject to multiple interpretations; (2) it is not reasonably limited in time or scope because it requests data and materials that "concerning any efforts" without regard to the time period or issues in this action.

Subject to and without waiving any general or specific objections, to the extent a proper and valid Subpoena is served in the future, or a Court would determine that the Subpoena is valid, Parrish responds that it will, after a reasonable search, make available for inspection and copying responsive, non-privileged documents in its possession, custody, or control, to the extent they exist, at a mutually agreeable time and place.

8. All DOCUMENTS that refer or relate to vulnerability or sensitive receptor surveys or STUDIES or other forms of reports were done by YOU, at YOUR direction or that YOU are aware of, and whether YOU ever considered doing such a STUDY or DATA COMPILATION for the Relevant Geographic Area.

**RESPONSE:**

In addition to Parrish's General Objections, which are incorporated by reference herein, Parrish objects to Request for Production No. 8 on the grounds that it is not reasonably limited in time or scope, not limited to the allegations of this litigation, and calls for production of documents that are protected by the attorney-client privilege and/or attorney work product doctrine, not relevant or material to any claim or defense in this action, and not reasonably calculated to lead to the discovery of admissible evidence. This Request is overbroad, vague, and ambiguous because the term "vulnerability or sensitive receptor surveys" is undefined and subject to multiple interpretations.

Subject to and without waiving any general or specific objections, to the extent a proper and valid Subpoena is served in the future, or a Court would determine that the Subpoena is valid, Parrish responds that it will, after a reasonable search, make available for inspection and copying responsive, non-privileged documents in its possession, custody, or control, to the extent they exist, at a mutually agreeable time and place.

9. All DOCUMENTS that refer or relate to vulnerability or sensitive receptor surveys or STUDIES or other forms of DATA COMPILATION and documents prepared for YOU or by YOU or otherwise in your possession, custody or control and DOCUMENTS that would indicate whether YOU ever considered doing such a STUDY or DATA COMPILATION for the Relevant Geographic Area.

**RESPONSE:**

In addition to Parrish's General Objections, which are incorporated by reference herein, Parrish objects to Request for Production No. 9 on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, not reasonably limited in time or scope, not limited to the allegations in this litigation, and calls for production of documents that are protected by the attorney-client privilege and/or attorney work product doctrine, not relevant or material to any claim or defense in this action, and not reasonably calculated to lead to the discovery of admissible evidence. This Request is overbroad, vague, and ambiguous because the term "vulnerability or sensitive receptor surveys" is undefined and subject to multiple interpretations.

Subject to and without waiving any general or specific objections, to the extent a proper and valid Subpoena is served in the future, or a Court would determine that the Subpoena is valid, Parrish responds that it will, after a reasonable search, make available for inspection and copying responsive, non-privileged documents in its possession, custody, or control, to the extent they exist, at a mutually agreeable time and place.

10. All DOCUMENTS concerning INVESTIGATION and REMEDIATION work performed by YOU or for YOU or otherwise in your possession, custody and control that related to INVESTIGATION and REMEDIATION of releases of Methane and other contaminants at or in the vicinity of the Plaintiffs' properties.

**RESPONSE:**

In addition to Parrish's General Objections, which are incorporated by reference herein, Parrish objects to Request for Production No. 10 on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, not reasonably limited in time or scope, not limited to the allegations in this litigation, and calls for production of documents that are protected by the attorney-client privilege and/or attorney work product doctrine, not relevant or material to any claim or defense in this action, and not reasonably calculated to lead to the discovery of admissible evidence. This Request is overbroad, vague, and ambiguous because the terms "contaminants" and "vicinity" undefined and subject to multiple interpretations.

Subject to and without waiving any general or specific objections, to the extent a proper and valid Subpoena is served in the future, or a Court would determine that the Subpoena is valid, Parrish responds that it will, after a reasonable search, make available for inspection and copying responsive, non-privileged documents in its possession, custody, or control, to the extent they exist, at a mutually agreeable time and place.

11. All COMPUTER MODELING, including native files, prepared by or received by YOU or otherwise in your possession, custody or control related to the work performed by YOU or for YOU at or in the vicinity of the DEFENDANTS' gas wells in the Relevant Geographic Area.

**RESPONSE:**

In addition to Parrish's General Objections, which are incorporated by reference herein, Parrish objects to Request for Production No. 11 on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, not reasonably limited in time or scope, not limited to the allegations in this litigation, and calls for production of documents that are protected by the attorney-client privilege and/or attorney work product doctrine, not relevant or material to any claim or defense in this action, and not reasonably calculated to lead to the discovery of admissible evidence. This Request is overbroad, vague, and ambiguous because the term "vicinity" is undefined and subject to multiple interpretations.

Subject to and without waiving any general or specific objections, to the extent a proper and valid Subpoena is served in the future, or a Court would determine that the Subpoena is valid, Parrish responds that it will, after a reasonable search, make available for inspection and copying responsive, non-privileged documents in its possession, custody, or control, to the extent they exist, at a mutually agreeable time and place.

12. All CALIBRATION DATA for all sampling tests, data, actual or simulated, taken in the Relevant Geographic Area.

**RESPONSE:**

In addition to Parrish's General Objections, which are incorporated by reference herein, Parrish objects to Request for Production No. 12 on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, not reasonably limited in time or scope, not limited to the allegations in this litigation, and calls for production of documents that are protected by the attorney-client privilege and/or attorney work product doctrine, not relevant or material to any claim or defense in this action, and not reasonably calculated to lead to the discovery of admissible evidence. This Request is overbroad, vague, and ambiguous because the terms "sampling tests," and "data, actual or simulated" are undefined and subject to multiple interpretations.

Subject to and without waiving any general or specific objections, to the extent a proper and valid Subpoena is served in the future, or a Court would determine that the Subpoena is valid, Parrish responds that it will, after a reasonable search, make available for inspection and copying responsive, non-privileged documents in its possession, custody, or control, to the extent they exist, at a mutually agreeable time and place.

13.     All CALIBRATION DATA for all sampling tests, data, actual or simulated, taken in the Plaintiffs' Properties.

**RESPONSE:**

In addition to Parrish's General Objections, which are incorporated by reference herein, Parrish objects to Request for Production No. 13 on the grounds that it is not reasonably limited in time or scope, not limited to the allegations of this litigation, and calls for production of documents that are protected by the attorney-client privilege and/or attorney work product doctrine, not relevant or material to any claim or defense in this action, and not reasonably calculated to lead to the discovery of admissible evidence. This Request is overbroad, vague, and ambiguous because the terms "sampling tests," and "data, actual or simulated" are undefined and subject to multiple interpretations.

Subject to and without waiving any general or specific objections, to the extent a proper and valid Subpoena is served in the future, or a Court would determine that the Subpoena is valid, Parrish responds that it will, after a reasonable search, make available for inspection and copying responsive, non-privileged documents in its possession, custody, or control, to the extent they exist, at a mutually agreeable time and place.

14.     All photographs created by, prepared by, procured by, or maintained by YOU or otherwise in your possession, custody or control that pertain to any work YOU undertook in connection with the DEFENDANTS' in Dimock, PA and Plaintiffs' Properties.

**RESPONSE:**

In addition to Parrish's General Objections, which are incorporated by reference herein, Parrish objects to Request for Production No. 14 on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, not reasonably limited in time or scope, not limited to the allegations of this litigation, and not relevant or material to any claim or defense in this action, not reasonably calculated to lead to the discovery of admissible evidence and seeks documents that are protected by the attorney-client privilege and/or attorney work product doctrine.

Subject to and without waiving any general or specific objections, to the extent a proper and valid Subpoena is served in the future, or a Court would determine that the Subpoena is valid, Parrish responds that it will, after a reasonable search, make available for inspection and copying responsive, non-privileged documents in its possession, custody, or control, to the extent they exist, at a mutually agreeable time and place.

15. All notes, correspondence, invoices, etc. created by, prepared by, procured by, or maintained by YOU or otherwise in your possession, custody or control that pertain to any work YOU undertook for the law firm of K&L Gates relating to the DEFENDANTS in Dimock, PA and Plaintiffs' Properties.

**RESPONSE:**

In addition to Parrish's General Objections, which are incorporated by reference herein, Parrish objects to Request for Production No. 15 on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, not reasonably limited in time or scope, and/or calls for production of documents that are protected by the attorney-client privilege and/or attorney work product doctrine, not relevant or material to any claim or defense in this action, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving any general or specific objections, to the extent a proper and valid Subpoena is served in the future, or a Court would determine that the Subpoena is valid, Parrish responds that it will, after a reasonable search, make available for inspection and copying responsive, non-privileged documents in its possession, custody, or control, to the extent they exist, at a mutually agreeable time and place.

16. All notes, correspondence, invoices, etc. created by, prepared by, procured by, or maintained by YOU or otherwise in your possession, custody or control that pertain to any work YOU undertook for, with, or by the PADEP relating to the DEFENDANTS' in Dimock, PA and Plaintiffs' Properties.

**RESPONSE:**

In addition to Parrish's General Objections, which are incorporated by reference herein, Parrish objects to Request for Production No. 16 on the grounds that it is not reasonably limited in time or scope, not limited to the allegations of this litigation, and calls for production of documents that are protected by the attorney-client privilege and/or attorney work product doctrine, not relevant or material to any claim or defense in this action, and not reasonably calculated to lead to the discovery of admissible evidence. This Request is overbroad, vague, and ambiguous because it is not reasonably limited in time or scope in that it requests documentation and materials that "pertain to any work" without regard to the time period or issues in this action.

Subject to and without waiving any general or specific objections, to the extent a proper and valid Subpoena is served in the future, or a Court would determine that the Subpoena is valid, Parrish responds that it will, after a reasonable search, make available

for inspection and copying responsive, non-privileged documents in its possession, custody, or control, to the extent they exist, at a mutually agreeable time and place.

17. All notes, correspondence, invoices, etc. created by, prepared by, procured by, or maintained by YOU or otherwise in your possession, custody or control that pertain to any work YOU undertook for, with, or by the Plaintiffs and their properties.

**RESPONSE:**

In addition to Parrish's General Objections, which are incorporated by reference herein, Parrish objects to Request for Production No. 17 on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, not reasonably limited in time or scope, not limited to the allegations in this litigation, and calls for production of documents that are protected by the attorney-client privilege and/or attorney work product doctrine, not relevant or material to any claim or defense in this action, and not reasonably calculated to lead to the discovery of admissible evidence. This Request is overbroad, vague, and ambiguous because it is not reasonably limited in time or scope in that it requests documentation and materials that "pertain to any work" without regard to the time period or issues in this action.

Subject to and without waiving any general or specific objections, to the extent a proper and valid Subpoena is served in the future, or a Court would determine that the Subpoena is valid, Parrish responds that it will, after a reasonable search, make available for inspection and copying responsive, non-privileged documents in its possession, custody, or control, to the extent they exist, at a mutually agreeable time and place.

18. All licenses, certificates, permits, authorizations, notices, or other proclamation that allows YOU to deliver potable water to residents in the Relevant Geographic Area.

**RESPONSE:**

In addition to Parrish's General Objections, which are incorporated by reference herein, Parrish objects to Request for Production No. 18 on the grounds that it is not reasonably limited in time or scope, not limited to the allegations of this litigation, and calls for production of documents that are protected by the attorney-client privilege and/or attorney work product doctrine, not relevant or material to any claim or defense in this action, and not reasonably calculated to lead to the discovery of admissible evidence. Moreover, it requires non-party Parrish to furnish or produce documents not within its possession, custody, or control. This Request is overbroad, vague, and ambiguous because the term "potable water" is undefined and subject to multiple interpretations.

Subject to and without waiving any general or specific objections, to the extent a proper and valid Subpoena is served in the future, or a Court would determine that the

Subpoena is valid, Parrish responds that it will, after a reasonable search, make available for inspection and copying responsive, non-privileged documents in its possession, custody, or control, to the extent they exist, at a mutually agreeable time and place.

19.   All notes, correspondence, invoices, etc. created by, prepared by, procured by, or maintained by YOU or otherwise in your possession, custody or control that pertain to where and how YOU obtain the water YOU deliver to the Plaintiffs' in the Relevant Geographic Area.

**RESPONSE:**

In addition to Parrish's General Objections, which are incorporated by reference herein, Parrish objects to Request for Production No. 19 on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, not reasonably limited in time or scope, not limited to the allegations in this litigation, and calls for production of documents that are protected by the attorney-client privilege and/or attorney work product doctrine, not relevant or material to any claim or defense in this action, and not reasonably calculated to lead to the discovery of admissible evidence. This Request is overbroad, vague, and ambiguous because the phrase "water YOU deliver to the Plaintiffs" is undefined and subject to multiple interpretations.

Subject to and without waiving any general or specific objections, to the extent a proper and valid Subpoena is served in the future, or a Court would determine that the Subpoena is valid, Parrish responds that it will, after a reasonable search, make available for inspection and copying responsive, non-privileged documents in its possession, custody, or control, to the extent they exist, at a mutually agreeable time and place.

20.   A list of all properties in Susquehanna County and Bradford County to which YOU have delivered potable water within the last three (3) years.

**RESPONSE:**

In addition to Parrish's General Objections, which are incorporated by reference herein, Parrish objects to Request for Production No. 20 on the grounds that it is not reasonably limited in time or scope, not limited to the allegations of this litigation, and calls for production of documents that are protected by the attorney-client privilege and/or attorney work product doctrine, not relevant or material to any claim or defense in this action, and not reasonably calculated to lead to the discovery of admissible evidence. This Request is overbroad, vague, and ambiguous because it requests data and materials unrelated to the Plaintiffs and the relevant action. This Request is overbroad, vague, and ambiguous because the term "potable water" is undefined and subject to multiple interpretations.

Subject to and without waiving any general or specific objections, to the extent a proper and valid Subpoena is served in the future, or a Court would determine that the Subpoena is valid, Parrish responds that it will, after a reasonable search, make available for inspection and copying responsive, non-privileged documents in its possession, custody, or control, to the extent they exist, at a mutually agreeable time and place.

21. All DOCUMENTS concerning any and all water treatment systems installed or maintained by YOU or for YOU or otherwise in your possession, custody and control that related to the methane and other contaminants at or in the vicinity of the Plaintiffs' properties.

**RESPONSE:**

In addition to Parrish's General Objections, which are incorporated by reference herein, Parrish objects to Request for Production No. 21 on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, not reasonably limited in time or scope, and calls for production of documents that are protected by the attorney-client privilege and/or attorney work product doctrine, not relevant or material to any claim or defense in this action, and not reasonably calculated to lead to the discovery of admissible evidence. This Request is overbroad, vague, and ambiguous because the terms "water treatment system" and "vicinity" are undefined and subject to multiple interpretations. Moreover, it requires non-party Parrish to furnish or produce documents not within its possession, custody, or control.

Subject to and without waiving any general or specific objections, to the extent a proper and valid Subpoena is served in the future, or a Court would determine that the Subpoena is valid, Parrish responds that it will, after a reasonable search, make available for inspection and copying responsive, non-privileged documents in its possession, custody, or control, to the extent they exist, at a mutually agreeable time and place.

Respectfully submitted,

Dated: February 25, 2011

*/s/ Amy L. Barrette*

Walter A. Bunt, Jr., Esq. (PA 36738)
walter.bunt@klgates.com
Mark D. Feczko, Esq. (PA 73827)
mark.feczko@klgates.com
Amy L. Barrette, Esq. (PA 87318)
amy.barrette@klgates.comg
Jeremy A. Mercer, Esq. (PA 86480)
jeremy.mercer@klgates.com

## CERTIFICATE OF SERVICE

I hereby certify that on February 25, 2011, a copy of **G. L. PARRISH, INC.'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' THIRD-PARTY SUBPOENA SCHEDULE A: REQUEST FOR THE PRODUCTION OF DOCUMENTS** was sent to the following via Federal Express and electronic mail:

> Leslie L. Lewis, Esq.
> NAPOLI BERN RIPKA, LLP
> 350 5th Avenue
> Suite 7413
> New York, NY 10118
> LLewis@NBRLawFirm.com
>
> W. Steven Berman, Esq.
> NAPOLI BERN RIPKA, LLP
> One Greentree Center, Suite 201
> Marlton, NJ 08053
> wsberman@napolibern.com
>
> Tate J. Kunkle, Esq.
> NAPOLI BERN RIPKA, LLP
> 350 5th Avenue
> Suite 7413
> New York, NY 10118
> tkunkle@.napolibern.com
>
> Counsel for Plaintiffs

*/s/ Amy L. Barrette*
Amy L. Barrette, Esq.
K&L GATES LLP
K&L Gates Center
210 Sixth Avenue
Pittsburgh, PA 15222
Telephone:(412) 355-6500
Facsimile:(412) 355-6501
amy.barrette@klgates.com

K&L GATES LLP
K&L Gates Center
210 Sixth Avenue
Pittsburgh, PA 15222-2613
Tel:   412-355-6500
Fax:   412-355-6501

Counsel for Third-Party *G.L. Parrish, Inc.*

17