# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **NOLEN SCOTT ELY, et al.,** | : | Civil No. 3:09-CV-2284 |
| | : | |
| Plaintiffs | : | **(Magistrate Judge Carlson)** |
| | : | |
| v. | : | |
| | : | |
| **CABOT OIL & GAS CORP.,** | : | |
| | : | |
| Defendant | : | |
| | : | |
| | : | |

## MEMORANDUM OPINION

### I.     BACKGROUND

This matter comes before us on a request by the Defendant that we reconsider a ruling which we made relating to the legal availability of a statutory presumption of causation to a negligence lawsuit brought by private parties. This lawsuit was initiated on November 19, 2009, by a group of 44 Plaintiffs who collectively filed suit to recover damages for injuries and property damage allegedly suffered as the result of the Defendant's natural gas drilling operations in Dimock Township, Susquehanna County, Pennsylvania. Subsequent to this case being filed, a number of the Plaintiffs reached settlement agreements with the Defendants, and at this juncture a handful of Plaintiffs remain in the case. Those Plaintiffs include Nolen Scott Ely and Monica L. Marta-Ely, individually, and as parents and natural guardians of their three minor children (the "Elys" or "Ely

Family"); and Ray and Victoria Hubert, individually, and as the parents and natural guardians of one minor child, and a child who has since reached the age of majority, Angel Hubert ("Huberts") (collectively, "Plaintiffs"). In advance of trial, the parties have endeavored to limit and shape the presentation of evidence to the jury by filing motions *in limine* that are ripe for resolution.

One of the principal disputed evidentiary issues between the parties which we addressed pretrial related to the application of a statutory presumption established by Pennsylvania law to a tort action between private parties. The statute that was in effect at the time of the events giving rise to this lawsuit provided that "it shall be presumed that a well operator is responsible for the pollution of a water supply that is within 1,000 feet of the oil or gas well, where the pollution occurred within six months after the completion of drilling or alteration of such well." 58 Pa.S. § 601.208(c). Pennsylvania has subsequently amended the Oil & Gas Act, 58 Pa. Cons. Stat. Ann. §§ 2301, et seq., and this statutory presumption is now codified at 58 Pa. Const. Stat. Ann. § 3218(c).

While this statute has received scant attention from the state courts, this Court has applied the presumption of causation established by §3218(c) to private tort actions, holding that Plaintiffs may rely upon this presumption to prove causation in cases where their wells were allegedly affected by geographically and temporally proximate drilling activity. *See e.g., Butts v. Sw. Energy Prod. Co.*, No.

3:12·CV·1330, 2014 WL 3953155, at *5 (M.D. Pa. Aug. 12, 2014) *reconsideration denied*, No. 3:12-CV-1330, 2014 WL 4626560 (M.D. Pa. Sept. 15, 2014); *Roth v. Cabot Oil & Gas Corp.*, 919 F. Supp. 2d 476, 487 (M.D. Pa. 2013)("Pennsylvania law presumes that 'a well operator is responsible for pollution of a water supply if ... (i) the water supply is within 1,000 feet of an oil or gas well; and (ii) the pollution occurred within six months after completion of drilling or alteration of the oil or gas well.' ")

Upon consideration, we concluded that the presumption created by §3218(c) is available to private litigants in property damage tort cases. We were persuaded that the statutory presumption potentially applied to these tort actions for five reasons.

First, we began with the premise that the legislature knew the law when it wrote this law. At the time of the enactment of §3218, common law torts for damage to water and property due to hydro-carbon exploration activities had been part of the legal fabric of the Commonwealth for a century. *See Rabe v. Shoenberger Coal Co.,* 213 Pa. 252, 256, 62 A. 854, 855 (1906)(Damages resulting from coal extraction). Thus, when the legislature enacted this statutory presumption it doubtless was aware that it was legislating in a field where there were longstanding and well-settled tort causes of action.

Second, the presumption crafted by the legislature in §3218(c) spoke to a fundamental tort concept, causation, and defined a set of circumstances in which causation, an essential element of any common law tort, could be found due to drilling activity which may have affected nearby water wells. Therefore, this presumption spoke directly to an essential element of these common law torts, in a field where tort liability has long existed.

Third, the text and structure of §3218 described it as a broadly remedial measure aimed at protecting water quality for those who resided near drilling sites and relied upon well water. We found that it would be a curious thing for the legislature to create such a broadly remedial measure in a longstanding field of tort litigation but silently deny landowners access to one of these remedial measures, the presumption of causation created by §3218(c). This broadly remedial construction of the statute is further bolstered by its legislative history, a history that is marked by prior action by the legislature to expand the geographic scope of the areas adjacent to gas wells that are embraced by this presumption. This tendency towards express expansion of the geographic scope of the law runs counter to Cabot's claim that the legislature was tacitly restricting the reach of the presumption, and confining that presumption to agency enforcement actions.

Fourth, we noted that after creating this presumption relating to causation, an element of the longstanding torts recognized by Pennsylvania law, the statute also

4

expressly acknowledged that landowners rely upon these other tort remedies, stating that: "Nothing in this section shall prevent a landowner or water purveyor claiming pollution or diminution of a water supply from seeking any other remedy at law or in equity." 58 Pa. C. S. § 3218(f).  Notably, nothing in this statutory text expressly barred the application of this presumption to these other longstanding tort remedies that are available to landowners and are explicitly recognized by the statute.

Fifth and finally, we were guided to this conclusion by a recognition that the presumption of causation created by §3218(c) is an evidentiary rule grounded in the common sense notion that:  "[t]he temporal and physical proximity of the Defendants' actions to the Plaintiffs' harm, in addition to the lack of contemporaneous and alternative sources of the contamination, permit the reasonable inference that the Defendants were responsible for that harm." *Roth v. Cabot Oil & Gas Corp.*, 919 F. Supp. 2d 476, 487 (M.D. Pa. 2013).  Given what this presumption does, we found that it would be anomalous to find that only certain litigants may take advantage of this reasonable inference.

The Defendant has now filed a pretrial memorandum which essentially invites us to reconsider this ruling.  For the reasons set forth below, we will decline this invitation.

5

## II. <u>DISCUSSION</u>

The legal standards that govern motions to reconsider are both clear, and clearly compelling. "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki,* 779 F.2d 906, 909 (3d Cir. 1985). Typically such a motion should only be granted in three, narrowly defined circumstances, where there is either: "(1) [an] intervening change in controlling law, (2) availability of new evidence not previously available, or (3) need to correct a clear error of law or prevent manifest injustice". *Dodge v. Susquehanna Univ.,* 796 F.Supp. 829, 830 (M.D. Pa. 1992 ). As the United States Court of Appeals for the Third Circuit has aptly observed:

> "The purpose of a motion for reconsideration ... is to correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café,* 176 F.3d at 677 (quoting *Harsco Corp. v. Zlotnicki,* 779 F.2d 906, 909 (3d Cir.1985)). "Accordingly, a judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Id.* (citation omitted).

*Howard Hess Dental Laboratories Inc. v. Dentsply Intern., Inc*., 602 F.3d 237, 251 (3d Cir. 2010).

Thus, it is well-settled that a mere disagreement with the court does not translate into the type of clear error of law which justifies reconsideration of a ruling. *Dodge*, 796 F.Supp. at 830. Furthermore, "[b]ecause federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." *Continental Casualty Co. v. Diversified Indus., Inc.,* 884 F.Supp. 937, 943 (E.D. Pa. 1995). Moreover, it is evident that a motion for reconsideration is not a tool to re-litigate and reargue issues which have already been considered and disposed of by the court. *Dodge,* 796 F.Supp. at 830. Rather, such a motion is appropriate only where the court has misunderstood a party or where there has been a significant change in law or facts since the court originally ruled on that issue. *See Above the Belt, Inc. v. Mel Bohannon Roofing, Inc.,* 99 F.R.D. 99, 101 (E.D. Va. 1983).

Judged against these exacting standards, we find that reconsideration of our prior ruling is inappropriate in this case. While we completely acknowledge that this legal issue is not free from doubt, and further concede in large measure the force and vigor of the Defendant's arguments,[1] we find that the Defendant has not

---

[1] We have a single legal quarrel with the arguments made by Defendant in support of this request to reconsider, which suggests that Pennsylvania tort law has never considered allowing Plaintiffs the benefit of any type of permissive inferences or presumptions in tort cases. In our view the doctrine of *res ipsa loquitur*, which is firmly entrenched in Pennsylvania law, is an example of an instance in which commonsense permissive inferences are permitted in tort cases. *Quinby v. Plumsteadville Family Practice, Inc.*, 589 Pa. 183, 907 A.2d 1061 (2006)

7

shown that the demanding legal grounds for a motion to reconsider have been met here. Thus, we find that here has been no intervening change in the controlling law; and we have not been presented with new evidence that was not available when the Court initially ruled. Therefore, we find that there is no need to correct a clear error of law or fact or to prevent manifest injustice by setting aside our prior ruling.

In reaching this result, however, we must emphasize for all parties the very narrow scope of our prior ruling. In this prior decision we simply addressed the question of whether this statutory presumption was legally available to private litigants. We have not addressed the legal and factual issue of whether these Plaintiffs may actually avail themselves of this presumption on the facts presented in this case. On this score, under §3218(c) Plaintiffs must make several showings to take advantage of this presumption. Thus: "Unless rebutted by a defense established in [the statute][2], it shall be presumed that a well operator is responsible

---

[2] By statute: "To rebut the presumption established under subsection (c), a well operator must affirmatively prove any of the following: . . . (i) the pollution existed prior to the drilling or alteration activity as determined by a predrilling or prealteration survey; (ii) the landowner or water purveyor refused to allow the operator access to conduct a predrilling or prealteration survey; (iii) the water supply is not within 1,000 feet of the well; (iv) the pollution occurred more than six months after completion of drilling or alteration activities; and (v) the pollution occurred as the result of a cause other than the drilling or alteration activity." 58 Pa.C.S. § 3218 (d)

for pollution of a water supply if: .... (i) the water supply is within 1,000 feet of an oil or gas well; and (ii) the pollution occurred within six months after completion of drilling or alteration of the oil or gas well." 58 Pa. C. S. § 3218(c).

We specifically place all parties on notice that we are reserving judgment on the question of whether the legal and factual requisites for invoking the presumption have been satisfied until after the close of all the evidence. At that time we will address whether this presumption is available to these Plaintiffs in light of all of the evidence.

### III.  ORDER

AND NOW, this 29th day of February 2016, in accordance with this memorandum the Defendant's request to reconsider is DENIED without prejudice to consideration of this issue at the close of all the evidence.

*<u>Martin C. Carlson</u>*
Martin C. Carlson
United States Magistrate Judge