# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **NOLEN SCOTT ELY, et al.,** | : | Civil No. 3:09-CV-2284 |
| | : | |
| **Plaintiffs** | : | (Magistrate Judge Carlson) |
| | : | |
| v. | : | |
| | : | |
| **CABOT OIL & GAS** | : | |
| **CORPORATION, et al.,** | : | |
| | : | |
| **Defendants** | : | |

## MEMORANDUM ORDER

### I.  INTRODUCTION

Now pending in this case is Cabot Oil & Gas Corporation's motion to release the supersedeas bond that had been ordered in this case following the jury's verdict in favor of the plaintiffs and Cabot's motion to stay execution. Cabot argues that the bond should be released because the Court has ruled on the post-trial motions that were pending in Cabot's favor, thereby vacating the judgment that the supersedeas bond had been securing. The Court agrees that with the judgment for the plaintiffs having been vacated, there is neither need nor legal justification for the supersedeas bond. Accordingly, the motion will be granted.

## II. BACKGROUND

Following a nearly three-week trial in this action, on March 10, 2016, the jury returned a verdict for the plaintiffs and awarded more than $4 million in damages. (Doc. 745.) The Court entered judgment in favor of the plaintiffs the same day. (Doc. 748.) On April 7, 2016, Cabot filed a post-trial motion pursuant to Rules 50 and 59 of the Federal Rules of Civil Procedure seeking judgment as a matter of law in its favor, a new trial, or remittitur of the jury's award. (Doc. 756.) Cabot also filed a motion for a stay of execution on the judgment and filed a supersedeas bond on May 4, 2016. (Doc. 778.) The Court entered an order granting this relief on May 6, 2016. (Docs. 779, 780.)

On March 31, 2017, the Court entered an order vacating the jury's verdict and granted Cabot a new trial. (Docs. 779, 780.) The Court further ordered that the parties engage in settlement proceedings prior rescheduling the case for a new trial. (Doc. 801.)

On April 5, 2017, Cabot sought the plaintiffs' concurrence in releasing the supersedeas bond and discharging the surety, but the plaintiffs refused to concur in this request, asserting that the bond should remain in place while the plaintiffs took an appeal of the Court's ruling on the post-trial motion. Cabot then filed the instant motion to release the supersedeas bond. (Doc. 803.) The plaintiffs have

filed a brief in opposition to the motion, to which Cabot has replied. (Docs. 807, 808.)

## III. DISCUSSION

Pursuant to Rule 62(b) of the Federal Rules of Civil Procedure, a judgment debtor may post a supersedeas bond to secure a stay of judgment pending resolution of post-trial motions filed pursuant to Rules 50 and 59. Fed. R. Civ. P. 62(b). The purpose behind the rule is to preserve the status quo, while at the same time protecting the prevailing party's rights pending the outcome of post-trial motions or appeal. *Arlington Indus., Inc. v. Bridgeport Fittings, Inc.*, No. 01-485, 2010 WL 1329050, at *1 (M.D. Pa. Mar. 29, 2010); *AMG Nat'l Trust Bank v. Ries*, Civ. A. No. 06-CV-4337, 2008 WL 2312351, at *1 (E.D. Pa. June 4, 2008 ("the purpose of the supersedeas bond is to preserve the status quo during the pendency of an appeal and to protect the winning party from the possibility of loss resulting from the delay in execution.").

Because a supersedeas bond is intended to protect the prevailing party's interest during the pendency of post-trial motions, it follows that courts should release the bond when the outstanding judgment that the bond was intended to protect no longer remains. Indeed, numerous courts have so held. *See, e.g., Westerngeco LLC v. Ion Geophysical Corp.*, No. 4:09-CV-1827, 2016, WL 234347, at *6 (S.D. Tex. May 4, 2016); *In re Apollo Grp., Inc. Securities Litig.*,

CV-04-2147, 2009 WL 2169178 (D. Ariz. July 17, 2009) (releasing supersedeas bond after the court vacated its prior judgment on post-trial motions); *Am Fed. Grp., Ltd v. Rothenberg*, No. 91Civ.7860, 1998 WL 273034, at *5 (S.D.N.Y. 1998) ("[T]he bond that was posted was intended to secure a judgment, pending appeal, that has now been vacated. There presently is no judgment of liability against Rothenberg. Accordingly, there is no basis to require that the Bond be maintained."); *Revlon, Inc. v. Carson Prods. Co.*, 647 F. Supp. 905, 906 (S.D.N.Y. 1986) (ordering the release of a supersedeas bond that had been posted by a judgment creditor following a ruling in the judgment debtor's favor on appeal, and finding that the court lacked "power to maintain the bond simply because the appellate decision may be reversed.").

In this case, the judgment in favor of the plaintiffs has been vacated, and there is no judgment that may be secured. The plaintiffs argue that it would be premature to release the bond because they have noted their intention to appeal this Court's ruling on the post-trial motions, but the Court disagrees that this provides a justification for ordering that the bond be maintained. As Cabot correctly observes, orders granting new trials – such as the order that this Court entered – are not appealable prior to entry of a final judgment in the litigation. *See Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 34 (1980) ("An order granting a new trial is interlocutory in nature and therefore no immediately appealable."); *Bethel v.*

4

*McAllister Bros.*, 81 F.3d 376, 382 (3d Cir. 1992) ("an order granting a new trial under Rule 59 is interlocutory and non-appealable."). Since the plaintiffs are not entitled to appeal this Court's order vacating the judgment and ordering a new trial, and because there is no judgment in this action that may be secured, it is appropriate at this time to release the bond.[1]

## IV. ORDER

Accordingly, for the foregoing reasons, Cabot's motion to release the supersedeas bond is GRANTED.

IT IS FURTHER ORDERED THAT the supersedeas bond filed on behalf of Cabot in the amount of $4,296,153, a copy of which was filed with the Court on May 4, 2016 (Doc. 778.) and approved by the Court on May 6, 2016 (Doc. 780.), is hereby RELEASED and is longer of effect.

---

[1] The plaintiffs seem to suggest that they have "the right to exhaust an appeal before the bond is terminated." (Doc. 807, at ¶¶7-8.) That is incorrect. The bond in this case secured the judgment that had been entered, and was obtained in support of Cabot's motion to stay execution of the judgment "pending disposition of the Post-Trial Motion," and during the pendency of any appeal "if the Post-Trial Motion is denied in whole or in part." (Doc. 780, at 1.) The bond thus offered security to ensure that the plaintiffs would be paid only if "Cabot does not, upon the denial of the Post-Trial Motion . . . perfect an appeal or the appeal is dismissed, and it does not pay the judgment amount . . . ." (*Id.*, at 2.) The bond was thus intended to protect the plaintiffs, as the prevailing parties, during the pendency of the post-trial motion, and any potential appeal by Cabot. Since the post-trial motion was ruled upon, and the judgment vacated, there is no judgment to secure. Plaintiffs have offered no legal support for the notion that the bond should be maintained while they pursue an interlocutory appeal that they are not entitled to take in any event.

IT IS FUTHER ORDERED THAT the Liberty Mutual Insurance Company, the surety on the bond, shall have no further liability in this matter and is discharged from any and all liability on the bond.

So Ordered this 26th day of April, 2017.

/s/ *Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge